# EXHIBIT A



**Summit County Court of Common Pleas**
**Civil Division**

Print Form

Reset Form

**Instructions:** Complete the following form and file with the Summit County Clerk of Courts - Civil Divsion, located at: 205 South High Street, 1st Floor, Akron, Ohio 44308.

| Case Caption: | | |
|---|---|---|
| Keren McGirr | | |
| Plaintiff | | |
| | v. | Case Number _____ |
| Munir Trucking and Transport, Inc. | | |
| Defendant | | **INSTRUCTIONS FOR SERVICE** |

**To Clerk**: You are hereby requested to make service upon the following by:

- [ ] FedEx
- [x] Certified Mail
- [ ] Regular Mail
- [ ] Sheriff Service (Personal)
- [ ] Sheriff Service (Personal or Residential)
- [ ] Personal Service (Process Server): _____

**Please Serve the following pleadings:** Summons and Complaint for Personal Injuries

**Parties to be served:**

Name: Munir Trucking & Tranport
Address: c/o Munir A. Stala
Address: 7120 Village Way #812
City: Houston   State TX   Zip 77087

Name: Javvier Ro Yanes
Address: 18339 Forest Dew Drive
Address:
City: Harris   State TX   Zip 77449

Name: Allstate Insurance Company
Address: 16686 Hilltop Park Place
Address:
City: Chagrin Falls   State OH   Zip 44023

Name: Allstate Insurance Company
Address: PO Box 660636
Address:
City: Dallas   State TX   Zip 75266

s/ _____    0034625

by: Attorney for Plaintiff ▼    Supreme Ct #

CV Form 014

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **KEREN MCGIRR** ) | **CASE NO.:** |
| 9839 Spencer Lake Rd. ) | |
| Spencer, OH  44275 ) | **JUDGE** |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT FOR PERSONAL** |
| **vs.** ) | **INJURIES** |
| ) | |
| **MUNIR TRUCKING AND** ) | |
| **TRANSPORT, INC.** ) | **JURY DEMAND ENDORSED HEREON** |
| **C/O ITS STATUTORY AGENT** ) | |
| **MUNIR A. ATALA** ) | |
| **7120 Village Way #812** ) | |
| **Houston, Texas 77087** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **JAVVIER RO YANES** ) | |
| **18339 Forest Dew Drive** ) | |
| **Harris, TX  77449** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY** ) | |
| **16686 Hilltop Park Place** ) | |
| **Chagrin Falls, OHIO 44023** ) | |
| ) | |
| **And** ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY** ) | |
| **P. O. Box 660636** ) | |
| **Dallas, TX  75266** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **JOHN DOE** ) | |
| **Employer of Javvier Ro Yanes** ) | |
| **Address Unknown** ) | |
| ) | |
| **And** ) | |
| ) | |
| **JOHN DOE (1-10)** ) | |
| **Address and Identity Unknown** ) | |

|  | ) |
| And | ) |
|  | ) |
| **JOHN DOES II** | ) |
| **Insurance Company** | ) |
| **Address unknown** | ) |
|  | ) |
|  | ) |
| **Defendants** | ) |

For her Complaint against Defendants, Plaintiff states:

## COUNT I

1. That on or about January 22, 2020, Plaintiff, Keren McGirr, was driving eastbound on 76E in Barberton, Ohio, when the Defendant, Javvier Ro Yanes, was operating a truck owned by Munir Trucking and Transport, Incorporated when he negligently merged into Plaintiff's lane and collided into the left side of Plaintiff's vehicle causing Plaintiff's vehicle to flip and collide into the barrier wall of the highway.

## COUNT II

2. Plaintiff realleges and reavers the foregoing allegations contained in Count I as if fully rewritten herein.

3. At the time of the accident Defendant Javvier Ro Yanes ("Defendant Yanes") was employed by and/or working as an agent of Defendant Munir Trucking and Transport, Incorporated and as such Defendant Munir Trucking and Transport Incorporated ("Defendant Munir Trucking") also is and remains liable for the injuries caused to Plaintiff by Defendant Yanes, while Defendant Yanes was operating a vehicle as an employee and agent of Defendant Munir Trucking.

2

## COUNT III

4.  That the Plaintiff realleges and reavers the foregoing allegations contained in Counts I and II as if fully rewritten herein.

5.   At the time of the accident Plaintiff was insured by the Defendant, Allstate Insurance Company.   Defendant, Allstate Insurance Company, is believed to be the uninsured/undersinsured for Plaintiff in this case and as a result could be liable for injuries sustained by the Plaintiff in the event that Defendants, Yanes and Munir Trucking do not have sufficient resources to cover the damages suffered by Plaintiff.

6.  Under the terms of the automobile insurance policy issued by the Defendant, Allstate Insurance to Plaintiff, said Defendant, Allstate Insurance, has a duty to pay certain expenses and damages that the Plaintiff has incurred as a direct and proximate result of the negligence of an uninsured/underinsured motorist and as a result of medical bills covered under Plaintiff's insurance policy.

## COUNT IV

7.  Plaintiff realleges and revers the foregoing allegations contained in Count I, II and III as if fully rewritten herein.

8.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein being John/Jane Does, one through ten, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true name and capacities, whether individually, corporate or other business form, when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the factiously named Defendants is responsible in some manner for the occurrences herein alleged, and that

3

Plaintiff's damages were proximate thereby, and that each of said fictitious Does were agents of the other.

### COUNT V

9.  Plaintiff realleges and revers the foregoing allegations contained in Count I, II III and IV as if fully rewritten herein.

10. Plaintiff alleges that each of the Defendants was, the agent of each other in all of the actions and matters set forth, and that at all of said times herein mentioned each was acting as the agent of the other, was acting in the course and scope of its/his/her agency with its/his/her principal, and that every act of each Defendants as ratified by the others. Defendants willfully and recklessly exposed Plaintiff to harm.

### COUNT VI

11. Plaintiff realleges and reavers the foregoing allegations contained in Counts I, II, III, IV and V, as if fully rewritten herein.

12. Plaintiff is ignorant of the true names and capacities of the Defendants herein being John Doe, 1-10, John Doe II Insurance Company and John Doe, Employer of Defendant, Javvier Ro Yanes, inclusive and, therefore, sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to allege their  true names and capacities, whether individual, corporate or other business form when  ascertained.  Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the Plaintiff's damages were proximately caused thereby, and that each of said fictitious Does were agents of the other.

4

13.    It is believed or suspected that Defendant, Javvier Ro Yanes, may have been employed and working at the time of the accident, and that as such, Defendant, Javvier Ro Yanes, is also liable to Plaintiff for the injuries sustained in the accident.

### COUNT VII

14.    Plaintiff realleges and revers the foregoing allegations contained in Count I, II, III, IV, V and VI as if fully rewritten herein.

15.    That as a direct and proximate result of the reckless and negligent acts of Defendants, Plaintiff was injured. Plaintiff has sustained permanent injury as a result of Defendants wrongful, negligent and reckless acts.

16.    That by reason of injuries sustained by Plaintiff, Plaintiff required medical care and treatment and will continue to need such care in the future and will incur further and additional expenses of a like nature in the future.

17.    That by reason of the injuries sustained by Plaintiff, Plaintiff has experienced great mental and physical pain and will continue to suffer great mental and physical pain in the future.

18.    That by reasons of the injuries sustained by Plaintiff, Plaintiff suffered loss of income.

19.    That as direct and proximate result of the willful, reckless and negligent acts of the Defendants, Plaintiff incurred medical and hospital expenses exceeding Five Thousand Dollars and 00/100 ($5,000.00) to date, with future expenses as yet undetermined and other damages in an amount exceeding One Hundred and 00/100 Dollars ($100.00), with future damages as yet undetermined. Plaintiff also incurred permanent injuries by reason of the injury. Plaintiff also incurred lost wages.

Sandra Kurt, Summit County Clerk of Courts

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally, in an amount exceeding Fifty Thousand Dollars and 00/100 ($50,000.00), plus punitive damages, attorney fees, costs, interest and such other relief as may be provided by the law.

Respectfully submitted,

**LORRIE E. FUCHS #0034625**
Counsel for Plaintiff
3974 Wales Ave., N.W.
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090
E-mail: lefuchs@sssnet.com

## JURY DEMAND

Plaintiff hereby demands a jury trial on the issues raised herein.

**LORRIE E. FUCHS**
Counsel for Plaintiff

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please serve Defendants by *certified mail return receipt requested* at the address appearing in the Caption of this Complaint.

**LORRIE E. FUCHS**
Counsel for Plaintiff

6

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2022-01-0143

KEREN MCGIRR
9839 Spencer Lake Rd.
Spencer, OH, 44275

-VS-                                                              **SUMMONS**

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston,  TX  77087

**TO the following:**

ALLSTATE INSURANCE COMPANY
16686 Hilltop Park Place
Chagrin Falls, OH  44023

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

LORRIE E FUCHS
3974 WALES AVENUE NW
MASSILLON, OH  44646

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

January 19, 2022

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:    CV-2022-01-0143

KEREN MCGIRR
9839 Spencer Lake Rd.
Spencer, OH, 44275

-VS-                                                                          **SUMMONS**

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston,   TX   77087

**TO the following:**

ALLSTATE INSURANCE COMPANY
PO Box 660636
Dallas, TX   75266

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common
Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

LORRIE E FUCHS
3974 WALES AVENUE NW
MASSILLON, OH   44646

**You are hereby summoned and required to serve upon the attorney listed above, or upon the
party if they have no attorney of record, a copy of an answer to the COMPLAINT within
twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your
answer must be filed with the Court within three days after the service of a copy of the answer on
the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in
the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

January 19, 2022

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER:   CV-2022-01-0143

KEREN MCGIRR
9839 Spencer Lake Rd.
Spencer, OH, 44275

-VS-                                                                    **SUMMONS**

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston,   TX   77087

**TO the following:**

JAVVIER RO YANES
18339 Forest Dew Drive
Harris, TX   77449

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto.   The name and address of the Plaintiff's attorney is:

LORRIE E FUCHS
3974 WALES AVENUE NW
MASSILLON, OH   44646

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service.   Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

January 19, 2022

# IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2022-01-0143

KEREN MCGIRR
9839 Spencer Lake Rd.
Spencer, OH, 44275

-VS-                                                    **SUMMONS**

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston, TX 77087

**TO the following:**

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston, TX 77087

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

LORRIE E FUCHS
3974 WALES AVENUE NW
MASSILLON, OH 44646

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

January 19, 2022

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,

                             Plaintiff,

vs.

MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                             Defendants.

CASE NO.   CV 2022 01 0143

JUDGE KELLY MCLAUGHLIN

**DEFENDANT JAVVIER RO YANES'
ANSWER TO PLAINTIFF'S
COMPLAINT**

**(Jury Demand Endorsed Hereon)**

        Defendant Javvier Ro Yanes ("Defendant"), by and through counsel, presents his Answer to Plaintiff's Complaint as follows:

**ANSWER TO FIRST CLAIM**

    1.      Defendant denies the allegations of Paragraph 1 of Plaintiff's Complaint.

**ANSWER TO SECOND CLAIM**

    2.       Defendant incorporates by reference the averments set forth in Paragraph 1 of this Answer as though fully rewritten herein.

    3.      Defendant denies the allegations of Paragraph 3 of Plaintiff's Complaint.

**ANSWER TO THIRD CLAIM**

    4.      Defendant incorporates by reference the averments set forth in Paragraphs 1 through 3 of this Answer as though fully rewritten herein.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

## ANSWER TO FOURTH CLAIM

7.      Defendant incorporates by reference the averments set forth in Paragraphs 1 through 6 of this Answer as though fully rewritten herein.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

## ANSWER TO FIFTH CLAIM

9.      Defendant incorporates by reference the averments set forth in Paragraphs 1 through 8 of this Answer as though fully rewritten herein.

10.      Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

## ANSWER TO SIXTH CLAIM

11.      Defendant incorporates by reference the averments set forth in Paragraphs 1 through 10 of this Answer as though fully rewritten herein.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.      Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

Sandra Kurt, Summit County Clerk of Courts

## ANSWER TO SEVENTH CLAIM

14.     Defendant incorporates by reference the averments set forth in Paragraphs 1 through 13 of this Answer as though fully rewritten herein.

15.     Defendant denies the allegations of Paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19.     Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

To the extent the evidence establishes the existence of any or more of the following defenses or affirmative defenses, then Plaintiff is barred in whole or in part from obtaining any relief against Defendant:

1.      Insofar as Plaintiff's claims fail to state a claim for relief, Plaintiff is not entitled to the requested relief.

2.      Insofar as Plaintiff's claims are barred by lack of personal jurisdiction, insufficiency of process and/or insufficiency of service of process, Plaintiff is not entitled to the requested relief.

3

3.      Insofar as the incident arose from a sudden emergency, Plaintiff is barred from recovery.

4.      Insofar as Plaintiff was negligent, contributorily negligent, comparatively negligent, Plaintiff is not entitled to the requested relief.

5.      Insofar as Plaintiff assumed the risk of his injuries (express assumption of the risk and/or primary assumption of the risk), Plaintiff is not entitled to the requested relief.

6.      Insofar as Plaintiff has failed to join necessary and/or indispensable parties, Plaintiff is not entitled to the requested relief.

7.      Insofar as Plaintiff lacks standing, and is ultimately not the real party in interest to all or a portion of the claimed damages, Plaintiff is not entitled to the requested relief.

8.      Insofar as Defendant was not negligent, Plaintiff is not entitled to the requested relief.

9.      Insofar as there was an intervening, superseding cause between any conduct of Defendant and Plaintiff's injuries, Plaintiff is not entitled to the requested relief.

10.     Insofar as Plaintiff has failed to mitigate his damages, Plaintiff is not entitled to the requested relief.

11.     Insofar as the condition or conditions causing Plaintiff's injuries was open and obvious, Plaintiff is not entitled to the requested relief.

12.     Insofar as the subject accident was caused by an Act of God, including but not limited to the weather, road conditions, or other conditions, Plaintiff is not entitled to the requested relief.

13.     Insofar as the subject accident was not reasonably foreseeable, or Plaintiff was not a foreseeable plaintiff, then Plaintiff is not entitled to the requested relief.

4

14.      Insofar as Plaintiff's claims are barred or limited by the statute of limitations, waiver, release, covenant, estoppel, collateral estoppel, res judicata, unclean hands, laches, or avoidable consequence, Plaintiff is not entitled to the requested relief.

15.      Insofar as the injuries alleged in Plaintiff's Complaint were caused by persons and/or entities not under the control of Defendants, Plaintiff is not entitled to the requested relief.

16.      Defendant raises each and every affirmative defense applicable under Ohio's tort reform statute, as same may be declared applicable in the instant matter.

17.      Insofar as Plaintiff's claims are barred by lack of personal jurisdiction, insufficiency of process and/or insufficiency of service of process, Plaintiff is not entitled to the requested relief.

18.      Defendant asserts their rights to the "Empty Chair" defense pursuant to Section 2307.23 of the Ohio Revised Code.

19.      Insofar as the statutes relied upon for negligence per se are not the type of statutes to which per se negligence can apply, Plaintiff is not entitled to the requested relief.

20.      Insofar as Plaintiff has been compensated for her alleged injuries, damages and/or expenses, Defendant is entitled to a set-off against such monies paid by any other party or applicable policy of insurance.

21.      Plaintiff's claims are subject to set-off for receipt of collateral benefits under Revised Code Section 2744.01 *et seq.*

22.      Any amount recoverable is limited by the Ohio Tort Reform Act.

23.      Insofar as the claim is a violation of Rule 11 and the claim is also frivolous, justifying sanctions pursuant to R.C. 2323.51, Plaintiff is not entitled to the requested relief.

5

24.     This action is properly venued in the United States District Court for the Northern District of Ohio.

25.     Defendant reserve the right to assert additional Affirmative Defenses as discovery reveals and as the Court permits.

WHEREFORE, Defendant Javvier Ro Yanes prays this Court dismiss Plaintiff's Complaint with prejudice, retain jurisdiction to decide any motion for sanctions that may be filed, and award Defendant their costs, fees, attorney's fees and such other and further relief as this Court deems just and proper.

Respectfully submitted,


 /s/ Moriah Cheatham Williams
Bradley A. Wright (47090)
bwright@ralaw.com
Moriah K. Cheatham Williams (98733)
mcheathamwilliams@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEYS FOR DEFENDANT
JAVVIER RO YANES


## **JURY DEMAND**

Defendant Javvier Ro Yanes, hereby demands a trial by jury as to all claims in this action.


 /s/ Moriah K. Cheatham Williams
One of the Attorneys for Defendants

6

CV-2022-01-0143     MCLAUGHLIN, KELLY     02/23/2022 16:58:17 PM     DANS     Page 7 of 7

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 23rd day of February, 2022.  Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.  Further, copies will be sent via U.S. Mail to unrepresented parties.

Lorrie E. Fuchs, Esq.
3974 Wales Avenue, NW
Massillon, OH  44646
ATTORNEY FOR PLAINTIFF
KEREN MCGIRR

Allstate Insurance Company
16686 Hilltop Park Place
Chagrin Falls, OH  44023
DEFENDANT

Allstate Insurance Company
P.O. Box 660636
Dallas, TX  75266
DEFENDANT

_/s/ Moriah Cheatham Williams_
Bradley A. Wright
Moriah K. Cheatham Williams

17860539 _1  124058.0025

7

Case: 5:22-cv-01891-SL   Doc #: 1-1   Filed: 10/20/22   20 of 142.   PageID #: 25

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,                                 CASE NO.   CV 2022 01 0143

                          Plaintiff,          JUDGE KELLY MCLAUGHLIN

vs.                                           **NOTICE OF APPEARANCE OF
                                              COUNSEL**

MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                          Defendants.

Now come Attorneys Bradley A. Wright and Moriah K. Cheatham Williams of the law

firm Roetzel & Andress, LPA and hereby enter their appearance as counsel for Defendant Javvier

Ro Yanes, in the above-captioned matter.  Please direct all pleadings, notices and correspondence

to the undersigned at the address listed below.

                                      Respectfully submitted,


                                       /s/ Moriah Cheatham Williams
                                      Bradley A. Wright (47090)
                                      bwright@ralaw.com
                                      Moriah K. Cheatham Williams (98733)
                                      mcheathamwilliams@ralaw.com
                                      Roetzel & Andress, LPA
                                      222 South Main Street
                                      Akron, OH  44308
                                      Telephone:  330.376.2700
                                      Facsimile:  330.376.4577
                                      ATTORNEYS FOR DEFENDANT
                                      JAVVIER RO YANES

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 23rd day of February, 2022.  Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.  Further, copies will be sent via U.S. Mail to unrepresented parties.

Lorrie E. Fuchs, Esq.
3974 Wales Avenue, NW
Massillon, OH  44646
ATTORNEY FOR PLAINTIFF
KEREN MCGIRR

Allstate Insurance Company
16686 Hilltop Park Place
Chagrin Falls, OH  44023
DEFENDANT

Allstate Insurance Company
P.O. Box 660636
Dallas, TX  75266
DEFENDANT

/s/ Moriah Cheatham Williams
Bradley A. Wright
Moriah K. Cheatham Williams

17860692 _1  124058.0025

2

0657914487.1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEREN MCGIRR | CASE NO.: CV 2022 01 0143 |
| Plaintiff, | JUDGE: KELLY L. MCLAUGHLIN |
| -VS- | **AUTOMATIC LEAVE TO PLEAD** |
| MUNIR TRUCKING & TRANSPORT, INC., et. al., | |
| Defendants. | |

      The undersigned counsel for Defendant Allstate Fire and Casualty Insurance Company does hereby respectfully request that Defendant Allstate Fire and Casualty Insurance Company be granted an automatic 21 day leave until April 11, 2022 to move or plead to answer the Complaint.

      The defendant has previously been granted 0 leaves to plead for a total of 21 days

.

                                      /s/ /s/ *Andrew S. Ledebur*
                                      Andrew S. Ledebur, Esq. (0095770)
                                      P.O. Box 832
                                      Hudson, OH 44236
                                      (330) 217-4330
                                      Attorney for Defendant Allstate Fire and Casualty Insurance Company

NOTE: The court may terminate or shorten any leave to plead when, in its discretion, excessive time has been requested.

0657914487.1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR

   Plaintiff,

-VS-

MUNIR TRUCKING & TRANSPORT,
INC., et. al.,

   Defendants.

CASE NO.: CV 2022 01 0143

JUDGE: KELLY L. MCLAUGHLIN

**NOTICE OF APPEARANCE
OF COUNSEL**

      Now comes Andrew S. Ledebur, P.O. Box 832, Hudson, OH, 44236, and hereby enters a

notice of appearance of counsel for Defendant, ALLSTATE INSURANCE COMPANY.

/s/ *Andrew S. Ledebur*
_____
Andrew S. Ledebur/0095770
P.O. Box 832
Hudson, OH 44236
Telephone: (234) 571-7492
Fax Number: (877) 584-3080
Email: aledg@allstate.com
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certified that a copy of the foregoing Notice of Appearance of Counsel was

served by ordinary U.S. Mail and/or electronic mail on March 21, 2022, to the following:

Attorney for Plaintiff
Lorrie Fuchs, Esq.
3974 Wales Ave NW,
Massillon, OH 44646

/s/ *Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

0657914487.1

### IN THE COURT OF COMMON PLEAS
### SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEREN MCGIRR | CASE NO. CV 2022 01 0143 |
|    Plaintiff, | JUDGE: KELLY L. MCLAUGHLIN |
| -VS- | **ANSWER OF DEFENDANT WITH REQUEST FOR DEMAND FOR JUDGMENT AND NOTICE OF SERVICE OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| MUNIR TRUCKING & TRANSPORT, INC., et. al., | |
|    Defendants. | **(JURY DEMAND ENDORSED HEREON)** |

Now comes Defendant, ALLSTATE INSURANCE COMPANY, and for Defendant's Answer to Plaintiff's Complaint admits Plaintiff was involved in an automobile accident on or about January 22, 2020. Defendant denies all other allegations of the Complaint except those admitted to be true. Further answering, Defendant has insufficient knowledge and information to form a belief as to the other allegations of the Complaint; therefore, and for purposes of demanding strict proof, Defendant denies all the allegations of the Complaint except those admitted to be true herein.

### AFFIRMATIVE DEFENSES

Defendant, ALLSTATE INSURANCE COMPANY, by and through the undersigned counsel, as Affirmative Defenses states and alleges as follows:

1

2. As an affirmative defense, Defendant says that Plaintiff operated a motor vehicle in a negligent manner and that such negligence is a contributing cause, if not the sole proximate cause, of the injuries and damages alleged; that such negligence exceeds the negligence, if any, of Defendant and that judgment should be entered for this answering Defendant, or in the alternative, Plaintiff's damages should be reduced by the degree of Plaintiff's negligence.

3. As an affirmative defense, Defendant says the complaint fails to state a claim against Defendant upon which relief can be granted.

4. As an affirmative defense, Defendant says Plaintiff failed to join necessary parties, pursuant to Rules 19 and 19.1 of the Ohio Rules of Civil Procedure.

5. As an affirmative defense, Defendant states that Plaintiff failed to use reasonable efforts to mitigate their damages by reason of which their recovery is barred.

6. As an affirmative defense, Defendant says there is insufficiency of service of process and lack of service of process against Defendant.

7. Defendant reserves the right to add additional defenses as the facts of this matter are discovered.

/s/ *Andrew S. Ledebur*

Andrew S. Ledebur/0095770
P.O. Box 832
Hudson, OH 44236
Telephone:  (234) 571-7492
Fax Number:  (877) 584-3080
Email:  aledg@allstate.com
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## JURY DEMAND

In accordance with Rule 38(B) of the Ohio Rules of Civil Procedure, Defendant hereby demands that all of the issues triable in this case be tried by a jury.

*/s/ Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## REQUEST FOR DEMAND FOR JUDGMENT
## UNDER OHIO CIVIL RULE 8(A)

Now comes Defendant, ALLSTATE INSURANCE COMPANY, by and through counsel, and, pursuant to Ohio Civil Rule 8(A), hereby requests Plaintiff to provide a demand for judgment of the specific amount which Plaintiff seeks to recover from this requesting Defendant.

*/s/ Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## NOTICE OF SERVICE INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes Defendant, ALLSTATE INSURANCE COMPANY, by and through counsel, and pursuant to Ohio Civil Rules 33 and 34, hereby serves notice of service of Interrogatories and Request for Production of Documents upon Plaintiff's attorney along with a copy of this Answer.

*/s/ Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Answer was served by ordinary U.S. Mail

and/or electronic mail on April 1, 2022, to the following:

Attorney for Plaintiff
Lorrie Fuchs, Esq.
3974 Wales Ave NW,
Massillon, OH 44646

/s/ *Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

0657914487.1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR

  Plaintiff,

-VS-

MUNIR TRUCKING & TRANSPORT,
INC., et. al.,

  Defendants.

CASE NO.: CV 2022 01 0143

JUDGE: KELLY L. MCLAUGHLIN

**NOTICE OF APPEARANCE
OF COUNSEL**

     Now comes Andrew S. Ledebur, P.O. Box 832, Hudson, OH, 44236, and hereby enters a

notice of appearance of counsel for Defendant, ALLSTATE INSURANCE COMPANY.

/s/ *Andrew S. Ledebur*
Andrew S. Ledebur/0095770
P.O. Box 832
Hudson, OH 44236
Telephone:  (234) 571-7492
Fax Number:  (877) 584-3080
Email:  aledg@allstate.com
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certified that a copy of the foregoing Notice of Appearance of Counsel was

served by ordinary U.S. Mail and/or electronic mail on April 1, 2022, to the following:

Attorney for Plaintiff
Lorrie Fuchs, Esq.
3974 Wales Ave NW,
Massillon, OH 44646


/s/ *Andrew S. Ledebur*
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

ISSUE DATE: 05/26/2017

POLICY NUMBER:  I-563440001-1

**COMMERCIAL AUTO**



# BUSINESS AUTO DECLARATIONS

## Canal Insurance Company

STOCK COMPANY
P O BOX 7, GREENVILLE, SC 29602
400 EAST STONE AVENUE, GREENVILLE, SC 29601
(864) 242-5365

**ITEM ONE:**  Named Insured and Mailing Address

☐ For additional named insureds see IL 04 CW

Munir Trucking And Transport Incorporated
11300 Beaumont Hwy
Houston, TX 77078

Agent of the Insured:

Saver Insurance - 12048
P. O. BOX 2785
Cedar Park, TX, 78630

Phone #:

Physical Address (if different)

11300 Beaumont Hwy
Houston, TX 77078

General Agent:

Litchfield Special Risks, Inc. - 42323
P.O. Box 13225
El Paso, TX, 79913

Policy Period:
From   05/31/2017          at  12:01 A.M.   to   05/31/2018
at    12:01 AM    , standard time at your mailing address shown above.

Form of Business:   ☒ Corporation   ☐ Partnership   ☐ Limited Liability Company   ☐ Individual
                    ☐ Trust         ☐ Joint Venture  ☐ Other (specify)

| BUSINESS DESCRIPTION | Trucking For Hire - Non-Exempt |
|---|---|

| FORMS APPLICABLE TO THIS COVERAGE PART: | SEE IL 03 CW |
|---|---|

PREMIUM

COMMERCIAL AUTOMOBILE COVERAGE PART    $
                                        $
                        TX ABTPA        $
                                        $
                                        $

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

*Sandra Kurt, Summit County Clerk of Courts*

POLICY NUMBER: _____I-563440001-1_____

## ITEM TWO
## SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.

| COVERAGES | COVERED AUTOS** | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
|---|---|---|---|
| LIABILITY | 7 9 10 | $ 1,000,000 CSL | |
| PERSONAL INJURY PROTECTION (or equivalent No-fault Coverage) | 7 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $ DED. | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent added No-fault Coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT. | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ DED. FOR EACH ACCIDENT. | |
| AUTO MEDICAL PAYMENTS | | $ | |
| MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia only) | | SEPARATELY STATED IN EACH MEDICAL EXPENSE AND INCOME LOSS BENEFITS ENDORSEMENT. | |
| UNINSURED MOTORISTS | 7 | $ 30,000/60,000/25,000 | |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE | 7 | ACTUAL CASH VALUE, COST OF REPAIR OR STATED VALUE WHICHEVER IS LESS, MINUS THE DEDUCTIBLE FOR EACH COVERED AUTO. See ITEM FOUR For Hired Or Borrowed "Autos". See ITEM SEVEN for "trailers" you do not own while attached to a covered "auto". | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE | | ACTUAL CASH VALUE, COST OF REPAIR OR STATED VALUE WHICHEVER IS LESS, MINUS THE DEDUCTIBLE FOR EACH COVERED AUTO. See ITEM FOUR For Hired Or Borrowed "Autos". See ITEM SEVEN for "trailers" you do not own while attached to a covered "auto". | |
| PHYSICAL DAMAGE COLLISION COVERAGE | 7 | ACTUAL CASH VALUE, COST OF REPAIR OR STATED VALUE WHICHEVER IS LESS, MINUS THE DEDUCTIBLE FOR EACH COVERED AUTO. See ITEM FOUR For Hired Or Borrowed "Autos". See ITEM SEVEN for "trailers" you do not own while attached to a covered "auto". | |
| TRAILER INTERCHANGE FOR ☐ COMPREHENSIVE or ☐ SPECIFIED CAUSES OF LOSS and ☐ COLLISION | | ACTUAL CASH VALUE, COST OF REPAIR OR $_____ WHICHEVER IS LESS, MINUS $1,000 DED. FOR EACH COVERED "TRAILER". | |
| | | **PREMIUM FOR ENDORSEMENTS** | |
| | | **\*ESTIMATED TOTAL PREMIUM** | |

\*This policy may be subject to final audit. \*\* Entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form shows which autos are covered autos

*Sandra Kurt, Summit County Clerk of Courts*

POLICY NUMBER:  I-563440001-1

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS**

| Covered Auto No. | Class Code | DESCRIPTION | | TERRITORY |
|---|---|---|---|---|
| | | **Year, Model, Trade Name, Body Type** **Serial Number (S) Vehicle Identification Number (VIN)** | | **Town & State** **Where The Covered Auto Will Be Principally Garaged** |
| See IA 43 CW | | | | |

| | CLASSIFICATION | | | | |
|---|---|---|---|---|---|
| Covered Auto No. | Radius Of Operation | Business Class | Vehicle Type | Description of Cargo | **EXCEPT For** **Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below As Interests May Appear At The Time Of The Loss.** |
| See IA 43 CW | | | | | |

**COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.)**

| Covered Auto No. | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | PROPERTY PROTECTION (Michigan Only) | |
|---|---|---|---|---|---|---|---|
| | Limit | Premium | Limit Stated In Each P.I.P. End. Minus Deductible Shown Below | Premium | Limit Stated In Each Added P.I.P. End. Premium | Limit Stated In P.P.I. End. Minus Deductible Shown Below | Premium |
| See IA 43 CW | | | | | | | |
| **Total Premium** | | $ ▬▬▬ | | $ ▬▬ | $ | | $ |

IA 01 CW 1115          Includes copyrighted material of Insurance Services Office, Inc., with its permission.          Page 3 of 6

*Sandra Kurt, Summit County Clerk of Courts*

POLICY NUMBER:    I-563440001-1

**ITEM THREE**

**SCHEDULE OF COVERED AUTOS (Cont'd)**

| Covered Auto No. | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | |
|---|---|---|---|---|
| | **AUTO MEDICAL PAYMENTS** | | **MEDICAL EXPENSE AND INCOME LOSS BENEFITS (Virginia Only)** | |
| | **Limit** | **Premium** | **Limit Stated In Each Medical Expense And Income Loss Endorsement For Each Person** | **Premium** |
| See IA 43 CW | | | | |
| **Total Premium** | | $ | | $ |

| Covered Auto No. | COVERAGES – PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead.) | | | | |
|---|---|---|---|---|---|
| | ☐ OCN  ☒ Stated Value | ☒ COMPREHENSIVE  ☐ SPECIFIED CAUSES OF LOSS | | **COLLISION** | |
| | | **Deductible** | **Premium** | **Deductible** | **Premium** |
| See IA 43 CW | | | | | |
| **Total Premium** | | | $ ▮▮▮▮ | | $ ▮▮▮▮ |

Note

The amount shown in the Schedule or in the Declarations is not necessarily the amount you will receive at the time of "loss" for the described property. Please refer to the Limit Of Insurance and Deductible Provision stated in the Business Auto Coverage Form.

*Sandra Kurt, Summit County Clerk of Courts*

POLICY NUMBER:   I-563440001-1

## ITEM FOUR

## SCHEDULE OF HIRED OR BORROWED COVERED AUTO COVERAGE AND PREMIUMS

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Auto Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **ESTIMATED ANNUAL COST OF HIRE** | **RATE PER $100 COST OF HIRE** | **PREMIUM** |
| PRIMARY COVERAGE | $ | | |
| EXCESS COVERAGE | $ | | |
| | | **TOTAL HIRED AUTO PREMIUM:** | |

For "autos" used in your motor carrier operations, cost of hire means:
1. The total dollar amount of costs you incurred for the hire of automobiles (includes "trailers" and semitrailers) and, if not included therein,
2. The total remunerations of all operators and drivers' helpers, of hired automobiles, whether hired with a driver by lessor or an "employee" of the lessee, or any other third party, and
3. The total dollar amount of any other costs (e.g., repair, maintenance, fuel, etc.) directly associated with operating the hired automobiles, whether such costs are absorbed by the "insured", paid to the lessor or owner, or paid to others.

| Covered Autos Liability Coverage – Cost Of Hire Rating Basis For Auto NOT Used In Your Motor Carrier Operations (Other Than Mobile Or Farm Equipment) | | | |
|---|---|---|---|
| **COVERED AUTOS LIABILITY COVERAGE** | **ESTIMATED ANNUAL COST OF HIRE** | **RATE PER $100 COST OF HIRE** | **PREMIUM** |
| PRIMARY COVERAGE | $ | $ | $ |
| EXCESS COVERAGE | $ | $ | $ |
| | | **TOTAL HIRED AUTO PREMIUM:** | $ |

For "autos" **NOT** used in your motor carrier operations, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for services performed by motor carriers of property or passengers.

| Physical Damage Coverages – Cost Of Hire Rating Basis For All Autos (Other Than Mobile Or Farm Equipment) | | | | |
|---|---|---|---|---|
| **COVERAGE** | **LIMIT OF INSURANCE** | **ESTIMATED ANNUAL COST OF HIRE (EXCLUDING AUTOS HIRED WITH A DRIVER)** | **RATE PER $100 COST OF HIRE** | **PREMIUM** |
| COMPREHENSIVE | ACTUAL CASH VALUE, COST OF REPAIR, OR $_____ WHICHEVER IS LESS, MINUS $_____ FOR EACH COVERED AUTO. | $ | $ | $ |
| SPECIFIED CAUSES OF LOSS | | $ | $ | $ |
| COLLISION | | $ | $ | $ |
| | | | **TOTAL HIRED AUTO PREMIUM** | $ |

For Physical Damage Coverages, cost of hire means the total amount you incur for the hire of "autos" you don't own (not including "autos" you borrow or rent from your partners or "employees" or their family members). Cost of hire does not include charges for any "auto" that is leased, hired, rented or borrowed with a driver.

*Sandra Kurt, Summit County Clerk of Courts*

POLICY NUMBER:    I-563440001-1

## ITEM FIVE

### SCHEDULE FOR NON-OWNERSHIP LIABILITY

| RATING BASIS | NUMBER | PREMIUM |
|---|---|---|
| Number Of Employees | 14 | $ |
| Number Of Partners | | $ |
| | TOTAL PREMIUM | $ |

## ITEM SIX

### TRAILER INTERCHANGE COVERAGE

| COVERAGES | LIMIT OF INSURANCE THE MOST WE WILL PAY DEDUCTIBLE | ESTIMATED EXPOSED VALUE* | RATE - % OF EXPOSED VALUE | PREMIUM |
|---|---|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE, COST OF REPAIR OR $_____ WHICHEVER IS LESS, MINUS $1,000 DED. FOR EACH COVERED "TRAILER". | $ | | $ |
| SPECIFIED CAUSES OF LOSS | | $ | | $ |
| COLLISION | | $ | | $ |
| | | | TOTAL PREMIUM | $ |

**\*Estimated exposed value is the stated limit times the number of tractors insured for liability coverage on the policy.**

## ITEM SEVEN

### TRAILERS YOU DO NOT OWN WHILE ATTACHED TO A COVERED AUTO

| COVERAGES | LIMIT OF INSURANCE THE MOST WE WILL PAY DEDUCTIBLE | ESTIMATED EXPOSED VALUE* | RATE - % OF EXPOSED VALUE | PREMIUM |
|---|---|---|---|---|
| COMPREHENSIVE | ACTUAL CASH VALUE, COST OF REPAIR OR $_____ WHICHEVER IS LESS, MINUS $1,000 DEDUCTIBLE FOR EACH COVERED "TRAILER". | $ | | $ |
| SPECIFIED CAUSES OF LOSS | | $ | | $ |
| COLLISION | | $ | | $ |
| | | | TOTAL PREMIUM | $ |

**\*Estimated exposed value is the stated limit times the number of tractors insured for liability coverage on the policy.**

*Sandra Kurt, Summit County Clerk of Courts*



Claim# __0657914487_____

To Whom It May Concern:

I, __Amit Amolik____, employee of Allstate Insurance Company Irving, Texas,

do certify that the enclosed is a copy of policy and or declaration page for the above

claim number, showing the coverages that were on the policy at the time of loss

of __01/22/2020_____.


*Amit Amolik*
_____
Claim Support


State of Texas, County of Dallas

On this ____21st_____ day of ____March_____ 2022, before me personally

appeared __Amit Amolik_____ to me known to be the person who executed the

foregoing instrument and acknowledged that he/she executed the same as a free act

and deed.

OLIVIA . LEACH
Notary Public, State of Texas
Comm. Expires 01-15-2024
Notary ID 132316117

*Olivia Leach*
_____
Notary Public

Confidential Information



*Integrity Ins Agy*
*16686 Hilltop Pk Pl*
*Chagrin Falls OH 44023-4500*

Information as of December 17, 2019

Policyholder(s)                    Page **1** of 2

**Ronald  McGirr, Keren  McGirr**

Policy number

**980 072 593**

Your Allstate agency is
**Integrity Ins Agy**
(440) 247-1777
bblum@allstate.com

RONALD & KEREN MCGIRR
5306 TAYLOR RD
NORTON OH 44203-7759

# Thank you for being a loyal Allstate customer—we're happy to have you with us!

Here's your automobile insurance renewal offer for the next six months. I've also included a guide to what's in this package and answers to some common questions.

## Renewing your policy is easy

Keep an eye out for your bill, which should arrive in a couple weeks. Just send your payment by the due date on your bill.

If you're enrolled in the Allstate® Easy Pay Plan, you won't receive a bill—we'll send you a statement with your payment withdrawal schedule.

## How to contact us

Give me a call at (440) 247-1777 if you have any questions. It's my job to make sure you're in good hands.

(ed. 2)

Sincerely,

Integrity Ins Agy
Your Allstate Agent

RA719-1



Policy number:           **980 072 593**                                    Page **2** of 2
Policy effective date:    January 17, 2020

# Your Insurance Coverage Checklist

We're happy to have you as an Allstate customer! This checklist outlines what's in this package and provides answers to some basic questions, as well as any "next steps" you may need to take.

☐ **What's in this package?**
See the guide below for the documents that are included. ***Next steps:*** review your *Policy Declarations* to confirm you have the coverages, coverage limits, premiums and savings that you requested and expected. Read any *Endorsements* or *Important Notices* to learn about new policy changes, topics of special interest, as well as required communications. Keep all of these documents with your other important insurance papers.

☐ **Am I getting all the discounts I should?**
Confirm with your Allstate Agent that you're benefiting from all the discounts you're eligible to receive.

☐ **What about my bill?**
Unless you've already paid your premium in full, we'll send your bill separately. ***Next steps:*** please pay the minimum amount by the due date listed on it.

You can also pay your bill online at allstate.com or by calling 1-800-ALLSTATE (1-800-255-7828). Para español, llamar al 1-800-979-4285. If you're enrolled in the Allstate® Easy Pay Plan, we'll send you a statement detailing your payment withdrawal schedule.

☐ **What if I have questions?**
You can either contact your Allstate Agent or call us 24/7 at 1-800-ALLSTATE (1-800-255-7828) – para español, llamar al 1-800-979-4285 – with questions about your coverage, or to update your coverages, limits, or deductibles. Or visit us online at allstate.com.

# A guide to your renewal package






**Proof of Insurance ID Cards**
Your insurance cards are legally required, so please keep them in your vehicle at all times.

**Policy Declarations***
The Policy Declarations lists policy details, such as your specific drivers, vehicles and coverages.

**Important Notices**
We use these notices to call attention to particularly important coverages, policy changes and discounts.

**Insurance Made Simple**
Insurance seem complicated? Our online guides explain coverage terms and features:
www.allstate.com/madesimple
Espanol.allstate.com/facildeentender

***\* To make it easier to see where you may have gaps in your protection, we've highlighted any coverages you do not have in the Coverage Detail section in the enclosed Policy Declarations.***

027 010 034
19127IA302269
0000000430226902701000191217014858003034001090197350 0

# Thank you for choosing Allstate



## Proof of Insurance Card

Page **1** of 4

For your convenience, two insurance cards have been included for each vehicle. State law requires that one of these cards be kept in each vehicle. Please place them in your vehicles by the effective date.

IDOH

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**1998 Chevrolet Corvette**
VEHICLE ID NUMBER
**1G1YY22G4W5107641**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**1998 Chevrolet Corvette**
VEHICLE ID NUMBER
**1G1YY22G4W5107641**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2014 Ford Truck F150 4Wd**
VEHICLE ID NUMBER
**1FTFW1ET9EKG44304**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2014 Ford Truck F150 4Wd**
VEHICLE ID NUMBER
**1FTFW1ET9EKG44304**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2017 Fiat 500X**
VEHICLE ID NUMBER
**ZFBCFYDB5HP590482**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2017 Fiat 500X**
VEHICLE ID NUMBER
**ZFBCFYDB5HP590482**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2003 Ford Mustang**
VEHICLE ID NUMBER
**1FAFP44493F371286**

*This card must be carried in the vehicle at all times as evidence of insurance.*

---

### Ohio Auto Insurance Identification Card

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

POLICY NUMBER
**980 072 593**
EFFECTIVE DATE
**01/17/20**
EXPIRATION DATE
**07/17/20**

YEAR / MAKE / MODEL
**2003 Ford Mustang**
VEHICLE ID NUMBER
**1FAFP44493F371286**

*This card must be carried in the vehicle at all times as evidence of insurance.*



Policy number: **980 072 593**                                                Page **2** of 4
Policy effective date:    January 17, 2020

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**
- Get medical attention if needed.
- Notify the police immediately.
- Obtain names, addresses, phone numbers (work & home) and license plate numbers of all persons involved, including passengers and witnesses.
- Call 1-800-ALLSTATE (1-800-255-7828), logon to allstate.com or contact your Allstate agent as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

027 010 034
191217A302269
10000O0A302269O27OH0O019121701485800303040200901973611

Policy number: **980 072 593**
Policy effective date: January 17, 2020



# Proof of Insurance Card

Page **3** of 4

For your convenience, two insurance cards have been included for each vehicle. State law requires that one of these cards be kept in each vehicle. Please place them in your vehicles by the effective date.

IDOH



*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*



*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*



*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

---

**Ohio Auto Insurance**
**Identification Card**



Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

| POLICY NUMBER | YEAR / MAKE / MODEL |
|---|---|
| **980 072 593** | **2003 Jeep Grnd Cheroke** |
| EFFECTIVE DATE | VEHICLE ID NUMBER |
| **01/17/20** | **1J4GW48S33C542278** |
| EXPIRATION DATE | |
| **07/17/20** | |

*This card must be carried in the vehicle at all times as evidence of insurance.*

**Ohio Auto Insurance**
**Identification Card**

Allstate Fire and Casualty Insurance Company
**Ronald and Keren McGirr**
**5306 Taylor Rd**
**Norton OH 44203-7759**

| POLICY NUMBER | YEAR / MAKE / MODEL |
|---|---|
| **980 072 593** | **2003 Jeep Grnd Cheroke** |
| EFFECTIVE DATE | VEHICLE ID NUMBER |
| **01/17/20** | **1J4GW48S33C542278** |
| EXPIRATION DATE | |
| **07/17/20** | |

*This card must be carried in the vehicle at all times as evidence of insurance.*



*Sandra Kurt, Summit County Clerk of Courts*

Policy number:    **980 072 593**    Page **4** of 4
Policy effective date:    January 17, 2020

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

*Please use the printed Insurance Cards below.*

**If you have an accident or loss:**

• Get medical attention if needed.

• Notify the police immediately.

• Obtain names, addresses, phone numbers (work & home) and
license plate numbers of all persons involved, including
passengers and witnesses.

• Call 1-800-ALLSTATE (1-800-255-7828),
logon to allstate.com or contact your Allstate agent
as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

**If you have an accident or loss:**

• Get medical attention if needed.

• Notify the police immediately.

• Obtain names, addresses, phone numbers (work & home) and
license plate numbers of all persons involved, including
passengers and witnesses.

• Call 1-800-ALLSTATE (1-800-255-7828),
logon to allstate.com or contact your Allstate agent
as soon as possible.

    Integrity Ins Agy
    (440) 247-1777
    16686 Hilltop Pk Pl
    Chagrin Falls, OH 44023-4500

# Renewal auto policy declarations

Your policy effective date is January 17, 2020



Platinum   Gold   Standard   Silver



You're in good hands.

Page **1** of 8

Information as of December 17, 2019

## Total Premium for the Policy Period

Please review your insured vehicles and verify their VINs are correct.

| Vehicles covered | Identification Number (VIN) | Premium |
|---|---|---|
| 2003 Jeep Grnd Cheroke | 1J4GW48S33C542278 | $254.09 |
| 1998 Ford Mustang | 1FAFP42X8WF159433 | 31.19 |
| 2003 Ford Mustang | 1FAFP44493F371286 | 184.47 |
| 2017 Fiat 500X | ZFBCFYDB5HP590482 | 570.23 |
| 2014 Ford Truck F150 4Wd | 1FTFW1ET9EKG44304 | 618.70 |
| 1998 Chevrolet Corvette | 1G1YY22G4W5107641 | 523.35 |
| Additional coverages | | 9.99 |
| **If you pay in installments*** | | **$2,192.02** |
| **If you pay in full (includes FullPay® Discount)** | | **$1,980.11** |

*\* Your bill will be mailed separately. Before making a payment, please refer to your latest bill, which includes payment options and installment fee information. If you do not pay in full, you will be charged an installment fee(s).*

## Discounts (included in your total premium)

| | | | |
|---|---|---|---|
| Allstate Easy Pay Plan | **$158.43** | Multiple Policy | **$371.78** |
| Responsible Payer | **$111.21** | Homeowner | **$111.21** |
| Preferred Package | **$40.21** | Passive Restraint | **$14.43** |
| Antilock Brakes | **$184.25** | New Car | **$24.35** |
| Electronic Stability Control | **$99.93** | | |
| **Total discounts** | | | **$1,115.86** |

| Policy discounts | | | $792.84 |
|---|---|---|---|
| Allstate Easy Pay Plan | $158.43 | Homeowner | $111.21 |
| Multiple Policy | $371.78 | Preferred Package | $40.21 |
| Responsible Payer | $111.21 | | |

| 2003 Jeep Grnd Cheroke discounts | | | $23.11 |
|---|---|---|---|
| Passive Restraint | $3.18 | Antilock Brakes | $19.93 |

| 2003 Ford Mustang discounts | | | $22.37 |
|---|---|---|---|
| Passive Restraint | $3.59 | Antilock Brakes | $18.78 |

| 2017 Fiat 500X discounts | | | $111.03 |
|---|---|---|---|
| Passive Restraint | $3.06 | Antilock Brakes | $49.53 |

*(continued)*

## Summary

Named Insured(s)
**Ronald  McGirr, Keren  McGirr**

Mailing address
**5306 Taylor Rd**
**Norton OH 44203-7759**

Policy number
**980 072 593**

Your policy provided by
**Allstate Fire and Casualty Insurance Company**

Policy period
Beginning **January 17, 2020** through **July 17, 2020** at 12:01 a.m. standard time

Your Allstate agency is
**Integrity Ins Agy**
16686 Hilltop Pk Pl
Chagrin Falls OH 44023-4500
(440) 247-1777
bblum@allstate.com

**Some or all of the information on your Policy Declarations is used in the rating of your policy or it could affect your eligibility for certain coverages. Please notify us immediately if you believe that any information on your Policy Declarations is incorrect. We will make corrections once you have notified us, and any resulting rate adjustments, will be made only for the current policy period or for future policy periods. Please also notify us immediately if you believe any coverages are not listed or are inaccurately listed.**



OHO10RBD

Renewal auto policy declarations                                                          Page **2** of 8
Policy number:        | 980 072 593 |
Policy effective date:     January 17, 2020

| **2017 Fiat 500X discounts** | | | **$111.03** |
|---|---|---|---|
| New Car | $24.35 | Electronic Stability Control | $34.09 |

| **2014 Ford Truck F150 4Wd discounts** | | | **$85.65** |
|---|---|---|---|
| Passive Restraint | $1.68 | Antilock Brakes | $49.89 |
| Electronic Stability Control | $34.08 | | |

| **1998 Chevrolet Corvette discounts** | | | **$80.80** |
|---|---|---|---|
| Passive Restraint | $2.92 | Antilock Brakes | $46.12 |
| Electronic Stability Control | $31.76 | | |

### *Listed drivers on your policy\**

**Ronald McGirr** - Married male driver, age 52

**Keren McGirr** - Married female driver, age 44

*\*Are there licensed drivers <u>not listed above</u> who either reside in your household (even if temporarily away from home) or are guests staying in your home for an extended period? If so, please contact us so your policy information and coverage is up to date. There are circumstances under which a loss may not be covered by this policy because the auto was being operated by someone residing at your house who is not listed on the policy. Additional detail about how we treat undisclosed drivers can be found in your policy.*

### *Excluded drivers from your policy*

None

027 010 034
19127A302269
100000A302269027OH0001912170148580030340040090197373700     OH0108BD

Renewal auto policy declarations
Policy number:  **980 072 593**
Policy effective date:  January 17, 2020

Page **3** of 8



## Coverage detail for 2003 Jeep Grnd Cheroke

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $239.65 |
| • Bodily Injury | $25,000 each person | | |
| | $50,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | **Not purchased*** | | |
| Auto Comprehensive Insurance | **Not purchased*** | | |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |
| Uninsured Motorists Insurance | | | |
| • Property Damage | $25,000 each accident | $250 | $7.00 |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $1,000 each person | Not applicable | $7.44 |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2003 Jeep Grnd Cheroke** | | | **$254.09** |

**\* This coverage can provide you with valuable protection.  To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1J4GW48S33C542278

## Coverage detail for 1998 Ford Mustang

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | Suspended |
| • Bodily Injury | $25,000 each person | | |
| | $50,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | **Not purchased*** | | |
| Auto Comprehensive Insurance | Actual cash value | $1,000 | $31.19 |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |

*(continued)*

OHO10RBD



Renewal auto policy declarations
Policy number:          **980 072 593**
Policy effective date:    January 17, 2020

Page **4** of 8

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Uninsured Motorists Insurance | | | |
| • Property Damage | $25,000 each accident | $250 | Suspended |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $1,000 each person | Not applicable | Suspended |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 1998 Ford Mustang** | | | **$31.19** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1FAFP42X8WF159433

# Coverage detail for 2003 Ford Mustang

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $169.09 |
| • Bodily Injury | $25,000 each person | | |
| | $50,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | **Not purchased*** | | |
| Auto Comprehensive Insurance | **Not purchased*** | | |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |
| Uninsured Motorists Insurance | | | |
| • Property Damage | $25,000 each accident | $250 | $7.00 |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $1,000 each person | Not applicable | $8.38 |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2003 Ford Mustang** | | | **$184.47** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1FAFP44493F371286

Renewal auto policy declarations
Policy number: **980 072 593**
Policy effective date: January 17, 2020

Page **5** of 8



## Coverage detail for 2017 Fiat 500X

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $178.25 |
| • Bodily Injury | $100,000 each person<br>$300,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $267.77 |
| Auto Comprehensive Insurance | Actual cash value | $0 | $117.08 |
| Collision for Custom Equipment | **Not purchased\*** | | |
| Comprehensive for Custom Equipment | **Not purchased\*** | | |
| Roadside Coverage | **Not purchased\*** | | |
| Transportation Expense | **Not purchased\*** | | |
| Auto Replacement Protection | **Not purchased\*** | | |
| Automobile Medical Payments | $1,000 each person | Not applicable | $7.13 |
| Portable Electronics and Media | **Not purchased\*** | | |
| Sound System | **Not purchased\*** | | |
| **Total premium for 2017 Fiat 500X** | | | **$570.23** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** ZFBCFYDB5HP590482

**Lienholder**
Chrysler Capital

**Interested party**
Chrysler Capital

## Coverage detail for 2014 Ford Truck F150 4Wd

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $141.30 |
| • Bodily Injury | $25,000 each person<br>$50,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $307.77 |
| Auto Comprehensive Insurance | Actual cash value | $250 | $165.71 |
| Collision for Custom Equipment | **Not purchased\*** | | |
| Comprehensive for Custom Equipment | **Not purchased\*** | | |
| Roadside Coverage | **Not purchased\*** | | |
| Transportation Expense | **Not purchased\*** | | |
| Auto Replacement Protection | **Not purchased\*** | | |

*(continued)*

OH010RBD



Renewal auto policy declarations                                          Page **6** of 8
Policy number:          **980 072 593**
Policy effective date:   January 17, 2020

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Medical Payments | $1,000 each person | Not applicable | $3.92 |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 2014 Ford Truck F150 4Wd** | | | **$618.70** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1FTFW1ET9EKG44304

**Lienholder**
The Huntington National Bank

## Coverage detail for 1998 Chevrolet Corvette

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Automobile Liability Insurance | | Not applicable | $112.65 |
| • Bodily Injury | $25,000 each person $50,000 each occurrence | | |
| • Property Damage | $100,000 each occurrence | | |
| Auto Collision Insurance | Actual cash value | $500 | $302.47 |
| Auto Comprehensive Insurance | Actual cash value | $500 | $101.45 |
| Collision for Custom Equipment | **Not purchased*** | | |
| Comprehensive for Custom Equipment | **Not purchased*** | | |
| Roadside Coverage | **Not purchased*** | | |
| Transportation Expense | **Not purchased*** | | |
| Auto Replacement Protection | **Not purchased*** | | |
| Automobile Medical Payments | $1,000 each person | Not applicable | $6.78 |
| Portable Electronics and Media | **Not purchased*** | | |
| Sound System | **Not purchased*** | | |
| **Total premium for 1998 Chevrolet Corvette** | | | **$523.35** |

**\* This coverage can provide you with valuable protection. To help you stay current with your insurance needs, contact your Allstate agent to discuss coverage options and other products and services that can help protect you.**

**VIN** 1G1YY22G4W5107641

Renewal auto policy declarations
Policy number:          980 072 593
Policy effective date:   January 17, 2020

Page **7** of 8


**Allstate.**
You're in good hands.

## Additional coverages

The following policy coverages are also provided.

| Coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Uninsured Motorists Insurance for Bodily Injury | $25,000 each person $50,000 each accident | Not applicable | $9.99 |
| Automobile Death Indemnity Insurance | $10,000 benefit | Not applicable | Included |
| **Total** | | | **$9.99** |

## Your policy documents

Your automobile policy consists of this Policy Declarations and the documents in the following list. Please keep these together.

- Allstate Auto Policy – ACR65

- Claim Satisfaction Guarantee Amendatory Endorsement – AP4878-1

- Ohio Amendatory Endorsement – ACR57

- Ohio Uninsured and Underinsured Motorists Insurance – ACR58

- Ohio Bundling Benefits Endorsement – ACR59

- Automobile Death Indemnity Insurance-Coverage CM – ACR67

## Important payment and coverage information

Here is some additional, helpful information related to your coverage and paying your bill:

▶ The coverage limits you have chosen for Uninsured Motorists Insurance for Bodily Injury are less than your limits for Bodily Injury under Automobile Liability Insurance. You may purchase coverage limits for Uninsured Motorists Insurance for Bodily Injury in amounts up to this policy's limits for Bodily Injury under Automobile Liability Insurance.

If, at any time, you would like to increase your limits for Uninsured Motorists Insurance for Bodily Injury, please contact your agent or call the Allstate Customer Information Center at 1-800-ALLSTATE (1-800-255-7828).

**Allstate Fire and Casualty Insurance Company's** Secretary and President have signed this policy with legal authority at Northbrook, Illinois.

*Julie Parsons*

Julie Parsons
President

*Susan L. Lees*

Susan L. Lees
Secretary

OHO10RBD



Renewal auto policy declarations      Page **8** of 8

Policy number: **980 072 593**

Policy effective date:   January 17, 2020

# VEHICLE INFORMATION SUPPLEMENT

The garaging addresses of the vehicles reflected on your auto policy are listed below. The addresses were used in part to determine your premium rates listed on your policy. Please verify the accuracy of the information listed below, including addresses and vehicle identification numbers (VIN).

| | | | |
|---|---|---|---|
| Vehicle: | **2003 Jeep Grnd Cheroke** | Vehicle: | **2017 Fiat 500X** |
| VIN: | **1J4GW48S33C542278** | VIN: | **ZFBCFYDB5HP590482** |
| Address: | **5306 Taylor Rd** | Address: | **5306 Taylor Rd** |
| City/Village: | **Norton** | City/Village: | **Norton** |
| ZIP: | **44203** | ZIP: | **44203** |
| County: | **Summit** | County: | **Summit** |
| State: | **OH** | State: | **OH** |
| Municipality: | | Municipality: | |
| Vehicle: | **1998 Ford Mustang** | Vehicle: | **2014 Ford Truck F150 4Wd** |
| VIN: | **1FAFP42X8WF159433** | VIN: | **1FTFW1ET9EKG44304** |
| Address: | **5306 Taylor Rd** | Address: | **5306 Taylor Rd** |
| City/Village: | **Norton** | City/Village: | **Norton** |
| ZIP: | **44203** | ZIP: | **44203** |
| County: | **Summit** | County: | **Summit** |
| State: | **OH** | State: | **OH** |
| Municipality: | | Municipality: | |
| Vehicle: | **2003 Ford Mustang** | Vehicle: | **1998 Chevrolet Corvette** |
| VIN: | **1FAFP44493F371286** | VIN: | **1G1YY22G4W5107641** |
| Address: | **5306 Taylor Rd** | Address: | **5306 Taylor Rd** |
| City/Village: | **Norton** | City/Village: | **Norton** |
| ZIP: | **44203** | ZIP: | **44203** |
| County: | **Summit** | County: | **Summit** |
| State: | **OH** | State: | **OH** |
| Municipality: | | Municipality: | |

***Please note that this information was printed while your policy was renewing.***

If this information has been updated or is incorrect, please contact your Allstate representative.

## Important notices

Policy number: **980 072 593**
Policy effective date: January 17, 2020

Page **1** of 2



### Important Information About Your Auto Policy

The enclosed Policy Declarations lists important information about your policy, such as your address, the vehicles you've insured, the vehicle identification numbers (VIN) assigned to your insured vehicles, the drivers insured, and the coverages and coverage limits you've chosen. Your Policy Declarations also lists any discounts and surcharges applied to your policy.

Because much of the information found on your Policy Declarations is used to help us determine your premium, please be sure to review your Policy Declarations carefully each time you receive one. You may want to add coverage, delete coverage or change your coverage limits, or you may want to change the information concerning the vehicles or drivers your policy insures.

Another thing to keep in mind is that you may now qualify for discounts that you were not eligible to receive previously. For instance, Allstate offers discounts for:

- Unmarried young drivers, including students under the age of 25
- Drivers who have completed approved driver training courses
- Drivers who also own a home, townhouse, condominium, or mobilehome

Please contact your Allstate agent for additional information about discount qualifications, as well as other discounts that may be available to you.

### Making Changes to Your Policy
If you need to make a change to any of the information listed on your Policy Declarations, please notify your Allstate agent as soon as possible. With a few exceptions, **any changes will be effective as of the date you notify us.**

If you have any questions about this notice, or if you need to update any of the information listed on the enclosed Policy Declarations, please contact your Allstate agent or 1-800-ALLSTATE (1-800-255-7828).

**X72910-1**

### Drivewise®

**Get rewarded for your everyday safe driving with Drivewise®!**

You'll get a discount on your auto policy just for participating and can earn cash back after your first 50 trips and every six months thereafter for your safe driving.

To get started, download the Allstate® mobile app and activate Drivewise. You'll get immediate feedback on your performance after every trip and can watch your rewards add up!

**X73696-1**

### You Can Save More on Your Premium with Our Allstate eSmart® Discount

We want to make sure you're aware of the additional savings that are available to you if you take advantage of the Allstate eSmart® discount. You can get this discount and save on your premium simply by enrolling in our ePolicy program.

When you enroll in ePolicy, you will be able to access your policy documents electronically through our secure online system, My Account.

#### Your Next Steps
The first step to enrolling in ePolicy and getting the Allstate eSmart® discount is to register for My Account. If you haven't already done this, go to MyAccount.Allstate.com and log in or create an account.

Once you're logged in, select the **Manage Paperless** link next to your policy on the **Homepage**. Choose **Enroll in ePolicy** and select **Save!**

#### Important Information
You can have the Allstate eSmart® discount added to your policy with this renewal as long as you enroll in ePolicy sometime between now and one day prior to your policy's renewal effective date, which is shown on the first page of your Policy Declarations.

Since we know managing your insurance costs is very important to you, we urge you to complete your ePolicy enrollment as soon as possible.

**X73348-1**

### Voluntary Provider Networks

We want to let you know about a program that may be available to you.

If you, or anyone covered under your policy, is injured in a loss covered under your auto policy, a Voluntary Provider Network may be available to you. A Voluntary Provider Network

Important notices
Policy number:          980 072 593
Policy effective date:   January 17, 2020

includes a variety of participating medical providers that can treat those injuries.

Voluntary Provider Networks maintain lists of their participating providers. In the event that you experience a loss, your claims representative can provide you with contact information for any participating Allstate networks that may be available in your state at that time.

You are under no obligation to use a medical provider who is a member of one of these networks, and you are free to seek medical services from a provider of your choice. There is no penalty if you choose a provider outside the network. If you are injured and treated by a provider who is a member of one of the participating networks, we may review their bills for covered medical services for re-pricing based on the approved rate for that provider's network.

You do not need to make a choice about these networks at this time. Please keep in mind that using a provider within a network should not be considered a confirmation that you have coverage. This notice is for informational purposes only.

**X73469**

# Privacy Statement

Policy number: **980 072 593**

Policy effective date:     January 17, 2020

Page **1** of 2



Thank you for choosing Allstate. We value you, respect your privacy and work hard to protect your personal information.

This statement is provided on behalf of Allstate Insurance Company and the affiliates ("Allstate") listed at the end of this notice. We would like to explain how we collect, use and share the information we obtain about you in the course of doing business.

## Our Privacy Assurance

- We do not sell your personal or medical information to anyone.
- We do not share your information with non-affiliate companies that would use it to contact you about their own products and services, unless permitted pursuant to a joint marketing agreement.
- We require persons or organizations that represent or assist us in servicing your policy and claims to keep your information confidential.
- We require our employees to protect your personal information and keep it confidential.

As you can see, protecting your personal information is important to us. In addition to the practices described above, we use a variety of physical, technical and administrative security measures that help to safeguard your information. For Social Security Numbers (SSN), this includes restricting access to our employees, agents and others who use your SSN only as permitted by law: to comply with the law, to provide you with products and services, and to handle your claims. Also, our employees' and agents' access to and use of your SSN are limited by the law, our policies and standards, and our written agreements.

Our privacy practices continue to apply to your information even if you cease to be an Allstate customer.

## What Personal Information Do We Have and Where Do We Get It

We gather personal information from you and from outside sources for business purposes. Some examples of the information we collect from you may include your name, phone number, home and e-mail addresses, driver's license number, Social Security Number, marital status, family member information and healthcare information. Also, we maintain records that include, but are not limited to, policy coverages, premiums, and payment history. We also collect information from outside sources including, but not limited to, insurance support organizations that assemble or collect information about individuals for the purpose of providing to insurance companies. This information may include, but is not limited to,

your driving record, claims history, medical information and credit information.

In addition, Allstate and its business partners gather information from Internet activity, which may include, for example, your operating system, links you used to visit allstate.com, web pages you viewed while visiting our site or applications, Internet Protocol (IP) addresses, and cookies. We use cookies, analytics and other technologies to help:

- Evaluate our marketing campaigns
- Analyze how customers use our website and applications
- Develop new services
- Know how many visitors have seen or clicked on our ads

Also, our business partners assist us with monitoring information including, but not limited to, IP addresses, domain names and browser data, which can help us to better understand how visitors use allstate.com.

## How We Use and Share Your Personal Information

In the course of normal business activities, we use and share your personal information. We may provide your information to persons or organizations within and outside of Allstate. This would be done as required or permitted by law. For example, we may do this to:

- Fulfill a transaction you requested or service your policy
- Market our products
- Handle your claim
- Prevent fraud
- Comply with requests from regulatory and law enforcement authorities
- Participate in insurance support organizations

The persons or organizations with whom we may share your personal information may include, among others:

- Your agent, broker or Allstate-affiliated companies
- Companies that perform services, such as marketing, credit card processing, and performing communication services on our behalf
- Business partners that assist us with tracking how visitors use allstate.com
- Other financial institutions with whom we have a joint marketing agreement
- Other insurance companies that play a role in an insurance transaction with you
- Independent claims adjusters
- A business or businesses that conduct actuarial or research studies
- Those who request information pursuant to a subpoena or court order
- Repair shops and recommended claims vendors

## The Internet and Your Information Security



Privacy Statement

Page **2** of 2

Policy number: 980 072 593

Policy effective date: January 17, 2020

We use cookies, analytics and other technologies to help us provide users with better service and a more customized web experience. Additionally, our business partners use tracking services, analytics and other technologies to monitor visits to allstate.com. The website may also use Web beacons (also called "clear GIFs" or "pixel tags") in conjunction with cookies. If you prefer, you can choose to not accept cookies by changing the settings on your web browser. Also, if you would like to learn about how we gather and protect your information over the Internet, please see our online privacy statement located at the bottom of the allstate.com homepage.

To learn more, the allstate.com Privacy Statement provides information relating to your use of the website. This includes, for example, information regarding:

1) How we collect information such as IP address (the number assigned to your computer when you use the Internet), browser and platform types, domain names, access times, referral data, and your activity while using our site;
2) Who should use our website;
3) The security of information over the Internet; and
4) Links and co-branded sites.

### How You Can Review and Correct Your Personal Information

You can request to review your personal information contained in our records at any time. To do this, please send a letter to the address below requesting to see your information for the previous two years. If you believe that our information is incomplete or inaccurate, you can request that we correct it. Please note we may not be able to provide information relating to investigations, claims, litigation, and other matters. We will be happy to make corrections whenever possible.

Please send requests to:
Allstate Insurance Company Customer Privacy Inquiries
PO Box 660598
Dallas, TX 75266-0598

### Your Preference for Sharing Personal Information

We would like to share your personal information with one or more Allstate affiliates in order to make you aware of different products, services and offers they can provide. However, you can request that Allstate and its affiliate companies not share your personal information with our affiliates for marketing products and services.

To request that we not allow other Allstate affiliates to use your personal information to market their products and services, you can contact us by calling 1-800-856-2518 twenty-four hours a day, seven days a week. Please keep in mind that it may take up to four weeks to process your request.

If you previously contacted us and asked us not to allow other Allstate affiliates to use your personal information, your previous choice still applies and you do not need to contact us again. If you would like to change your previous choice please call the number above at any time.

### We Appreciate Your Business

Thank you for choosing Allstate. We understand your concerns about privacy and confidentiality, and we hope this notice has been helpful to you. We value our relationship with you and look forward to keeping you in Good Hands®.

If you have questions or would like more information, please don't hesitate to contact your Allstate agent or call the Allstate Customer Information Center at 1-800-ALLSTATE.

We reserve the right to change our Privacy practices, procedures, and terms.

Allstate Insurance Company

Allstate entities on which behalf this notice is provided and amongst which information may be shared:

The Allstate family of companies, LSA Securities, Deerbrook General Agency, Inc., Deerbrook Insurance Company, North Light Specialty Insurance Company, Northbrook Indemnity Company.

Please Note: Allstate affiliates American Heritage Life Insurance Company, Castle Key Insurance Company and Castle Key Indemnity Company participate in information sharing with the affiliates listed above, but have a separate privacy notice for their customers.

(ed. 10/2015)

X73180v6

## Policy Endorsement



*The following endorsement changes your policy.*
*Please read this document carefully and keep it with your policy.*

## Ohio Amendatory Endorsement – ACR57

I.   The **General Provisions** is amended as follows:

A.   In the **Definitions Used Throughout The Policy** provision, the
following item is added:

- **Your insured auto** means an **insured auto you** own.

B.   The following provisions are added:

**Guarantee Period**
A guarantee period required by Ohio law begins on the 90th day
after the original effective date of the policy, and continues for one
year from that original effective date. When this guarantee period
expires, a new guarantee period will commence for another one year
period unless **we** mail notice that **we** do not intend to continue the
policy. Each guarantee period begins after the expiration of the prior
guarantee period.

A guarantee period applies only to Liability Insurance, Medical
Payments Coverage and Uninsured Motorists Insurance. If **you** add
Liability Insurance, Medical Payments Coverage and/or Uninsured
Motorists Insurance during the policy period, the coverage(s) will be
included in the guarantee period in effect on the 90th day after the
effective date of the added coverage(s). However, **we** may mail
notice to **you** prior to the 90th day after the effective date of the
added coverages that **we** do not intend to continue the added
coverages(s).

**Cancellation**
**You** may cancel this policy by notifying **us** of the future date **you**
wish to stop coverage.

**Our Right to Cancel**
When this policy has been in effect for less than 90 days at the time
notice of cancellation is mailed, or delivered to **you** electronically,
and it is not a renewal with **us**, **we** may cancel part or all of this
policy for any reason by mailing notice to **you**, or by delivering
notice to **you** electronically at least 10 days before the cancellation
takes effect.

When this policy has been in effect for 90 days or more at the time
notice of cancellation is mailed, or delivered to **you** electronically, or
if it is a renewal with **us**, **we** may cancel part or all of this policy for
one or more of the following reasons:

1.   The premium isn't paid when due.

2.   **You** or any person insured under this policy misrepresent or
conceal any material facts:
a)   on the application for this policy;
b)   in obtaining or renewing this policy; or
c)   in the submission of any claim.

3.   **Your** driver's license or that of any **resident** relative who is a
principal operator expired or was suspended or revoked.

4.   **We** have mailed notice, or delivered to **you** electronically,
within the first 89 days that **we** don't intend to continue
the policy.

If the cancellation is for non-payment of premium, **we** will mail **you**
notice, or deliver notice to **you** electronically, at least 10 days before
the cancellation takes effect. If the cancellation is for any of the other
reasons stated above, **we** will mail, or electronically deliver, notice to
**you** at least 30 days before the cancellation takes effect.

**Our** mailing the notice of cancellation to **you** at **your** last mailing
address known to **us**, or confirmation of electronic delivery of the
notice, shall be sufficient proof of receipt of notice. Coverage under
this policy will terminate on the effective date and hour stated on the
cancellation notice. **Your** return premium, if any, will be calculated on

a pro rata basis and refunded prior to the effective date of
cancellation.

**Non-Renewal**
If **we** don't intend to renew **your** policy beyond the current policy
period, **we** will mail **you** notice, or deliver notice to **you**
electronically, at least 30 days before the end of the policy period.

**Charge For Insufficient Funds Or Closed Account**
If, at any time, **your** payment of any premium amount due is made by
check, electronic transaction, or other remittance that is not honored
because of insufficient funds or a closed account, **you** will be charged
a fee.

**Interest**
**We** will pay interest at an annual rate of two percent of the amount
owed, unless another rate is required by statute or law for:

1.   interest on judgment, decree or mandated order for payment by
a court; or

2.   any refund or credit for excess amounts if **we** discover that the
premium **we** charged was more than **we** are allowed to by **our**
filed and approved rules and rates.  No interest will be payable
for amounts refunded due to customer initiated policy changes.

**Action Against Us**
No one may bring an action against **us** unless:

1.   there is full compliance with all policy terms; and

2.   the action is commenced within one year of the date the cause
of action accrues. However, if an action is in any way related to
the existence or amount of coverage, or the amount of loss for
which coverage is sought, under a particular coverage that is
shown on the Policy Declarations, such action must be
commenced within the time period specified in the **Action
Against Us** provision of that particular coverage. If an action is
brought asserting claims relating to the existence or amount of
coverage, or the amount of loss for which coverage is sought,
under different coverages of this policy, the claims relating to
each coverage shall be treated as if they were separate actions
for the purpose of the time limit to commence action.

Policy endorsement

**Arbitration**

Any claim or dispute in any way related to this policy, by a person insured under this policy against **us** or **us** against a person insured under this policy, may be resolved by arbitration only upon mutual consent of the parties. Arbitration pursuant to this provision shall be subject to the following:

1.  no arbitrator shall have the authority to award punitive or exemplary damages or attorney's fees;

2.  neither of the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and

3.  no arbitrator shall have the authority, without the mutual consent of the parties, to consolidate claims or disputes in arbitration.

This provision shall not apply to claims or disputes to which the **Uninsured Motorists Insurance**, **If We Cannot Agree** provision applies.

**What Law Will Apply**

This policy is issued in accordance with the laws of Ohio and covers property or risks principally located in Ohio. Subject to the following paragraph, any and all claims or disputes in any way related to this policy shall be governed by the laws of Ohio.

If a covered loss to property **we** insure under this policy, a covered motor vehicle accident, or any other occurrence for which coverage applies under this policy happens outside Ohio, claims or disputes regarding that covered loss to property, covered motor vehicle accident, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to property, covered motor vehicle accident, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

**Where Lawsuits May Be Brought**

Subject to the following two paragraphs, any and all lawsuits in any way related to this policy shall be brought, heard, and decided only in a state or federal court located in Ohio. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy or involved in any other way with this policy, shall be brought, heard, and decided only in a state or federal court located in Ohio, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss to property **we** insure under this policy, a covered motor vehicle accident, or any other occurrence for which coverage applies under this policy happens outside Ohio, lawsuits regarding that covered loss to property, covered motor vehicle accident, or other covered occurrence may be brought in the judicial district where that covered loss to property, covered motor vehicle accident, or other covered occurrence happened.

Nothing in this provision, **Where Lawsuits May Be Brought**, shall impair any party's right to remove a state court lawsuit to a federal court.

II.   In **Part 1—Automobile Liability Insurance**, the following changes are made:

A.   Under **Additional Definitions For Part 1**, item 2 is replaced as follows:

2.   **Insured Person** means:

a)   While using **your insured auto**:

1)   **you**;

2)   any **resident**; and

3)   any other person who is not insured for motor vehicle liability coverage by any other insurance policy, a self-insurance program, or a liability bond, while operating it with **your** permission.

b)   While using a **non-owned auto**:

1)   **you**; and

2)   any **resident** relative.

B.   Under **Exclusions—What Is Not Covered**, the following item is added:

•   **bodily injury** to any person related to an **insured person** by blood, marriage, or adoption and residing in the person's household.

However, this exclusion precludes coverage for wrongful death liability arising under Chapter 2125 of the Ohio Revised Code only when a premium is shown on the Policy Declarations for **Uninsured Motorists Insurance**.

C.   The following provisions are added:

**Insured Persons Do Not Include:**

1.   The United States of America or any of its agencies.

**Action Against Us**

No **insured person** may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Part 1—Automobile Liability Insurance**, unless there is full compliance with all policy terms and such action is commenced no later than the last of the following to occur:

1.   two years after the date of the accident;

2.   one year after entry of final judgment or other court order terminating a lawsuit against the insured to determine the insured's liability or the amount of the insured's liability arising out of the accident;

3.   one year after **we** agree to a settlement; or

4.   if **we** have denied coverage and the **insured person** has thereafter settled with the claimant without any lawsuit being filed to determine the insured's liability or the amount of the insured's liability arising out of the accident, within one year after the denial of coverage.

If the **insured person** is subjected to claims arising out of the same accident by more than one person claiming **bodily injury** or property damage, the time for the **insured person** to bring an action against **us** shall be determined separately as to the coverage sought or

Policy endorsement

provided with respect to the claims of each of those claiming against the **insured person**.

If liability has been determined by judgment after trial, or by written agreement among the insured, the other person, and **us**, then whoever obtains this judgment or agreement against an **insured person** may sue **us** up to the limits of this policy. However, no one has the right to join **us** in a suit to determine legal responsibility of an **insured person**.

III.  In **Part 2—Automobile Medical Payments**, the following provision is added:

**Action Against Us**
No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Part 2—Automobile Medical Payments**, unless there is full compliance with all policy terms and such action is commenced within one year after the date the expenses for which coverage is sought were actually incurred by an **insured person**.

IV.  In **Part 3—Protection Against Loss To The Auto**, the following changes are made:

A.  The following provisions are added:

**Collision Coverage For Custom Equipment**
**Coverage CD**
If a premium for **Collision Coverage For Custom Equipment** is shown for an **auto** described on the Policy Declarations, the maximum amount **we** will pay for a covered **Auto Collision Insurance** loss to **custom parts or equipment** installed in or on that **auto** is increased to the amount shown on the Policy Declarations for this coverage for that **auto**.

**Comprehensive Coverage For Custom Equipment**
**Coverage CH**
If a premium for **Comprehensive Coverage For Custom Equipment** is shown for an **auto** described on the Policy Declarations, the maximum amount **we** will pay for a covered **Auto Comprehensive Insurance** loss to **custom parts or equipment** installed in or on that **auto** is increased to the amount shown on the Policy Declarations for this coverage for that **auto**.

**Assignment Of Claim Rights And Obligations**
In the event of a loss covered under Part 3 of this policy, **you** may assign to another party **your** right to receive claim proceeds that are otherwise payable to **you** under Part 3 of this policy, provided **you** have complied with all policy terms and **you** and **we** have agreed on the amount of claim proceeds to be paid. **You** may also assign **your** right to receive any supplemental claim proceeds **we** agree to pay. If **we** do not agree on the amount of supplemental claim proceeds to be paid, **you** (not the assignee) or **we** may demand an appraisal of the loss under the **Right To Appraisal** provision of this policy. Except as

provided in this provision, **you** may not assign to any other party any rights or obligations under this policy related to a claim, or part of a claim, made or to be made under Part 3 of this policy.

**Action Against Us**
No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Part 3—Protection Against Loss To The Auto**, unless there is full compliance with all policy terms and such action is commenced within one year after the date of loss.

All other policy terms and conditions apply.

**Allstate®**
You're in good hands.

Policy endorsement

---

*The following endorsement changes your policy.*
*Please read this document carefully and keep it with your policy.*

## Ohio Uninsured And Underinsured Motorists Insurance – ACR58

### Section 1—Uninsured Motorists Insurance For Bodily Injury

**General Statement Of Coverage**

If a premium is shown on the Policy Declarations for **Uninsured Motorists Insurance**, **we** will pay those damages which an **insured person** or an **additional insured person**:

1. is legally entitled to recover from the owner or operator of an **uninsured auto**, or

2. would be legally entitled to recover from the owner or operator of an **uninsured auto** but for the availability of a defense based on statutory or common law immunity,

because of **bodily injury** sustained by an **insured person** or an **additional insured person**.

The **bodily injury** must be caused by accident and arise out of the ownership, maintenance, or use of an **uninsured auto**. **We** will not pay any punitive or exemplary damages, fines or penalties under **Uninsured Motorists Insurance**.

**An Uninsured Auto Is:**

1. a **motor vehicle** which has no **bodily injury** liability bond or insurance policy in effect at the time of the accident.

2. a **motor vehicle** covered by a **bodily injury** liability bond or insurance policy which does not provide at least the minimum financial responsibility requirements of the state in which **your insured auto** is principally garaged.

3. a **motor vehicle** for which the insurer, other than **us** under this policy, denies coverage or becomes insolvent.

4. a hit-and-run **motor vehicle** which causes **bodily injury** to an **insured person** or an **additional insured person**. The identity of both the operator and the owner of the vehicle must be unknown; however, independent corroborative evidence must exist to prove that the **bodily injury** of the **insured person** or **additional insured person** was proximately caused by the negligence or intentional actions of the unidentified operator of the **motor vehicle**. The testimony of any **insured person** or **additional insured person** seeking recovery from **us** shall not constitute independent corroborative evidence unless the testimony is supported by additional evidence. The accident must be reported within 24 hours to the proper authorities. **We** must be notified within 30 days from the date of the accident, If the **insured person** or **additional insured person** was occupying a vehicle at the time of the accident, **we** have a right to inspect it.

5. an underinsured **motor vehicle** which has liability protection in effect and applicable at the time of the accident in an amount equal to or greater than the amounts specified for **bodily injury** liability by the financial responsibility laws of Ohio, but less than the limits of liability for Uninsured Motorists Insurance shown on the Policy Declarations.

**An Uninsured Auto Is Not:**

1. a **motor vehicle** that is lawfully self-insured.

2. a **motor vehicle** which is insured under the Automobile Liability Insurance of this policy, except that the application of this provision will not preclude coverage for intrafamily liability as set forth in Ohio Revised Code, Section 3937.46(B)(2)..

3. a **motor vehicle** owned by a political subdivision, unless the operator of the motor vehicle has an immunity under Chapter 2744 of the Ohio Revised Code that could be raised as a defense in an action brought against the operator by the **insured person**.

4. a **motor vehicle** operated or occupied by an **insured person** without reasonable belief that the **insured person** is entitled to do so.

5. a **motor vehicle** operated by any person who is specifically excluded from bodily injury liability coverage.

**Exclusions—What Is Not Covered**

**We** will not pay any punitive or exemplary damages.

**We** will not pay any damages an **insured person** or an **additional insured person** is legally entitled to recover because of **bodily injury**:

1. to any **insured person** or **additional insured person**, if that person or that person's legal representative makes a settlement without **our** written consent. This will include any payment made by that person on behalf of the uninsured motorist.

2. while in, on, getting into or out of, getting on or off, or when struck by a **motor vehicle** owned by or available or furnished for the regular use of **you** or a **resident** which is not insured for this coverage under this policy.

3. while in, on, getting into or out of, or getting on or off, or when struck by a **motor vehicle** which **you** own which is insured for this coverage under another policy.

4. if the payment would directly or indirectly benefit any disability benefits insurer, including a self-insurer.

5. arising out of the use of an:
   a) an **insured auto** while used by an **insured person** to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

6. arising out of the participation in any prearranged, organized, or spontaneous:
   a) racing contest;
   b) speed contest; or
   c) use of an **auto** at a track or course designed or used for racing or high performance driving;

   or in practice or preparation for a ny contest or use of this type.

7. **bodily injury** arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

## Limit Of Liability

The Uninsured Motorists Coverage for Bodily Injury limit stated on the Policy Declarations is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one **auto** for other coverages afforded by this policy will not increase **our** limit of liability beyond the amount shown on the Policy Declarations.

Regardless of the number of **insured autos** under this coverage, the specific amount shown on the Policy Declarations for:

1. "each person" is the maximum that **we** will pay for damages arising out of **bodily injury** to one person in any one **motor vehicle** accident, including damages sustained by anyone else as a result of that **bodily injury.**
2. "each accident" is the maximum **we** will pay for damages arising out of **bodily injury** in any one **motor vehicle** accident. This limit is subject to the limit for "each person."

The liability limits shown on the Policy Declarations for Uninsured Motorists Insurance for Bodily Injury may not be added to the limits for similar coverage applying to other **motor vehicles** to determine the limit of insurance coverage available. This applies regardless of the number of:

1. policies involved;
2. vehicles involved;
3. persons covered;
4. claims made;
5. vehicles or premiums shown on the Policy Declarations; or
6. premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF UNINSURED MOTORISTS INSURANCE WHATSOEVER WILL BE ALLOWED BY THIS POLICY.

If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest limits of liability shown on the Policy Declarations for any one **auto** will apply.

Any amount payable to or for an **insured person** or **additional insured person** under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured **auto** or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.

**We** are not obligated to make any payment for **bodily injury** under this coverage which arises out of the ownership, maintenance or use of an underinsured **motor vehicle** until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements.

An **additional insured person** shall be insured only to the extent that the limits of liability for Uninsured Motorists Insurance for Bodily Injury under this policy exceed the limits of liability for similar coverage under any other policy.

## Section 2—Uninsured Motorists Insurance For Property Damage

### General Statement Of Coverage

If a premium is shown on the Policy Declarations for Uninsured Motorists Coverage—Property Damage, **we** will pay those damages which an **insured person** or an **additional insured person**:

1. is legally entitled to recover from the owner or operator of an **uninsured auto**, or
2. would be legally entitled to recover from the owner operator of an **uninsured auto** but for the availability of a defense based on statutory or common law immunity,

because of **property damage** sustained by an **insured person** or an **additional insured person.**

The **property damage** must be caused by accident and arise out of the ownership, maintenance, or use of any **uninsured auto**. However, **property damage** does not include damage caused by an underinsured **auto**. **We** will not pay any punitive or exemplary damages, fines or penalties under **Uninsured Motorists Insurance** for property damage. This coverage does not apply to the first $250 of the total amount of all **property damage** as the result of any accident.

### An Uninsured Auto Is:

1. a **motor vehicle** which has no liability bond or insurance policy in effect at the time of the accident.
2. a **motor vehicle** covered by a liability bond or insurance policy which does not provide at least the minimum financial responsibility requirements of the state in which **your insured auto** is principally garaged.
3. a **motor vehicle** for which the insurer, other than **us** under this policy, denies coverage or becomes insolvent.

### An Uninsured Auto Is Not:

1. a **motor vehicle** that is lawfully self-insured.
2. a **motor vehicle** which is insured under the Automobile Liability Insurance of this policy.

### Exclusions—What Is Not Covered

**We** will not pay any punitive or exemplary damages.

**We** will not pay any damages an **insured person** or an **additional insured person** is legally entitled to recover because of **property damage**:

1. to any **insured person** or **additional insured person** who makes a settlement without **our** written consent.
2. to any **auto you** own which is not insured for Uninsured Motorists Coverage for property damage under this policy .
3. if the payment would directly or indirectly benefit any insurer of property.
4. to the extent that an **insured person** or an **additional insured person** has been compensated by other property or physical damage coverage.
5. arising out of the use of:
   a) an **insured auto** while used by an **insured person** to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools.**
6. arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person.**
7. arising out of the participation in any prearranged, organized, or spontaneous:
   a) racing contest;
   b) speed contest; or
   c) use of an **auto** at a track or course designed or used for racing or high performance driving;

   or in practice or preparation for any contest or use of this type.

### Limit Of Liability

The **Uninsured Motorists Coverage for Property Damage** limit stated on the Policy Declarations is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one **auto** for other coverages afforded by this policy will not increase **our** limit of liability beyond the amount shown on the Policy Declarations.

Regardless of the number of **insured autos** under this coverage, the specific amount shown on the Policy Declarations for "each accident" is the maximum

we will pay for **property damage** arising out of any one **motor vehicle** accident. However, **Uninsured Motorists Insurance—Property Damage** does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement. This limit will be reduced by any deductible amount shown on the Policy Declarations for this coverage. This deductible does not apply to **property damage** caused by collision if the **insured auto** is legally parked and unoccupied when involved in a **motor vehicle** accident for which the **insured person** is legally entitled to recover damages from an uninsured motorist.

Subject to this limit, our limit of liability for **property damage** will be the lesser of:
a) the actual cash value of the **insured auto**, or
b) the amount necessary to replace or repair the **insured auto**.

The liability limits shown on the Policy Declarations for Uninsured Motorists Insurance for Property Damage may not be added to the limits for similar coverage applying to other **motor vehicles** to determine the limit of insurance coverage available. This applies regardless of the number of:
1. policies involved;
2. vehicles involved;
3. persons covered;
4. claims made;
5. vehicles or premiums shown on the Policy Declarations; or
6. premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF UNINSURED MOTORISTS INSURANCE FOR PROPERTY DAMAGE WHATSOEVER WILL BE ALLOWED BY THIS POLICY.

If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest limits of liability shown on the Policy Declarations for any one **auto** will apply.

Any amount payable to or for an **insured person** or **additional insured person** under this coverage will be reduced by all amounts paid by the owner or operator of the underinsured **auto** or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.

**We** are not obligated to make any payment for **property damage** under this coverage which arises out of the ownership, maintenance or use of an underinsured **motor vehicle** until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgments or settlements.

An **additional insured person** shall be insured only to the extent that the limits of liability for Uninsured Motorists Insurance for Property Damage under this policy exceed the limits of liability for similar coverage under any other policy.

## Section 3—Additional Provisions

### Additional Definitions For Uninsured Motorists Insurance
1. **Additional Insured Person(s)** means:

a. any other person occupying, but not operating, an **insured auto**.
b. any other person who is legally entitled to recover because of **bodily injury** to a person occupying, but not operating, an **insured auto**.

2. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for Uninsured Motorists Insurance. This also includes:
a) its **replacement auto**;
b) an **additional auto**;
c) a **substitute auto**; or
d) a **non-owned auto**.

3. **Insured Person(s)** means:
a) **you** and any **resident** relative.
b) any person while in, on, getting into or out of, or getting on or off of, an **insured auto** with **your** permission.
c) any other person who is legally entitled to recover because of **bodily injury** to **you**, a **resident** relative, or an occupant of **your insured auto** with **your** permission.

4. **Motor Vehicle** means a land motor vehicle, **trailer** or **travel-trailer** other than:
a) a vehicle or other equipment designed for use off public roads, while not on public roads, or
b) a vehicle operated on rails or crawler-treads; or
c) a vehicle when used as a residence or premises.

5. **Property Damage** means damage to or destruction of the **insured auto** described in the Policy Declarations by physical contact with an **uninsured auto**. **Property damage** does not include loss of use of the **insured auto**, damage to personal property contained in the **insured auto**, or damage caused by an underinsured **motor vehicle**.

### If There Is Other Insurance

If the **insured person** was in, on, getting into or out of, or on or off of a vehicle **you** do not own which is insured for uninsured motorists, underinsured motorists, or similar type of coverage under another policy, then coverage under Uninsured Motorists Insurance of this policy will be excess. This means that when the **insured person** is legally entitled to recover damages in excess of the other policy limits, **we** will only pay the amount by which the limit of liability of this policy exceeds the limit of liability of that policy. No **insured person** may recover duplicate benefits for the same element of loss under Uninsured Motorists Insurance, (Part 3, of this policy) and the other insurance.

If more than one policy applies to the accident on a primary basis, the total benefits payable to any one person will not exceed the maximum benefits payable by the policy with the highest limit of uninsured motorists insurance.

**We** will bear **our** proportionate share with other uninsured motorists benefits. **Our** share is determined by adding the limits of liability of this insurance to the limits of all other insurance that apply on the same basis and finding the percentage of the total that **our** limits represent. This applies no matter how

many automobiles or automobile policies may be involved whether written by **us** or another company.

With respect to **property damage**, if there is other insurance covering the loss at the time of the accident, **we** will pay only **our** share of any damages. **Our** share is determined by adding the limits of this insurance to the limits of all other insurance that applies on the same basis and finding the percentage of the total that **our** limits represent. When this insurance covers a non-owned **auto** for **property damage**, **we** will pay only after all other collectible insurance has been exhausted.

**Non-Duplication Of Benefits**
No **insured person** will receive duplicate benefits for the same elements of loss under this or any other uninsured motorists insurance, including approved plans of self-insurance.

**We** will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**Trust Agreement**
When **we** pay any person under this coverage:

1.  **we** are entitled to repayment of the amount paid by **us** and related collection expenses out of the proceeds of any settlement or judgment that person recovers from any responsible party or insurer.

2.  all rights of recovery against any responsible party or insurer must be maintained and preserved for **our** benefit.

3.  **insured persons** or **additional insured persons**, if **we** ask, must take proper action in their own name to recover damages from any responsible party or insurer. **We** will select the attorney, and pay all related costs and fees.

**We** will not ask the **insured person** or **additional insured person** to sue the insured of an insolvent insurer.

**Our Payment Of Loss**
Any amount due is payable to the **insured person**, to the parent or guardian of an **insured person** who is an injured minor, or to the spouse of any **insured person** who dies. However, **we** may pay any person lawfully entitled to recover the damages.

**Actions Against Us**
No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under Uninsured Motorists Insurance, unless there is full compliance with all policy terms and, except as provided below, such action is commenced within three years after the date of the accident.

If an **insured person** commences a timely action against the owner or operator of an uninsured **auto** to recover damages for loss arising out of the accident and gives **us** written notice of such action within 30 days after such action is commenced, an action against **us** related to the existence or amount of coverage, or the amount of loss for which coverage is sought, may be brought

more than three years after the date of the accident, but in no event later than the earliest of the following to occur:

1.  one year after entry of a final judgment or other court order terminating such lawsuit against the owner or operator of an uninsured **auto**; or
2.  one year after **we** deny coverage.

If any **insured person** sues a person believed responsible for the accident without **our** written consent, **we** aren't bound by any resulting judgment.

**If We Cannot Agree**
Any claim or dispute in any way related to this policy, by a person insured under this policy against **us** or **us** against a person insured under this policy, may be resolved by arbitration only upon mutual consent of the parties. Arbitration pursuant to this provision shall be subject to the following:

a)  no arbitrator shall have the authority to award punitive damages or attorney's fees;
b)  neither of the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and
c)  no arbitrator shall have the authority, without the mutual consent of the parties, to consolidate claims or disputes in arbitration.

All other policy terms and conditions apply.

Policy endorsement



*The following endorsement changes your policy.*
*Please read this document carefully and keep it with your policy.*

## Ohio Bundling Benefits Endorsement – ACR59

**Your** policy is amended as follows:

A.  In the **General Provisions** section of **your** policy, the following provision is added:

**Auto Policy Renewal Guarantee**
**We** will, prior to the expiration of the current policy period, offer to **you** the opportunity to renew this policy for an additional policy period if **you** had one or more of the following policies in effect on the effective date of the current policy period:

1.  an Allstate Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy, or

2.  an individual life insurance policy or mortgage term life insurance certificate that would qualify this policy for an Allstate Auto/Life discount under **our** rules that are in effect and on file (if required) for **our** use in Ohio.

**We** will offer to renew this policy with such coverages, policy terms, conditions, limits of liability, deductibles and premiums as **we**, in **our** discretion, elect to include in the offer of renewal to **you** on the date that the renewal offer is processed by **us**. **You** may elect to accept **our** renewal offer by complying with the terms and conditions of the offer and all applicable policy terms and conditions, including those relating to premium payment.

**We** are not required to offer to **you** the opportunity to renew this policy if this policy is cancelled pursuant to the **Cancellation** provision of this policy or if:

1.  **we** intend to discontinue writing non-commercial private passenger automobile insurance in Ohio;

2.  **you** no longer reside in Ohio or one or more of the vehicles **you** insure under this policy are no longer principally garaged in Ohio;

3.  renewal of this policy would violate any law or regulation;

4.  **you** obtained this policy through an independent agent or agency, and the relationship between **us** and that independent agent or agency is discontinued or is being discontinued;

5.  **you** or any member of **your** household who operates an **auto**:
    a)  has had his or her driver's license suspended or revoked or otherwise fails to maintain a valid driver's license; or
    b)  is convicted of driving while under the influence of alcohol or drugs, leaving the scene of an accident or any other violation considered to be a major violation as described in **our** rules that are in effect and on file (if required) for **our** use in Ohio;

6.  **You** or any person insured under this policy misrepresent or conceal any material facts:
    a)  on the application for this policy; or
    b)  in obtaining or renewing this policy;

7.  **You** or any person insured under this policy misrepresent or conceal any material facts in the submission of any claim.

8.  **you** do not comply with one or more requests **we** make for information for underwriting, rating or claims purposes;

9.  any person, other than a spouse, has been added to **your** policy as a named insured during the current policy period or within 90 days immediately preceding the effective date of the current policy period and that individual did not meet **our** new business underwriting guidelines in effect at the time they were added;

10. **we** determine that at any time during the current policy period or within 185 days preceding the effective date of the current policy period, one or more licensed drivers residing in **your** household for more than 90 days were not listed on **your** Policy Declarations, unless the driver is listed as an insured or licensed operator under another policy of insurance that provides automobile liability insurance coverage for their use of **your insured auto**;

11. a vehicle has been added to **your** policy during the current policy period or within 90 days immediately preceding the effective date of the current policy period and that vehicle did not meet **our** new business underwriting guidelines in effect at the time it was added;

12. **we** determine that during the current policy period or within 90 days immediately preceding the effective date of the current policy period, a vehicle listed on the Policy Declarations has been:
    a)  used by **you** or any other person to carry persons or property for a charge, or has been available for hire by the public. This does not apply:
        i)   to **shared-expense car pools**; or
        ii)  to use of **your** vehicle with a transportation network company that uses a digital network or software application service to connect its customers to transportation services provided by transportation network company drivers;
    b)  used in the commission of a felony; or
    c)  used in racing, including but not limited to, any prearranged, organized or spontaneous racing contest, speed contest, or used at a track or course designed or used for racing or high performance driving;

13. **you** are not a registered owner(s) of all vehicles identified on the Policy Declarations;

14. during the 36 month period ending on the last day of the current policy period, there have been four or more chargeable incidents (such as accidents or violations) which are chargeable to **your** policy under **our** rules that are in effect and on file (if required) for **our** use in Ohio;

15. a vehicle listed on the Policy Declarations:
    a)  has been mechanically or structurally altered for speed or racing or to remove safety features since the time it was first added to **your** policy;
    b)  is regularly garaged at a location different than the location being used to establish **your** premium.

Policy endorsement

If any of the items numbered 1 through 15 above apply, **we** may nonrenew this policy. If **we** do not intend to continue the policy beyond the current policy period, **we** will mail notice to **you** at **your** last known address, or deliver notice to **you** electronically, at least 30 days before the end of the policy period.

B.    In **Part 3—Protection Against Loss To The Auto**, the following **Auto Deductible Waiver** is added to the **Limit of Liability** provision:

**Auto Deductible Waiver**

If an **auto** insured under this policy and property **we** insure under **your** Allstate Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy are damaged in the same event by the same covered cause of loss, at **your** option, the **auto** deductible will not be applied to the loss, or **you** will be reimbursed for such deductible, provided:

1.    both the **auto** loss and the loss to property **we** insure under **your** Allstate Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy are promptly reported to **us**;

2.    the amount of covered loss to the **auto** is higher than the applicable **auto** deductible (without consideration of any applicable deductible rewards); and

3.    the amount of covered loss to property **we** insure under **your** Allstate Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy has been determined and such amount is higher than the applicable Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy deductible.

Even if a provision of the Homeowners, Condominium Owners, Manufactured Home Owners, or Renters policy results in its deductible being waived, the **auto** deductible will not be applied (or it will be reimbursed) when the conditions identified in the paragraph above have been satisfied.

All other policy terms and conditions apply.



**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

# Auto
# Policy

ACR65



# Table of Contents

**General Provisions** ..................................................................3
Insuring Agreement .................................................................3
When And Where The Policy Applies ....................................3
Conformity To State Statutes ................................................3
Definitions Used Throughout The Policy ..............................3
Leased Autos ...........................................................................4
Premium Changes ...................................................................4
Coverage Changes ...................................................................4
Duty To Report Changes ........................................................4
Notice .......................................................................................4
What To Do If There Is A Loss ................................................4
Assistance And Cooperation Of The Insured .......................5
Subrogation .............................................................................5
Combining Limits Of Two Or More Autos Prohibited .........5
Transfer ....................................................................................5
Payment ...................................................................................5
Communications .....................................................................5
Conditional Reinstatement ....................................................6
Fraud Or Misrepresentation ..................................................6
Loss Reduction And Other Items ..........................................6

**Part 1**
**Automobile Liability Insurance**
**Bodily Injury Liability and Property Damage Liability**
**Coverages AA and BB** ..........................................................6
General Statement Of Coverage ...........................................6
Our Right To Appeal ...............................................................6
Additional Payments We Will Make ......................................6
Additional Definitions For Part 1 ..........................................7
Exclusions—What Is Not Covered ........................................7
Financial Responsibility .........................................................8
Limit Of Liability .....................................................................8
If There Is Other Insurance....................................................8
Bankruptcy Or Insolvency......................................................9
Additional Interested Parties.................................................9

**Part 2**
**Automobile Medical Payments**
**Coverage CC** ........................................................................9
General Statement Of Coverage ...........................................9
Additional Definitions For Part 2 ..........................................9
Exclusions—What Is Not Covered ........................................9
Limit Of Liability ...................................................................10
Non-Duplication ....................................................................11
What To Do If There Is A Loss: Additional Duties...............11
Unreasonable Or Unnecessary Medical Expenses ............11
If There Is Other Insurance..................................................11

**Part 3**
**Protection Against Loss To The Auto** ...............................11
Auto Collision Insurance ......................................................11
Auto Comprehensive Insurance ..........................................11
Contents Coverage ...............................................................12
Roadside Coverage ...............................................................12
Transportation Expense Coverage ......................................12
Sound System Coverage ......................................................12
Portable Electronics And Media Coverage..........................13
Additional Payments We Will Make Under Part 3 ..............13
Additional Definitions For Part 3 .........................................13
Exclusions—What Is Not Covered .......................................14
Our Payment Of Loss ............................................................15
Right To Appraisal .................................................................15
Limit Of Liability ...................................................................16
If There Is Other Insurance..................................................16
No Benefit To Bailee .............................................................16
Loss Payable Clause .............................................................16

CV-2022-01-0143　　　MCLAUGHLIN, KELLY　　05/23/2022 09:01:16 AM　　EXTO　　Page 32 of 47



A Stock Company **– Home Office: Northbrook, Illinois**

# General Provisions

The following provisions apply to all parts of the policy except where otherwise noted.

## Insuring Agreement

This policy is a legal contract between **you** and **us**. A coverage applies only when a premium for it is shown on the Policy Declarations or when the Policy Declarations lists the coverage as being "Included." On **your** Policy Declarations, coverages may be shown for each **auto**, or may be listed under "Additional Coverages."

If **you** pay the premiums when due and comply with the policy terms, **we**, relying on the information **you** have given **us**, make the following agreements with **you**.

**You** agree that it is **your** responsibility to review **your** Policy Declarations to:
1. confirm that the coverages and limits that **you** requested have actually been issued to **you**; and
2. ensure that each of the coverages and limits shown on the Policy Declarations are appropriate for **your** insurance needs.

**You** further agree to review those sections of this policy which relate to the coverages issued to **you**. Failure to review this policy, including **your** Policy Declarations, will not relieve **you** of this obligation. **You** should contact **us**, or the agent listed on **your** Policy Declarations, immediately if **you** have any questions about the coverages or limits, if **you** believe there is any mistake about the coverages or limits issued to **you**, or if **you** have any questions about this policy.

The terms of this policy impose joint obligations on persons defined in applicable sections of this policy as insured persons. This means that the responsibilities, acts and omissions of a person defined as an insured person will be binding upon other person(s) defined as insured person(s).

Depending on the number of vehicles **you** are insuring, **we** may find it necessary to issue **you** two or more different policy numbers for this one policy. Even if **we** issue two or more policy numbers, this shall still constitute one policy. **Your** Policy Declarations lists the policy numbers applicable.

## When And Where The Policy Applies

**Your** policy applies only during the policy period. During this time, it applies to covered losses to the **auto**, accidents, and occurrences within the United States, its territories or possessions, Canada, and between their ports. The policy period is shown on the Policy Declarations.

## Conformity To State Statutes

When the policy provisions are in conflict with the statutes of the state in which **your auto(s)** described on the Policy Declarations are principally garaged, the provisions are amended to conform to such statutes.

## Definitions Used Throughout The Policy

The following definitions apply throughout the policy unless otherwise indicated. Defined words are printed in boldface type.

1. **Additional Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a) not described on the Policy Declarations; and
   b) not acquired as a permanent replacement for an **auto** described on the Policy Declarations.

   This **auto** will be an **additional auto** for the 30 days immediately after **you** acquire ownership, but only if:
   a) any other **autos you** own are insured either by **us** or by one of **our** affiliates, other than any **auto(s) we** and **our** affiliates refused to insure;
   b) the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and
   c) **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.

   After the 30 days, the **auto** is no longer an **additional auto**.

2. **Auto** means a private passenger land motor vehicle which has at least four wheels and is designed for use on public roads. However, **auto** does not include any vehicle of the pick-up body, sedan delivery, panel truck or stake body type which has a manufacturer specified Gross Vehicle Weight Rating (GVWR) in excess of 14,000 pounds.

3. **Bodily Injury** means physical harm to the body, sickness, disease, or death, but does not include:
   a) Any venereal disease;
   b) Herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);

   or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.

4. **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
   a) owned by **you** or a **resident** relative; or
   b) available or furnished for the regular use of **you** or a **resident** relative.

   This definition of **non-owned auto** does not apply to **Automobile Liability Insurance–Bodily Injury and Property Damage**.

5. **Replacement Auto** means an **auto** of which **you** become the owner during the policy period and which is:
   a) not described on the Policy Declarations; and
   b) acquired as a permanent replacement for an **auto** described on the Policy Declarations.

This **auto** will be a **replacement auto** for the 30 days immediately after **you** acquire ownership, but only if:

a) any other **autos you** own are insured either by **us** or by one of **our** affiliates, other than any **auto(s) we** and **our** affiliates refused to insure;

b) the **auto** is not listed as an insured vehicle under any other motor vehicle insurance policy; and

c) **you** pay any additional premium for the coverage afforded by this policy during the 30 day period.

After the 30 days, the **auto** is no longer a **replacement auto**.

6. **Resident** means a person who physically resides in **your** household with the intention to continue residence there. **Your** unmarried dependent children while temporarily away from home will be considered **residents** if they intend to resume residing in **your** household.

7. **Shared-Expense Car Pool** means an arrangement between private parties to share rides:

a) for which partial or full reimbursement of driving expenses is made or offered, and for which there is no other compensation; and

b) which is not facilitated by a commercial enterprise which connects drivers to riders, including, but not limited to, a transportation network company.

8. **Substitute Auto** means a **non-owned auto** being temporarily used by **you** or a **resident** relative with the permission of the owner while **your auto** insured under this policy is being serviced or repaired, or if it is stolen or destroyed.

9. **Trailer** means any trailer, other than a **travel-trailer**, that is designed for use with an **auto**.

10. **Travel-trailer** means a trailer of the house, cabin or camping type equipped or used as a temporary living quarters.

The **travel-trailer** must be designed for use with an **auto**.

11. **We**, **Us**, or **Our** means the company shown on the Policy Declarations.

12. **You** or **Your** means the policyholder(s) listed as Named Insured(s) on the Policy Declarations and the resident spouse of any such Named Insured.

## Leased Autos

Unless otherwise indicated, an **auto** leased to a person under a written agreement with a term of at least six continuous months shall be considered, for purposes of this policy, to be owned by that person.

## Premium Changes

The total premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate with **us** in determining if this information is correct, if it is complete, and if it changes during the policy period. **You** agree that if this information changes or is incorrect or incomplete, **we** may adjust **your** premium accordingly.

Changes which result in a premium adjustment are described in **our** rules. These changes include, but are not limited to:

1. **autos** insured by the policy, including changes in use;

2. drivers residing in **your** household, their ages or marital status;

3. coverages or coverage limits;

4. rating territory; and

5. discount or surcharge applicability.

Any calculation or adjustment of **your** premium will be made using the rules, rates and forms in effect, and on file if required, for **our** use in **your** state.

## Coverage Changes

When **we** broaden a coverage during the policy period without additional charge, **you** have the new feature if **you** have the coverage to which it applies. The new feature applies on the date the coverage change is effective in **your** state. Otherwise, the policy can be changed only by endorsement. Any change in **your** coverage will be made using the rules, rates and forms in effect, and on file if required, for **our** use in **your** state.

## Duty To Report Changes

**Your** policy was issued in reliance on information **you** provided including, but not limited to, information regarding **autos**, persons in **your** household, and **your** place of residence. **You** must promptly notify **us**:

1. when **you** change **your** address;

2. when any person with a driver's license joins **your** household, or when any **resident** of **your** household acquires a driver's license; and

3. when **you** acquire any **additional auto** or **replacement auto**.

## Notice

**Your** notice to **our** authorized agent shall be deemed to be notice to **us**.

## What To Do If There Is A Loss

If a person insured under this policy has an accident or loss involving a motor vehicle, **we** or **our** authorized agent must be informed promptly of all details. As soon as possible, any person making a claim must give **us** proof of loss, in writing or in another form specified by **us**, including all details **we** may need to determine the amounts payable. **We** may require that the proof of loss be a sworn proof of loss.

If an insured person is sued as a result of a motor vehicle accident, **we** must be informed immediately.

A person making a claim must:

1. Provide **us** with the following information as soon as possible:

a) date and time of the accident or loss;

b) location of the accident or loss; and

Page **5** of 16



c) all other details reasonably required by **us** including, but not limited to, information obtained from the vehicle's computer, vehicle safety features, or ride-sharing applications.

2. Notify the police as soon as possible if:
   a) the owner or operator of a vehicle involved in the accident or loss cannot be identified; or
   b) a theft or vandalism loss has occurred.

3. Cooperate with **us** in **our** effort to investigate the accident or loss and settle any claims.

4. Allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, separately and apart from others, and answer all reasonable questions **we** may ask as often as **we** may reasonably require.

5. Give **us** authorization to obtain medical reports and other records pertinent to the claim. The injured person may be required to take medical examinations by physicians **we** choose, as often as **we** reasonably require.

6. Promptly send **us** any and all legal papers relating to any claim or lawsuit.

7. Attend hearings and trials as often as **we** require.

8. In the case of loss to an **auto**, **trailer** or **travel-trailer** insured with **Auto Collision Insurance** or **Auto Comprehensive Insurance you** must:
   a) protect the **auto**, **trailer** or **travel-trailer** from further loss. **We** will pay reasonable expenses to guard against further loss. If **you** do not protect the **auto**, **trailer** or **travel-trailer**, further loss may not be covered.
   b) allow **us** to inspect the **auto**, **trailer** or **travel-trailer**, or have it inspected, before its repair or disposal. If **you** or **we** demand an appraisal of the loss under to the **Right To Appraisal** provision, **you** must allow **us** to have the **auto**, **trailer** or **travel-trailer** appraised.

## Assistance And Cooperation Of The Insured

A person insured under this policy must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit. If **we** ask, that person must also help **us** obtain payment from anyone who may be jointly responsible.

**We** are not obligated to provide reimbursement if a person insured under this policy voluntarily takes any action or makes any payments other than for covered expenses for bail bonds or first aid to others. If a person insured under this policy has a right to recover damages from anyone responsible for the loss, **we** may require that person to take proper action to preserve that right.

## Subrogation

When **we** pay under this policy, and a person insured under this policy has the right to recover from anyone else, that person's rights of recovery become

**ours** up to the amount **we** have paid. That person must protect these rights and, at **our** request, help **us** to enforce them.

## Combining Limits Of Two Or More Autos Prohibited

The coverage limits applicable to any one **auto** shown on the Policy Declarations will not be combined with or added to the coverage limits applicable to any other **auto** shown on the Policy Declarations or covered by the policy. This means that no stacking or aggregation of coverages will be allowed by this policy. This is true even though a separate premium is charged for each of those **autos**. This is true regardless of the number of:

1. vehicles or persons shown on the Policy Declarations;

2. vehicles involved in the accident or loss;

3. persons seeking damages as a result of the accident or loss; or

4. insured persons from whom damages are sought.

If two or more **autos** are shown on the Policy Declarations and one of these **autos** is involved in an accident or loss to which coverage applies, the coverage limits shown on the Policy Declarations for the involved **auto** will apply. If a covered accident or loss involves an **auto** other than one shown on the Policy Declarations, or if a person insured under this policy is struck as a pedestrian in a covered accident, the highest coverage limits shown on the Policy Declarations for the applicable coverage for any one **auto** will apply.

## Transfer

**You** may not transfer this policy to another person without **our** written consent. However, if **you** die, this policy will provide coverage until the end of the policy period, but only for **your** legal representative while acting as such and for persons covered on the date of **your** death.

## Payment

If **your** initial premium payment for **your** first policy period is by check, draft, or any remittance other than cash, such payment is conditional upon the check, draft, or remittance being honored upon presentation. If such check, draft, or remittance is not honored upon presentation, this policy shall be deemed void from its inception. This means that **we** will not be liable under this policy for any claims or damages which would otherwise be covered had the check, draft, or remittance been honored upon presentation.

## Communications

If **you** have indicated **your** willingness to conduct business electronically with **us**, including receiving and signing the electronic forms relating to **your** insurance and other transactions (current and future), the communications **we** may provide to **you** in electronic form include, but are not limited to, policy forms, renewal and non-renewal notices, informational or other notices, disclosures, premium information and cancellation notices.

Even when **you** and **we** have agreed that the primary method of communicating with **you** will be in electronic form, **we** may, in **our** discretion, send communications to **you** via U.S. Mail or other carrier instead of, or in

addition to, providing them to **you** electronically. Electronic communications provided to **you** will have the same force and effect as if sent to **you** via U.S. Mail or other carrier with proof of mailing. Proof of electronic notification will be sufficient proof of notice for all electronic communications pertaining to this policy.

## Conditional Reinstatement
If **we** send a cancellation notice because:
1.  the required premium was not paid in a timely manner, and **you** then tender payment by check, draft, or other remittance which is not honored upon presentation; or
2.  the required premium was not paid in a timely manner due to an issue with **your** electronic payment information and/or account balance, and **you** then update this information, and the transaction is not honored upon presentation;

**your** policy will terminate on the date and time shown on the cancellation notice and any notice **we** issue which waives the cancellation or reinstates coverage is void. This means that **we** will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

## Fraud Or Misrepresentation
This entire policy is void from its inception if it was obtained or renewed through material misrepresentation, fraud or concealment of material fact. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

**We** may not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## Loss Reduction And Other Items
From time to time and at **our** sole discretion:
1.  **we** may provide **you**, or allow others to provide **you**, with:
    a) items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, or other things of value designed to help **you** or other persons insured under this policy manage the risks **you** or they face, including, but not limited to, loss reduction or safety-related items; or
    b) items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, or things of any other type that **we** think may be of value to **you** or someone else insured under this policy.

2.  **we** may make, or allow others to make, one or more of the following: charitable contributions, donations, or gifts.

These items, memberships, special offers, merchandise, points, rewards, airline miles, services, classes, seminars, charitable contributions, donations,

gifts, or other things of value may be provided in any form, including, but not limited to, redemption codes, coupons, vouchers, and gift cards.

# Part 1
# Automobile Liability Insurance
# Bodily Injury Liability—Coverage AA
# Property Damage Liability—Coverage BB

## General Statement Of Coverage
If a premium is shown on the Policy Declarations for **Automobile Liability Insurance - Bodily Injury and Property Damage**, **we** will pay damages which an **insured person** is legally obligated to pay because of:
1.  **bodily injury** sustained by any person, and
2.  damage to, or destruction of, property.

Under these coverages, **your** policy protects an **insured person** from liability for damages arising out of the ownership, maintenance, or use, loading or unloading, of an **insured auto**.

**We** will not pay any punitive or exemplary damages, fines or penalties under Bodily Injury Liability coverage or Property Damage Liability coverage. **We** will not pay any attorney's fees or litigation expenses awarded as a result of a punitive or exemplary damage award against the insured, or as a result of fines or penalties imposed on the insured.

**We** will defend an **insured person** sued as a result of a covered accident involving an **insured auto**. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper. **We** will not defend an **insured person** sued for damages which are not covered by this policy.

## Our Right To Appeal
If an **insured person** or any other insurer elects not to appeal a judgment, **we** may do so. **We** will pay reasonable costs and interest incidental to the appeal. **We** will not be liable for more than the limit shown on **your** Policy Declarations plus the reasonable costs and interest incidental to the appeal.

## Additional Payments We Will Make
When **we** defend an **insured person** under this Part 1, **we** will pay:
1.  up to $100 a day for the loss of wages or salary if **we** ask that person to attend hearings or trials to defend against a **bodily injury** suit. **We** won't pay for loss of other income. **We** will pay other reasonable expenses incurred at **our** request.

2.  court costs for defense.

3.  interest accruing on a judgment entered against **you**, but only on that part of a judgment entered against **you**, which does not exceed **our** limits of liability, until such time as **we** have paid, formally offered, or conditionally or unconditionally deposited in court, the amount for which

CV-2022-01-0143          MCLAUGHLIN, KELLY          05/23/2022 09:04:16 AM          EXTO



we are liable under this policy. Interest will be paid only on that part of a judgment entered against **you** which does not exceed **our** limits of liability. This means that under no circumstances will **we** pay interest on that part of a judgment entered against **you** which exceeds **our** stated limits of liability.

4. premiums on appeal bonds and on bonds to release attachments, but not in excess of **our** limit of liability. **We** have no obligation, however, to apply for or furnish these bonds.

**We** will reimburse an **insured person** for:

1. the cost of any bail bonds required because of an accident or traffic law violation involving the use of the **insured auto**. Payment won't exceed $300 per bond. **We** have no obligation to apply for or furnish a bond.

2. reasonable expenses incurred by an **insured person** for first aid to other persons at the time of a motor vehicle accident involving the **insured auto**.

## Additional Definitions For Part 1

1. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Liability Insurance – Bodily Injury and Property Damage**. This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**;
   d) a **non-owned auto**; or
   e) a **trailer** or **travel-trailer**.

2. **Insured Person** means:
   a) While using **your insured auto**:
      1) **you**;
      2) any **resident**; and
      3) any other person using it with **your** permission.
   b) While using a **non-owned auto**:
      1) **you**; and
      2) any **resident** relative.

3. **Non-owned Auto** means an **auto** used by **you** or a **resident** relative with the owner's permission but which is not:
   a) owned by **you** or a **resident** relative; or
   b) available or furnished for the regular use of **you** or a **resident** relative.

   However, an **auto** owned by, or available or furnished for the regular use of, a **resident** relative shall be considered a **non-owned auto** with respect to:
   a) **you**, provided it is not owned by **you** or available or furnished for **your** regular use; and

   b) any **resident** relative who does not own the **auto** and for which the **auto** is not available or furnished for that person's regular use, provided the **auto** is not owned by **you** or available or furnished for **your** regular use.

## Exclusions—What Is Not Covered

**We** will not pay for any damages an **insured person** is legally obligated to pay because of:

1. **bodily injury** or property damage resulting from the ownership, maintenance or use, loading or unloading of the **insured auto** by any person as an employee of the United States government, while acting within the scope of such employment. This exclusion applies only if the provisions of the Federal Tort Claims Act, as amended, require the Attorney General of the United States to defend that person in any civil action or proceeding which may be brought for the **bodily injury** or property damage.

2. **bodily injury** or property damage arising out of the use of:
   a) an **insured auto** while used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

3. **bodily injury** or property damage arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

4. **bodily injury** or property damage arising out of motor vehicle business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of motor vehicles. However, this exclusion does not apply to **you**, **resident** relatives, partners or employees of the partnership of which **you** or a **resident** relative are a partner, when using **your insured auto**.

5. **bodily injury** or property damage arising out of the use of a **non-owned auto** in any business or occupation of an **insured person**. However, this exclusion does not apply while **you**, **your** chauffeur, or domestic servant is using an **auto**, **travel-trailer** or **trailer**.

6. **bodily injury** or property damage arising out of the ownership, maintenance or use of a motor vehicle with less than four wheels.

7. **bodily injury** to an employee of any **insured person** arising out of or in the course of employment. This exclusion does not apply to **your** domestic employee who is not required to be covered by a workers' compensation law or similar law.

8. **bodily injury** to a co-worker injured in the course of employment. This exclusion does not apply to **you**.

9. damage to or destruction of property an **insured person** owns, transports, is in charge of, or rents from others. This exclusion does not apply to a private residence or a garage rented by an **insured person**.

10. **bodily injury** or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
    a) such **insured person** lacks the mental capacity to control or govern his or her conduct;
    b) such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury** or property damage;
    c) such **bodily injury** or property damage is of a different kind or degree than intended or reasonably expected; or
    d) such **bodily injury** or property damage is sustained by a different person than intended or reasonably expected.

    This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

    This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

11. **bodily injury** or property damage which would also be covered under nuclear energy liability insurance. This applies even if the limits of that insurance are exhausted.

12. **bodily injury** or property damage arising out of the participation in any prearranged, organized, or spontaneous:
    a) racing contest;
    b) speed contest; or
    c) use of an **auto** at a track or course designed or used for racing or high performance driving;
    or in practice or preparation for any contest or use of this type.

13. **bodily injury** or property damage arising out of the use of a **trailer** or **travel-trailer** that is not attached to an **auto** which is an **insured auto**. However, this exclusion does not apply if the **trailer** or **travel-trailer** suddenly and accidentally becomes detached from such **auto** immediately before the accident.

14. any liability an **insured person** assumes arising out of any contract or agreement.

15. **bodily injury** or property damage arising out of the discharge of a weapon.

16. **bodily injury** or property damage arising out of the use of a **trailer** or **travel-trailer** while it is parked for use as a residence, or as an office, display space, or storage space.

## Financial Responsibility

When this policy is certified as proof under a motor vehicle financial responsibility law, the insurance under this part of the policy will comply with the provisions of that law.

## Limit Of Liability

The limits shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage** are the maximum **we** will pay for any single accident involving an **insured auto**. The limit stated for each person for **bodily injury** is **our** total limit of liability for all damages because of **bodily injury** sustained by one person, including all damages sustained by anyone else as a result of that **bodily injury**. Subject to the limit for each person, the limit stated for each accident is our total limit of liability for all damages for **bodily injury**. For property damage, the limit stated for each accident is **our** total limit of liability for property damage sustained in any single accident involving an **insured auto**.

The limits shown on the Policy Declarations for **Automobile Liability Insurance – Bodily Injury and Property Damage** may not be added to the limits for similar coverage applying to other motor vehicles to determine the limit of insurance coverage available. This applies regardless of the number of:
1. policies involved;
2. vehicles involved;
3. persons covered;
4. claims made;
5. vehicles or premiums shown on the Policy Declarations; or
6. premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF **AUTOMOBILE LIABILITY INSURANCE-BODILY INJURY AND PROPERTY DAMAGE** WHATSOEVER WILL BE ALLOWED BY THIS POLICY.

If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest limit shown on the Policy Declarations for any one **auto** will apply.

An **auto** and attached **trailer** or **travel-trailer** are considered one vehicle. Also, an **auto** and a mounted camper unit, topper, cap, or canopy are considered one vehicle.

## If There Is Other Insurance

If more than one policy applies on a primary basis to an accident involving **your insured auto**, **we** will bear **our** proportionate share with other collectible liability insurance.

If an **insured person** is using a **substitute auto** or **non-owned auto**, **our** liability insurance will be excess over other collectible insurance.

Other collectible insurance and other collectible liability insurance includes any form of self-insurance.

CV-2022-01-0143   MCLAUGHLIN, KELLY   05/23/2022 09:01:16 AM   EXTO



### Bankruptcy Or Insolvency

The bankruptcy or insolvency of an **insured person** or that person's estate will not relieve **us** of any obligation under this Part 1 of the policy.

### Additional Interested Parties

If one or more additional interested parties are listed on the Policy Declarations, the Automobile Liability Insurance coverages of this policy will apply to those parties as insureds.

**We** will mail or deliver at least 10 days' notice to an additional interested party if **we** cancel or make any changes to this policy which adversely affect that party's interest. **Our** notice will be considered properly given if mailed to the last known address of the additional interested party or if delivered electronically to such party.

The naming of an additional interested party does not increase that party's right to recovery under this policy, nor does it impose an obligation for the payment of premiums under this policy.

# Part 2
# Automobile Medical Payments
# Coverage CC

## General Statement Of Coverage

If a premium is shown on the Policy Declarations for **Automobile Medical Payments**, **we** will pay to or on behalf of an **insured person** reasonable expenses actually incurred by the **insured person** for necessary medical treatment, medical services or medical products actually provided to the **insured person** by a state licensed health care provider. Ambulance, hospital, medical, surgical, X-ray, dental, orthopedic and prosthetic devices, professional nursing services, pharmaceuticals, eyeglasses, and hearing aids are covered. In addition, funeral expenses are covered if a **motor vehicle** accident results in death of an **insured person** and:

1. the Policy Declarations indicates **your** policy includes **Automobile Death Indemnity Insurance**, but no benefit is payable for death of that person under **Automobile Death Indemnity Insurance**; or
2. the Policy Declarations does not indicate **your** policy includes **Automobile Death Indemnity Insurance**.

**We** will not pay for experimental procedures or treatments for research projects or research purposes.

Payment will be made only when **bodily injury** is caused by a **motor vehicle** accident.

Medical treatment, medical services or provision of medical products must begin within 90 days of the date of the accident. The treatment, services, or products must be rendered within three years after the date of the accident.

This coverage does not apply to any person to the extent that the treatment is covered under any workers' compensation law.

## Additional Definitions For Part 2

1. **Insured Auto** means an **auto you** own which is described on the Policy Declarations and for which a premium is shown for **Automobile Medical Payments**. This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**;
   d) a **non-owned auto**; or
   e) a **trailer** or **travel-trailer**.

2. **Insured Person(s)** means:
   a) **You** and any **resident** relative who sustains **bodily injury** while in, on, getting into or out of, or getting on or off of, an **auto**, **trailer**, or **travel-trailer**, or when struck as a pedestrian by a **motor vehicle**, **trailer**, or **travel-trailer**. The use of a **non-owned auto** must be with the owner's permission.

   b) Any other person who sustains **bodily injury** while in, on, getting into or out of, or getting on or off of:
      (1) **your insured auto** while being used as a vehicle by **you**, a **resident** relative, or any other person with **your** permission.
      (2) a **non-owned auto**, **trailer** or **travel-trailer** if the injury results from the operation or occupancy by:
         (a) **you**;
         (b) **your** private chauffeur or domestic servant on **your** behalf; or
         (c) a **resident** relative.

3. **Motor Vehicle** means a land motor vehicle designed for use on public roads.

## Exclusions—What Is Not Covered

This coverage does not apply to **bodily injury**:

1. intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to control or govern his or her own conduct;
   b) such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause **bodily injury**;
   c) such **bodily injury** is of a different kind or degree than intended or reasonably expected; or
   d) such **bodily injury** is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

2. to **you** or a **resident** relative while in, on, getting into or out of, or getting on or off of, an auto owned by **you** or a **resident** relative, or an **auto** available or furnished for the regular use of **you** or a **resident** relative, which is not insured for this coverage.

3. to **you** or a **resident** relative while in, on, getting into or out of, getting on or off of, or struck as a pedestrian by:
   a) a vehicle operated on rails or crawler-treads; or
   b) a vehicle or other equipment designed for use off public roads, while not on public roads.

4. to any person arising out of the use of:
   a) an **insured auto** while used by an **insured person** to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

5. to any person arising out of the use of **your insured auto** while it is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

6. to any person arising out of the ownership, maintenance, or use of a **motor vehicle** with less than four wheels.

7. to any person, other than **you** or a **resident** relative, while using a **non-owned auto**:
   a) in **motor vehicle** business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of **motor vehicles**; or
   b) in any other business or occupation. This item b) does not apply to **you** or **your** private chauffeur or domestic servant while using an **insured auto**.

8. resulting from:
   a) war, whether declared or undeclared;
   b) warlike acts;
   c) invasion;
   d) insurrection;
   e) rebellion;
   f) revolution;
   g) civil war;
   h) usurped power; or
   i) destruction for a military purpose; or

   j) action taken by civil, governmental or military authority to hinder or defend against an actual or impending enemy act.

9. to any person arising out of the participation in any prearranged, organized, or spontaneous:
   a) racing contest;
   b) speed contest; or
   c) use of an **auto** at a track or course designed or used for racing or high performance driving;
   or in practice or preparation for any contest or use of this type.

10. to any person or dependent of a person to the extent that such person or dependent has received benefits provided by the U.S. government under a contract of employment including past or present military duty.

    **We** will reimburse the U.S. government, as required in Chapter 55 of Title 10 of the U.S. Code, for expenses covered under this part of the policy when it incurs such expenses on behalf of an **insured person** through a facility of the uniformed services.

11. to any person arising solely out of the discharge of a weapon.

12. to any person while in, on, getting into or out of, or getting on or off of, a **trailer** or **travel-trailer** while it is parked for use as a residence, or as an office, display space, or storage space.

13. to any person while in, on, getting into or out of, or getting on or off of, a **trailer** or **travel-trailer** that is not attached to an **auto** which is an **insured auto**. However, this exclusion does not apply if the **trailer** or **travel-trailer** suddenly and accidentally becomes detached from such **auto** immediately before the accident.

## Limit Of Liability

The limit shown on the Policy Declarations for **Automobile Medical Payments** is the maximum **we** will pay for all expenses incurred by or for each person as the result of any one **motor vehicle** accident.

The limit shown on the Policy Declarations for **Automobile Medical Payments** may not be added to the limit(s) for similar coverage applying to other **motor vehicles** to determine the limit of insurance coverage available. This applies regardless of the number of:
1. policies involved;
2. vehicles involved;
3. persons covered;
4. claims made;
5. vehicles or premiums shown on the Policy Declarations; or
6. premiums paid.

THIS MEANS THAT NO STACKING OR AGGREGATION OF **AUTOMOBILE MEDICAL PAYMENTS** WHATSOEVER WILL BE ALLOWED BY THIS POLICY.



If none of the **autos** shown on the Policy Declarations is involved in the accident, the highest **Automobile Medical Payments** limit shown on the Policy Declarations for any one **auto** will apply.

If an **insured person** dies as the result of a covered **motor vehicle** accident and funeral expenses for that **insured person** are covered under **Automobile Medical Payments**, **we** will pay the least of the following as a funeral expenses benefit:

1. $2,000;

2. the **Automobile Medical Payments** limit stated on the Policy Declarations; or

3. the remaining portion of the **Automobile Medical Payments** limit not expended for other covered medical expenses.

This funeral expenses benefit does not increase, and will not be paid in addition to, the limit shown on the Policy Declarations for **Automobile Medical Payments**. This benefit is payable to the deceased **insured person's** spouse if a **resident** of the same household at the time of the accident. However, if the deceased is a minor, the benefit is payable to either parent who is a **resident** of the same household at the time of the accident. In all other cases, the benefit is payable to the deceased **insured person's** estate.

### Non-Duplication
There will be no duplication of payments made under the **Automobile Medical Payments** coverage of this policy and any other coverage of this policy. All payments made to or on behalf of any person under this coverage will be considered as advance payments to that person. Any amount payable for **bodily injury** to an **insured person** under any other coverages of this policy will be reduced by that amount.

### What To Do If There Is A Loss: Additional Duties
The injured person may be required to take medical examinations by physicians **we** choose, as often as **we** reasonably require. If the injured person does not attend a required and scheduled medical examination and **we** are charged for that examination, coverage under this part of the policy will be reduced by the incurred cost of the examination.

The **insured person** must provide any information **we** request to support compliance with Medicare or other governmental reporting requirements or other medical coverage reporting requirements.

### Unreasonable Or Unnecessary Medical Expenses
If the **insured person** incurs medical expenses which **we** deem to be unreasonable or unnecessary, **we** may refuse to pay for those medical expenses and contest them.

If the **insured person** is sued by a medical services provider because **we** refuse to pay medical expenses which **we** deem to be unreasonable or unnecessary, **we** will pay resulting defense costs, and pay any resulting judgment against the **insured person**, up to the limit shown on the Policy

Declarations for **Automobile Medical Payments**. **We** will choose the counsel. The **insured person** must cooperate with **us** in the defense of any claim or lawsuit. If **we** ask the **insured person** to attend hearings or trials, **we** will pay up to $100 per day for loss of wages or salary. **We** will also pay other reasonable expenses incurred at **our** request.

No **insured person** may sue **us** for medical expenses **we** deem unreasonable or unnecessary unless:

1. the **insured person** has paid the entire disputed amount to the medical services provider; or

2. the medical services provider has expressly threatened or initiated collection activity toward the **insured person**.

### If There Is Other Insurance
When this coverage applies to a **substitute auto** or **non-owned auto**, **we** will pay only after all other collectible **auto** medical insurance has been exhausted. When this coverage applies to a **replacement auto** or **additional auto**, this policy will not apply if **you** have other collectible **auto** medical insurance.

# Part 3
# Protection Against Loss To The Auto

Other information applicable to all these coverages appears after all the coverage descriptions.

### Auto Collision Insurance
### Coverage DD
If a premium for **Auto Collision Insurance** is shown for an **auto**, **trailer** or **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to:

1. that **auto**, or its **replacement auto**;

2. that **trailer** or **travel-trailer**;

3. an **additional auto**;

4. a **non-owned auto**; or

5. a **trailer** or **travel-trailer** that is not described on the Policy Declarations while it is attached to an **insured auto**;

from a collision with another object or by upset of such auto, trailer or **travel-trailer**.

### Auto Comprehensive Insurance
### Coverage HH
If a premium for **Auto Comprehensive Insurance** is shown for an **auto**, **trailer** or **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss not caused by collision, to:

1. that **auto**, or its **replacement auto**;

2. that **trailer** or **travel-trailer**;

3. an **additional auto**;

4. a **non-owned auto**; or

5. a **trailer** or **travel-trailer** that is not described on the Policy Declarations while it is attached to an insured **auto**.

Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered. Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered. Plastic or other materials used by the manufacturer as substitutes for glass will also be considered glass. If by agreement between **you** and **us**, glass is repaired rather than replaced, the deductible amount will not be subtracted from a glass breakage loss.

## Contents Coverage
### Coverage HC

If a limit for **Contents Coverage** is shown for a **travel-trailer** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss caused by Fire or Lightning to the following property, provided the property is contained in, attached to, or being used in connection with the **travel-trailer** for which **Contents Coverage** is purchased:

1.  Radio and television antennas, awnings, cabanas or equipment designed to create additional living facilities while the **travel-trailer** is off public roads.
2.  Household furniture or other personal property belonging to **you** or a **resident** relative.

This coverage does not apply to:

1.  Property permanently attached to the **travel-trailer**.
2.  Articles carried or held as samples or for sale, storage or repair, or for delivery.
3.  Merchandise kept for exhibition or sale; or theatrical wardrobes.
4.  Business or office furniture or appliances.
5.  Records or accounts, currency, coins, banknotes, bullion, deeds, contracts or evidences of debt, securities, tokens or tickets, revenue or other stamps in current use, manuscripts, art objects and animals.

The limit of **our** liability for this coverage is shown on the Policy Declarations, and applies regardless of the number of items involved in the loss.

## Roadside Coverage
### Coverage JJ

If a premium for **Roadside Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay costs for labor performed at the initial place of disablement and for towing made necessary by the disablement of that **auto** (or its **replacement auto**) or a **non-owned auto**. **We** will not pay for supplies or parts required by the disablement.

The total limit of **our** liability for towing and labor arising out of a single disablement is stated on the Policy Declarations.

**We** will not pay for:

1.  labor not related to the disablement, including installation of products or material not related to the disablement; or
2.  labor or repair work performed at a service station, garage, or repair shop.

## Transportation Expense Coverage
### Coverage UU

If a premium for **Transportation Expense Coverage** is shown for an **auto** described on the Policy Declarations, and **you** have a covered loss under **Auto Collision Insurance** or **Auto Comprehensive Insurance** that involves that **auto** (or its **replacement auto**), **we** will:

1.  reimburse **you** for **your** cost of renting an **auto** from a rental agency or garage; and
2.  pay for reasonable alternate transportation expenses **you** have either incurred, or **you** and **we** agree **you** will incur;

while **your insured auto** is disabled or being repaired. **You** agree to retain receipts for any expenses **you** incur and promptly provide them to **us** at **our** request.

If **your insured auto** is disabled by a collision or comprehensive loss, coverage starts the day of the loss. If **your** entire **insured auto** is stolen, coverage begins the day **you** report the theft to **us**. If **your insured auto** is drivable, coverage starts the day the **auto** is left at the repair facility for repairs, provided the necessary parts are available and the repair facility is ready to start the repairs at the time the **auto** is left at the facility.

Coverage ends when whichever of the following occurs first:

1.   completion of the repairs to **your insured auto**;
2.  if **your insured auto** is stolen, seven calendar days after **we** disclose **our** evaluation of the **insured auto's** actual cash value. However, if **your** stolen **auto** is recovered, coverage will end as soon as **your auto** is returned to use; or
3.  if **your insured auto** is deemed by **us** to be a total loss, seven calendar days after **we** disclose **our** evaluation of the **insured auto's** actual cash value.

The limit of **our** liability for **Transportation Expense Coverage** is shown on the Policy Declarations. In no event will the amount **we** pay for expenses incurred (or to be incurred) on a given day exceed the per day amount shown on the Policy Declarations, and in no event will **we** pay for expenses incurred (or to be incurred) for more days than the number of days shown on the Policy Declarations. **We** will not pay charges incurred in connection with a rented **auto** other than the daily rental rate.

**Transportation Expense Coverage** does not apply to a collision or comprehensive loss disabling a **trailer** or a **travel-trailer** but not an **insured auto**.

## Sound System Coverage
### Coverage ZA

If a premium for **Sound System Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to a **sound system** installed in or on that **auto** (or its **replacement auto**).



Sound System Coverage applies only if:

1. the **sound system** is damaged by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;

2. the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or

3. physical damage is done to both the **sound system** and the **auto** caused by earthquake, explosion, falling objects, fire, lightning, flood, vandalism or malicious mischief, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

The limit of **our** liability for this coverage is shown on the Policy Declarations.

## Portable Electronics And Media Coverage
## Coverage ZZ

If a premium for **Portable Electronics And Media Coverage** is shown for an **auto** described on the Policy Declarations, **we** will pay for sudden and accidental direct physical loss to personal electronic devices or recording media that is:

1. in or on that **auto** (or its **replacement auto**) at the time of the loss; and
2. owned by **you** or a **resident** relative.

**Portable Electronics And Media Coverage** applies only if:

1. the property described in this coverage is damaged by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;

2. the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or

3. physical damage is done to both the **auto** and to the property described in this coverage caused by earthquake, explosion, falling objects, fire, lightning, flood, vandalism or malicious mischief, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

For purposes of this coverage only, personal electronic devices are personal devices not installed in or on **your insured auto** by bolts, brackets, or other similar means, which are designed for:

1. voice, video or data transmission, or for voice, video or data reception;
2. recording or playing back recorded material; or
3. supplying power to cellular or similar telephone equipment.

Recording media includes, but is not limited to, portable hard drives, solid-state drives, flash drives, compact discs, tapes, and similar items.

This coverage will not apply to any personal property specifically described, and insured or otherwise protected for the loss, by any other insurance or by a service contract. This coverage will not apply to property that would be covered under **Sound System Coverage** if purchased.

The limit of **our** liability for this coverage is shown on the Policy Declarations, and applies regardless of the number of items involved in the loss.

## Additional Payments We Will Make Under Part 3

1. **We** will pay up to $200 for loss of clothing and personal luggage, including its contents, belonging to **you** or a **resident** relative while it is in or upon **your insured auto**. This is the maximum **we** will pay, regardless of the number of vehicles insured or items damaged or lost. This item 1 does not apply if the **insured auto** is a **travel-trailer**.

   This coverage applies only when:

   a) the loss is caused by collision of the **auto** with another object or by upset of the **auto**, and **your** policy includes **Auto Collision Insurance** that applies to that **auto**; or

   b) the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**; or

   c) physical damage is done to both the **auto** and to the clothing and luggage caused by earthquake, explosion, falling objects, fire, lightning or flood, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

2. **We** will pay general average and salvage charges imposed when **your insured auto**, **trailer** or **travel-trailer** is being transported if **your** policy includes **Auto Collision Insurance** or **Auto Comprehensive Insurance** that applies to the loss to that **auto**, **trailer** or **travel-trailer**.

3. **We** will pay up to $500 to re-key **your insured auto** and to have any reprogramming associated with the new keys performed, if the entire **auto** is stolen and later recovered and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

4. **We** will pay to replace a child passenger restraint system if it is:

   a) in use at the time of a covered **Auto Collision Insurance** loss involving **your insured auto**;

   b) damaged in a loss caused by collision of **your insured auto** with another object or by upset of **your insured auto** and **your** policy includes **Auto Collision Insurance** that applies to that **auto**;

   c) in **your insured auto** when the entire **auto** is stolen, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**. This applies even if the child restraint system is subsequently returned; or

   d) damaged in a loss involving **your insured auto** not caused by collision, and **your** policy includes **Auto Comprehensive Insurance** that applies to that **auto**.

## Additional Definitions For Part 3

1. **Camper Unit** means a demountable unit designed to be used as temporary living quarters, including all equipment and accessories built into and forming a permanent part of that unit. A camper unit does not include:

   a) caps, tops, or canopies designed for use as protection of the cargo area of an **auto** of the pick-up body type; or

   b) radio or television antennas, awnings, cabanas, or equipment designed to create additional off-highway living facilities.

2. **Custom Parts or Equipment** means equipment, devices, accessories, enhancements, and changes, permanently installed in or on an **insured auto**, other than those offered by the manufacturer of the **auto** specifically for that model or installed by the **auto** dealership when new as part of the original sale, which alter the appearance or performance of an **auto**. This does not include items designed for assisting disabled persons or items covered under **Sound System Coverage**.

3. **Insured Auto** means an **auto you** own which is described on the Policy Declarations. This also includes:
   a) its **replacement auto**;
   b) an **additional auto**;
   c) a **substitute auto**; or
   d) a **non-owned auto**; or
   e) a **trailer** or **travel-trailer** that is not described on the Policy Declarations, while it is attached to an **auto you** own which is described on the Policy Declarations or to an **auto** described in a) through d) above.

4. **Insured Person** means:
   a) While using **your insured auto**:
      (1) **you**;
      (2) any **resident**; and
      (3) any other person using it with **your** permission.
   b) While using a **non-owned auto**:
      (1) **you**; and
      (2) any **resident** relative.

5. **Sound System** means any device permanently installed inside **your insured auto** by bolts, brackets, or other similar means, designed for:
   a) voice, video or data transmission, or for voice, video or data reception;
   b) recording or playing back recorded material; or
   c) supplying power to cellular or similar telephone equipment;
   and which is installed in a location other than the one designed by the **auto's** manufacturer for that type of device.

   A **sound system** also includes antennas or other apparatus in or on **your insured auto** used specifically with a device described in the previous paragraph, if permanently installed. A **sound system** does not include any equipment that is externally exposed except for antennas.

## Exclusions—What Is Not Covered

**We** will not cover:
1. loss intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of an **insured person**. This exclusion applies even if:
   a) such **insured person** lacks the mental capacity to control or govern his or her own conduct;

   b) such **insured person** is temporarily insane or temporarily lacks the mental capacity to control or govern his or her conduct or is temporarily unable to form any intent to cause property damage;
   c) the loss is of a different kind or degree than intended or reasonably expected; or
   d) the loss is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether an **insured person** is actually charged with, or convicted of, a crime.

   This exclusion precludes coverage for all **insured persons** under the policy regardless of whether the person seeking coverage participated in any way in the intentional or criminal acts or omissions.

2. loss arising out of the use of:
   a) an **insured auto** used to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.

   This exclusion does not apply to **shared-expense car pools**.

3. loss to any **non-owned auto** arising out of motor vehicle business operations such as repairing, servicing, testing, washing, parking, storing, leasing, or selling of motor vehicles.

4. loss resulting from:
   a) war, whether declared or undeclared;
   b) warlike acts;
   c) invasion;
   d) insurrection;
   e) rebellion;
   f) revolution;
   g) civil war;
   h) usurped power;
   i) destruction for a military purpose; or
   j) action taken by civil, governmental or military authority to hinder or defend against an actual or impending enemy act.

5. loss resulting from nuclear hazard, meaning nuclear reaction, discharge, radiation or radioactive contamination, or any consequence of any of these.

6. loss consisting of or caused by:
   a) wear and tear;
   b) freezing;
   c) mechanical or electrical breakdown; or
   d) mold, fungus, or bacteria.

   This exclusion does not apply to:



a) mechanical or electrical breakdown resulting from a loss otherwise covered under **Auto Comprehensive Insurance** or **Auto Collision Insurance**; or

b) covered loss that results from burning of wiring used to connect electrical components.

7. loss to tires unless stolen or damaged by fire, malicious mischief or vandalism. This exclusion does not apply if the damage to tires occurs at the same time and from the same cause as other covered loss to the **insured auto**.

8. loss to any **sound system** in or on an **insured auto**.

   This exclusion will not apply when **you** have purchased **Sound System Coverage** and the loss to the **sound system** is covered under that coverage.

9. loss to any personal electronic devices or recording media. This exclusion will not apply if **you** have purchased **Portable Electronics And Media Coverage** and the loss to the personal electronic devices or recording media is covered under that coverage.

10. loss to a **camper unit** whether or not mounted. This exclusion will not apply if the **camper unit** is described on the Policy Declarations.

11. loss to appliances, furniture, equipment and accessories contained in, attached to, or being used in connection with a **travel-trailer**, that are not built into or forming a permanent part of that **travel-trailer**, including but not limited to, radio and television antennas, awnings, cabanas, or equipment designed to create additional living facilities.

    This exclusion will not apply to property contained in, attached to, or being used in connection with an insured **travel-trailer** if **Contents Coverage** is listed on **your** Policy Declarations for that **travel-trailer** and the property is covered under that coverage.

12. loss arising while **your insured auto**, **trailer**, or **travel-trailer** is rented to, leased to, or loaned for a charge to, any person or organization by or with the permission of an **insured person**.

13. loss arising out of participation in any prearranged, organized, or spontaneous:
    a) racing contest;
    b) speed contest; or
    c) use of an **auto** at a track or course designed or used for racing or high performance driving;
    or use in practice or preparation for any contest of this type.

14. loss consisting of or caused by confiscation or seizure by a government authority.

15. loss due to conversion or embezzlement by any person who has the vehicle due to any lien or sales agreement.

16. loss to home, office, store, display, or passenger **trailers** or **travel-trailers**. This exclusion will not apply if **Auto Collision Insurance** or

**Auto Comprehensive Insurance** is listed on the Policy Declarations for the **trailer** or **travel-trailer** and the loss is covered under the listed coverage.

17. loss to any device that is designed for the detection of radar or laser and can be used to evade law enforcement.

18. loss to any **custom parts or equipment** designed for racing which are installed in or on **your insured auto**. This includes, but is not limited to, nitrous oxide systems, roll cages, and air intake modifications.

19. loss arising from a collision of **your auto**, or **your trailer** or **travel-trailer**, with another object or by upset of that **auto**, **trailer** or **travel-trailer** if, at the time of the loss, the **auto** was being operated by a licensed driver who was not listed on **your** Policy Declarations as a driver and who was either:
    a) a **resident**; or
    b) a guest temporarily staying in **your** home.

    **We** will not apply this exclusion under the following circumstances:
    a) The driver operating the **auto** became a **resident**, a guest temporarily staying in **your** home, or a licensed driver no more than 185 days prior to the loss;
    b) At the time of the loss, the driver was listed as an insured or licensed operator under another policy of insurance that provides automobile liability insurance coverage for their use of **your auto**;
    c) At the time of the loss, the driver was operating the **auto**:
       i) for the purpose of obtaining emergency medical treatment for a passenger in the **auto**; or
       ii) because of the intoxicated condition of all other licensed drivers in the **auto**, and the driver was not legally intoxicated. Coverage will not apply unless a police accident report is obtained at the scene of the accident or, if a police accident report is not available at the scene of the accident, as soon as possible thereafter.

## Our Payment Of Loss
**We** may pay for the loss in money, or may repair or replace the damaged or stolen property at **our** option. **We** may, at any time before the loss is paid or the property is replaced, return at **our** own expense any stolen property, either to **you** or at **our** option to the address shown on the Policy Declarations, with payment for any resulting damage. **We** may take all or part of the property at the agreed or appraised value. **We** may settle any claim or loss either with **you** or the owner of the property.

## Right To Appraisal
Both **you** and **we** have a right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will select an umpire. Each appraiser will state the actual cash value and the amount of loss. If the appraisers disagree, they'll submit their differences to the umpire. A

written agreement by any two of these three persons will determine the amount of the loss.

## Limit Of Liability

**Our** limit of liability is the least of:

1. the actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation;

2. the cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the vehicle's manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to all applicable state laws and regulation;

3. the limit of liability shown on the Policy Declarations applicable to the damaged property. If the amount of the covered loss to the damaged property plus the cost of towing and storage for the damaged property exceeds the limit of liability shown on the Policy Declarations, **we** will pay up to an additional 5% of the limit shown for such towing and storage;

4. $500, if the loss is to a covered **trailer** or **travel-trailer** not described on the Policy Declarations; or

5. for loss to **custom parts or equipment**, the higher of $1,000 or the applicable limit shown on the Policy Declarations for **Collision Coverage for Custom Equipment** or **Comprehensive Coverage for Custom Equipment**.

Any applicable deductible amount is then subtracted. However:

1. If more than one **auto** **you** own and insure under this policy is damaged in a single collision covered under **Auto Collision Insurance** or by a single covered event covered under **Auto Comprehensive Insurance**, only the highest of the applicable **auto** deductibles (without consideration of any applicable deductible rewards) will be applied.

2. If an **insured person** using an **insured auto**, or a passenger in an **insured auto** with **your** permission, dies as a direct result of a collision covered under the **Auto Collision Insurance** of this policy, the deductible will not be applied to that accident. If such death occurs after the deductible has already been applied, **you** will be reimbursed for the deductible amount incurred.

If **we**, at **our** option, elect to pay for the cost to repair or replace the property or part, **our** liability does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement. If repair or replacement results in the betterment of the property or part, **you** may be responsible, subject to applicable state laws and regulations, for the amount of the betterment.

An **auto** and attached **trailer** or **travel-trailer** are considered separate items, and **you** must pay the deductible, if any, on each. Only one deductible will apply to an **auto** with a mounted **camper unit**. If unmounted, separate deductibles will apply to the **auto** and **camper unit**.

When more than one coverage is applicable to the loss, **you** may recover under the broadest coverage but not both. However, **Sound System Coverage**, if purchased, will provide coverage in excess of the limit for loss to **sound systems** provided under any other coverage.

## If There Is Other Insurance

If there is other insurance covering the loss at the time of the accident, **we** will pay only **our** share of any damages. **Our** share is determined by adding the limits of this insurance to the limits of all other insurance that applies on the same basis and finding the percentage of the total that **our** limits represent.

When this insurance covers a **substitute auto** or **non-owned auto**, **we** will pay only after all other collectible insurance has been exhausted.

When this insurance covers a **replacement auto** or **additional auto**, this policy won't apply if **you** have other collectible insurance.

## No Benefit To Bailee

This insurance will not benefit any person or organization who may be caring for or handling **your** property for a fee.

## Loss Payable Clause

If a Lienholder and/or Lessor is shown on the Policy Declarations, **we** may pay covered loss under this policy to **you** and to the Lienholder and/or Lessor as its interest may appear. **We** will pay neither **you** nor the Lienholder and/or Lessor if **you**, or someone at **your** direction, commits fraud, makes a material misrepresentation, or conceals material facts when obtaining or renewing this policy; or if **you** or any owner makes fraudulent statement(s) or engages in fraudulent conduct in connection with any loss for which coverage is sought.

The Lienholder and/or Lessor must notify **us** of any change in ownership or hazard that is known.

If **you** or any owner fails to render proof of loss within the time granted in the policy, the Lienholder and/or Lessor must do so within sixty days in the form and manner described in the policy. The Lienholder and/or Lessor are subject to the provisions of the policy relating to appraisal, time of payment and bringing suit.

**We** may cancel this policy according to its terms. **We** will notify the Lienholder and/or Lessor at least ten days prior to the date of cancellation that the cancellation is effective as to the interest of the Lienholder and/or Lessor.

Whenever **we** pay the Lienholder and/or Lessor any sum for loss under this policy, **we** will be subrogated to the extent of payment to the rights of the party to whom payment was made. However, **our** right to subrogate will not impair the rights of the Lienholder and/or Lessor to recover the full amount of its claim from the insured.

The Lienholder and/or Lessor has no greater rights under the provisions of the policy than the insured.

Policy endorsement



**You're in good hands.**

_The following endorsement changes your policy._
_Please read this document carefully and keep it with your poli    ._

## Automobile Death Indemnity Insurance Coverage CM – Form ACR67

If a premium is shown on the Policy Declarations for **Automobile Death Indemnity Insurance**, or if the Policy Declarations lists the coverage as being "Included," **we** will pay the benefit shown on the Policy Declarations if an **insured person** dies as a direct result of **bodily injury** caused by a covered accident involving a motor vehicle. The injury must be sustained while the **insured person** is in, on, getting into or out of, an **auto**, **trailer**, or **travel-trailer**, or when struck as a pedestrian by a motor vehicle, **trailer**, or **travel-trailer**. The use of a **non-owned auto** must be with the owner's permission.

If the Policy Declarations lists this coverage as being "Included," this coverage will not apply when death results from an accident occurring while **Automobile Liability Insurance** is in suspense for all **autos** shown on the Policy Declarations.

Benefits will be paid only if:
1. death occurs within 90 days of the accident; or
2. death occurs within 1 year of the accident and the **bodily injury** continuously has prevented the **insured person** from performing all duties pertaining to that person's occupation.

**Additional Definition For Automobile Death Indemnity Insurance**

**Insured Person** means **you** and any **resident** relative.

**Exclusions—What Is Not Covered**
This coverage does not apply to:
1. death sustained while in the course of an occupation by any person:
   a) while operating, loading, unloading, assisting on, or performing any other duties related to the use of a commercial motor vehicle; or
   b) in motor vehicle business operations such as repairing, servicing, testing, washing, parking, storing, leasing or selling of motor vehicles.
2. death arising out of the use of:
   a) an **auto** while used by an **insured person** to carry persons, products or property for any form of compensation, including but not limited to fees, delivery charges or wages generally; or
   b) any **auto** an **insured person** is driving while available for hire by the public.
   This exclusion does not apply to **shared-expense car pools**.
3. death due to suicide committed by an **insured person** while sane or insane.
4. death resulting from:
   a) war, whether declared or undeclared;
   b) warlike acts;
   c) invasion;
   d) insurrection;
   e) rebellion;
   f) revolution;
   g) civil war;
   h) usurped power;
   i) destruction for a military purpose; or
   j) action taken by civil, governmental or military authority to hinder or defend against an actual or impending enemy act.

5. death sustained while in, on, getting into or out of, or when struck as a pedestrian by:
   a) a vehicle operated on rails or crawler-treads;
   b) a vehicle or other equipment designed for use off public roads, while not on public roads; or
   c) a vehicle while used as a residence or as an office, display space, or storage space.
6. death arising out of the participation in any prearranged, organized or spontaneous:
   a) racing contest;
   b) speed contest; or
   c) use of an **auto** at a track or course designed or used for racing or high performance driving;
   or in practice or preparation for any contest or use of this type.
7. death arising solely out of the discharge of a weapon.
8. death of an **insured person** arising out of their operation of a motor vehicle owned by that person, or available or furnished for their regular use, if such motor vehicle is not an **insured auto** under **Automobile Liability Insurance** of this policy.

**Payment Of Benefits; Autopsy**
The benefit is payable to the deceased **insured person's** spouse. The spouse must be a **resident** of the same household as the **insured person** at the time of the accident.

However, if the deceased is a minor, the benefit is payable to either parent. That parent must be a **resident** of the same household as the minor at the time of the accident.

In all other cases, the benefit is payable to the deceased **insured person's** estate.

**We** have the right and must be given the opportunity to make an autopsy where it is not prohibited by law.

**Consent Of Beneficiary**
The beneficiary's consent is not required for cancellation, assignment, change of beneficiary, or any other change under this coverage.

**Action Against Us**
No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Automobile Death Indemnity Insurance**, unless there is full compliance with all policy terms and such action is commenced within one year of the date of death.

All other policy terms and conditions apply.

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

## Claim Satisfaction Guarantee Amendatory Endorsement – AP4878-1

### Claim Satisfaction Guarantee Premium Credit Eligibility Requirements

**You** are eligible to receive a credit under the Claim Satisfaction Guarantee Premium Credit provision below, if the following credit eligibility requirements are met:

1. **you** are dissatisfied for any reason with any aspect of the claims experience for a loss covered under **your** policy;

2. **your** policy is in force on the date of that covered loss;

3. the Claim Satisfaction Guarantee Amendatory Endorsement applied to **your** policy on the date of that covered loss;

4. **we** have made a payment to **you** or on **your** behalf for that covered loss;

5. **you** have not previously received a credit or payment under the Claim Satisfaction Guarantee Premium Credit provision in connection with that covered loss;

6. **you** have not previously received a credit or payment under the Claim Satisfaction Guarantee Premium Credit provision in connection with another covered loss occurring during the same policy period involving the same vehicle; and

7. **you** have provided notice of **your** dissatisfaction with the claims experience to **us** within 180 days of the date of that covered loss. The notice that **you** submit must include **your** name, address, claim number, date of loss, phone number and the reason that **you** are dissatisfied with the claims experience. The required notice must be submitted via first class mail to **our** Customer Care Center at the following address: Allstate Insurance, CSG, P.O. Box 13084, Roanoke, VA 24031-3084; or by other means made available by **us** for the express purpose of receiving notices of dissatisfaction pursuant to this endorsement.

### Claim Satisfaction Guarantee Premium Credit

**We** will give **you** a premium credit after **you** have met all of the Claim Satisfaction Guarantee Premium Credit Eligibility Requirements listed above**.** The credit will be in an amount equal to the six month premium listed on the Policy Declarations at the time of the covered loss for the vehicle listed on **your** Policy Declarations that was involved in the covered loss**.** If no vehicle listed on the Policy Declarations was involved in the covered loss, the premium credit will be equal to the premium for the vehicle listed on the Policy Declarations with the lowest premium amount.

If **your** policy has been in effect for more than six months at the time **we** receive **your** notice of dissatisfaction, the Claim Satisfaction Guarantee Premium Credit will be applied to **your** current policy period; however, if a premium credit amount exceeds the amount necessary to pay **your** policy period premium in full, **we** will either apply the remaining credit to **your** next policy period premium or **we** will pay **you** the remainder via check, at **our** discretion.

If **your** policy has been in effect for less than six months at the time **we** receive **your** notice of dissatisfaction, the Claim Satisfaction Guarantee Premium Credit will be applied to **your** policy renewal premium (if the premium credit amount exceeds **your** policy renewal premium, **we** will either apply the remaining premium credit to the next policy period premium or **we** will pay you the remainder via check during the policy renewal period, at **our** discretion); however, if **your** policy is cancelled during the policy period in which a covered loss occurred, the premium credit under this endorsement will not exceed the prorated premium charged by Allstate for the applicable vehicle for the policy period, nor will it exceed the total premium **you** actually paid for the policy period for all vehicles on the policy.

**Our** concurrence with any reasons **you** state for **your** dissatisfaction is not a condition of the Claim Satisfaction Guarantee Premium Credit Eligibility Requirements, and **our** provision of a premium credit under this endorsement does not mean that **we** agree with any reasons **you** stated for **your** dissatisfaction.

This endorsement will not apply to **your** policy for any policy periods effective June 1, 2020 or after**.**

All other policy terms and conditions apply.

AP4878-1 (09/16)

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEREN MCGIRR | CASE NO.: CV 2022 01 0143 |
| Plaintiff, | JUDGE: KELLY L. MCLAUGHLIN |
| -VS- | **DEFENDANT ALLSTATE INSURANCE** |
| | **COMPANY'S MOTION FOR SUMMARY** |
| MUNIR TRUCKING & TRANSPORT, | **JUDGMENT** |
| INC., et. al., | |
| Defendants. | |

Pursuant to Civ. R. 56 (B), defendant, Allstate Insurance Company ("Allstate"), moves the Court for summary judgment dismissing plaintiff's claims against Allstate. Plaintiff has no claim against Allstate upon which judgment can be granted. There is no genuine issue as to any material fact and Allstate is entitled to judgment as a matter of law. A brief in support of the present motion is attached hereto and incorporated herein.

Respectfully submitted,

/ s / Andrew S. Ledebur
_____
Andrew S. Ledebur/0095770
P.O. Box 832
Hudson, OH 44236
Telephone: (234) 571-7492
Fax Number: (877) 584-3080
Email: aledg@allstate.com
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## BRIEF IN SUPPORT OF DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

### I.   FACTS

Plaintiff Keren McGirr claims that they were injured as the result of a motor vehicle accident that occurred on or about January 22, 2020, which allegedly was caused by the negligence of the co-defendant, Javier Ro Yanes ("Yanes").[1]  Plaintiff has also asserted claims for uninsured/underinsured motorist ("UM/UIM") coverage benefits against Allstate Insurance Company ("Allstate").[2]

Shortly after the issue had been joined in the pleadings, it became evident that plaintiff does not have a viable UM/UIM claim against Allstate for two reasons:

(1) Plaintiff's policy of automobile insurance with Allstate at the time of the accident provided underinsured motorist ("UIM") coverage in the amount of $25,000 per person, not to exceed $50,000.00 per accident.[3]

(2) The alleged tortfeasor, Yanes, was driving a truck as an agent and/or employee of Munir Trucking and Transport ("Munir"), and had coverage from an insurance policy with Canal Insurance Company ("Canal") in effect at the time of the accident which provided liability coverage in the amount of $1,000,000.[4]

---

[1] See Complaint filed herein, paragraph 1.  The Complaint filed by plaintiffs in this case is hereafter referred to as "Complaint."

[2] Complaint, paragraphs 4-6.

[3] Affidavit of Amit Amolik (Allstate) and accompanying copy of the declarations pages, a copy of which is attached as Exhibit A.

[4] Certified copy of Canal's declarations page and policy which is admissible as a self-authenticating document under Evid. R. 902 (8), a copy of which is attached as Exhibit B.

2

On March 31, 2022, Allstate's attorney left a voicemail for Plaintiff's attorney requesting a voluntary dismissal. A follow-up email was sent the following day with attachments of Exhibit A and Exhibit B. On April 19, 2022, plaintiff's counsel responded that a voluntary dismissal would not be forthcoming pending her determination of Defendants Yanes and Munir liability.

## II.  LAW AND ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor.[5]  In responding to Allstate's motion for summary judgment, plaintiffs are not permitted to merely rely on allegations in the Complaint.[6] Rather, plaintiffs must come forward with evidence of specific facts showing that there is a genuine issue of material fact.[7]

### B.  PLAINTIFF IS NOT ENTITLED TO UNINSURED OR UNDERINSURED MOTORIST COVERAGE BECAUSE DEFENDANT MCGIRR IS NEITHER AN UNINSURED NOR UNDERINSURED MOTORIST

Plaintiff claims that they suffered bodily injury caused by Yanes' negligent driving.  That allegation is the foundation for the UM/UIM claim that Plaintiff has asserted against Allstate.

---

[5] *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339-340, 1993 Ohio 176, 617 N.E.2d 1123; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.

[6] *Carney v. Cleveland Heights-Univ. Heights City School Dist.* (2001), 143 Ohio App.3d 415, 423, 758 N.E.2d 234 ("In accordance with Civ. R. 56(E), a nonmovant may not rest upon the mere allegations or denials in his pleadings, but must set forth specific facts showing there is a genuine issue for trial.").  *See also Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324 ("summary judgment motion "requires the nonmoving party to go beyond the pleadings…").

[7] *Id.*

3

Yanes, as an agent and/or employee of Munir, had a commercial insurance policy with Canal in effect at the time of the accident with $1,000,000 liability coverage applicable to plaintiff's claims. *A fortiori,* Yanes was not an <u>uninsured</u> motorist at the time of the accident.

Neither was Yanes an <u>underinsured</u> motorist. Ohio Revised Code Section 3937.18 (C) provides, in part:

> Underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury…suffered by any insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are <u>less than</u> the limits for the underinsured motorist coverage. (Emphasis supplied.)

The limits of the Canal commercial liability policy ($1,000,000) are *far greater than*—not less than—the UM/UIM limits of plaintiff's policy with Allstate. Therefore, Yanes is not an underinsured motorist under Ohio law. As a matter of law and undisputed fact, plaintiff is not entitled to recover <u>underinsured</u> motorist benefits under their insurance policy with Allstate.

## III.   <u>CONCLUSION</u>

Yanes had liability insurance with liability coverage that applies to plaintiff's claims arising out of the automobile accident of January 22, 2020, if Yanes is found to be liable for such injuries. Yanes was not an <u>uninsured</u> motorist.

Yanes also was not an <u>underinsured</u> motorist. Regardless of the amount of plaintiff's damages that may have been incurred, plaintiff cannot access the UIM coverage of their policy with Allstate unless Yanes's liability limits with Canal are <u>less than</u> plaintiff's UIM limits with Allstate. Canal's liability limits are significantly greater than Allstate's UIM limits. Therefore, plaintiff's claim against Allstate for UIM benefits must fail as a matter of law and undisputed fact.

4

Plaintiff cannot sustain a UM/UIM claim against Allstate under any set of facts.

Therefore, summary judgment should be granted in favor of Allstate dismissing all of plaintiff's

claims against Allstate and dismissing Allstate from this action.

/ s / Andrew S. Ledebur
Andrew S. Ledebur/0095770
P.O. Box 832
Hudson, OH 44236
Telephone:  (234) 571-7492
Fax Number:  (877) 584-3080
Email:  aledg@allstate.com
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Summary Judgment was served

by ordinary U.S. Mail and/or electronic mail on May 20, 2022, to the following:

*Attorney for Plaintiff:*
Lorrie Fuchs, Esq.
3974 Wales Ave NW,
Massillon, OH 44646

/ s / Andrew S. Ledebur
Andrew S. Ledebur/0095770
Attorney for Defendant
ALLSTATE INSURANCE COMPANY

5

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **KEREN MCGIRR** ) | **CASE NO. CV 2022 01 0143** |
| ) | |
| **PLAINTIFF** ) | **JUDGE KELLY MCLAUGHLIN** |
| ) | |
| **VS.** ) | **PLAINTIFF'S MOTION FOR A TWENTY-** |
| ) | **ONE DAY EXTENSION TO FILE A** |
| **MUNIR TRUCKING AND TRANSPORT,** ) | **RESPONSE TO DEFENDANT ALLSTATE** |
| **INC., ET AL.** ) | **INSURANCE COMPANY'S MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| **DEFENDANTS** ) | |
| ) | |

The undersigned is requesting a twenty-one day extension to respond to Defendant Allstate Insurance Company's Motion for Summary Judgment due to the undersigned's vacation and trial schedule.

Respectfully submitted,

/s/ Lorrie E. Fuchs
**LORRIE E. FUCHS (#0034625)**
ATTORNEY FOR PLAINTIFF
3974 Wales Avenue NW
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090
Email: lefuchs@sssnet.com

## PROOF SERVICE

A copy of the foregoing was sent to Moriah Cheatham Williams, Attorney for Munir Trucking, via email to mcheathamwilliams@ralaw.com and Andrew Ledebur, Attorney for Allstate Insurance Company, via email to aledg@allstate.com on the 8th day of June, 2022.

/s/ Lorrie E. Fuchs
**LORRIE E. FUCHS**
ATTORNEY FOR PLAINTIFF

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

| | |
|---|---|
| **KEREN MCGIRR** ) | **CASE NO. CV 2022 01 0143** |
| ) | |
| **PLAINTIFF** ) | **JUDGE KELLY L. McLAUGHLIN** |
| ) | |
| **VS.** ) | **ORDER GRANTING PLAINTIFF A** |
| ) | **TWENTY-ONE DAY EXTENSION TO FILE** |
| **MUNIR TRUCKING AND TRANSPORT,** ) | **A RESPONSE TO DEFENDANT'S MOTION** |
| **INC., ET AL.** ) | **FOR SUMMARY JUDGMENT** |
| ) | |
| **DEFENDANTS** ) | |
| ) | |

Plaintiff is granted a twenty-one day extension to respond to Defendant's Allstate Insurance

Company's Motion for Summary Judgment.

_____
JUDGE KELLY L. McLAUGHLIN

Approved by:

/s/ Lorrie E. Fuchs
LORRIE E. FUCHS
ATTORNEY FOR PLAINTIFF

CV-2022-01-0143    MCLAUGHLIN, KELLY    07/13/2022 11:28:24 AM    PPIS    Page 1 of 1

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO.:  CV 2022 01 0143 |
| | ) | |
| **Plaintiff** | ) | JUDGE KELLY L. MCLAUGHLIN |
| | ) | |
| vs. | ) | <u>PLAINTIFF'S NOTICE TO</u> |
| | ) | <u>DISMISS ALLSTATE INSURANCE</u> |
| MUNIR TRUCKING & TRANSPORT, | ) | <u>AS A PARTY DEFENDANT</u> |
| INC., et al. | ) | |
| | ) | |
| **Defendants** | ) | |

Now comes the Plaintiff, by and through counsel, and gives notice to the Court of Plaintiff's decision to dismiss all claims against the Defendant, Allstate Insurance Company, pursuant to Ohio Civil Rule 41.A, without prejudice.

Respectfully submitted,

*Lorrie Fuchs*

**LORRIE E. FUCHS (#0034625)**
**ATTORNEY FOR PLAINTIFF**
**3974 Wales Ave., N.W.**
**Massillon, Ohio  44646**
**Phone:  330-830-4044**
**Fax:      330-830-4090**
**E-mail:  lefuchs@sssnet.com**

## PROOF OF SERVICE

A copy of the foregoing Motion and accompanying Judgment Entry was served upon Andrew S. Ledebur, Attorney for Allstate, via e-mail to aledg@allstate.com on the _13_ day of July, 2022.

*Lorrie Fuchs*

**LORRIE E. FUCHS**
**Attorney for Plaintiff**

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**   CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:   KELLY MCLAUGHLIN                    ORDER FILED:     07/13/2022

**NOTICE**
_____

TO:

ALLSTATE INSURANCE COMPANY
16686 Hilltop Park Place
Chagrin Falls, OH   44023

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:    KELLY MCLAUGHLIN                          ORDER FILED:    07/13/2022

**NOTICE**
_____

TO:

ALLSTATE INSURANCE COMPANY
PO Box 660636
Dallas, TX   75266

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:   KELLY MCLAUGHLIN                    ORDER FILED:    07/13/2022

**NOTICE**
_____

TO:

ANDREW S LEDEBUR
PO Box 832
Hudson, OH   44236

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order
has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE
INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:    KELLY MCLAUGHLIN                    ORDER FILED:      07/13/2022

**NOTICE**
_____

TO:

BRADLEY A WRIGHT
222 South Main Street
Akron, OH   44308

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:    KELLY MCLAUGHLIN                    ORDER FILED:    07/13/2022

**NOTICE**
_____

TO:

JAVVIER RO YANES
18339 Forest Dew Drive
Harris, TX   77449

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

_____

**CASE NUMBER:**   CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:   KELLY MCLAUGHLIN                    ORDER FILED:    07/13/2022

**NOTICE**

_____

TO:

KEREN MCGIRR
9839 Spencer Lake Rd.
Spencer, OH   44275

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:    KELLY MCLAUGHLIN                    ORDER FILED:    07/13/2022

**NOTICE**
_____

TO:

LORRIE E FUCHS
3974 WALES AVENUE NW
MASSILLON, OH   44646

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:    KELLY MCLAUGHLIN                        ORDER FILED:    07/13/2022

**NOTICE**
_____

TO:

MORIAH   CHEATHAM-WILLIAMS
222 South Main Street
Akron, OH   44308

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**   CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:   KELLY MCLAUGHLIN                          ORDER FILED:     07/13/2022

**NOTICE**
_____

TO:

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston, TX   77087

**Pursuant to Civil Rule 58 (B), the Clerk of Courts is required to notify you that the following order has been filed with our office:**

_____

PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE
INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A).

_____

July 14, 2022

Sandra Kurt
Summit County Clerk of Courts

## IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO. CV-2022-01-0143 |
| | ) | |
| Plaintiff | ) | JUDGE KELLY L. McLAUGHLIN |
| -vs- | ) | |
| | ) | |
| MUNIR TRUCKING & TRANSPORT, | ) | **O R D E R** |
| INC. | ) | |
| | ) | |
| Defendant | | |

- - -

Service on all defendants has not been perfected. Civ.R. 4(E) states in part:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The Court will dismiss the compliant without prejudice for failure to prosecute if service is not accomplished within thirty days.

IT IS SO ORDERED.

_____

JUDGE KELLY L. McLAUGHLIN

CC:  ATTORNEY LORRIE E. FUCHS
     ATTORNEY BRADLEY A. WRIGHT
     ATTORNEY MORIAH CHEATHAM-WILLIAMS

PEZ

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

---

**CASE NUMBER:**   CV-2022-01-0143

---

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:   KELLY MCLAUGHLIN                    ORDER FILED:   08/30/2022

**NOTICE**

_____

TO:

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston, TX   77087

**You are hereby notified that the following has been filed with the Summit County Clerk of Courts Office:**

---

A FIRST TELEPHONE PRETRIAL HEARING IS SET FOR SEPTEMBER 26, 2022 AT 9:00 A.M.   KLM

---

August 31, 2022

Sandra Kurt, Clerk
Summit County Clerk of Courts

# IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

|  |  |  |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO. CV-2022-01-0143 |
|  | ) |  |
| Plaintiff | ) | JUDGE KELLY L. McLAUGHLIN |
| -vs- | ) |  |
|  | ) |  |
| MUNIR TRUCKING & TRANSPORT, | ) | **O R D E R** |
| INC. | ) |  |
|  | ) |  |
| Defendant | ) |  |

- - -

A first **TELEPHONE PRETRIAL HEARING** is set in the above case for:

**September 26, 2022 at 9:00 a.m.**

THE PARTIES SHALL PARTICIPATE IN THE TELEPHONE PRETRIAL HEARING BY CALLING THE COURT'S CONFERENCE BRIDGE LINE USING THE FOLLOWING PROCEDURE:

1.    Call 330-926-2552.
2.    When prompted, enter the conference number "**53328**" followed by the # key.
3.    Say your name and press the # key.
4.    You will then be placed into the conference call.

At the telephone pretrial hearing counsel must have access to their calendars to set a trial date and other case management dates. Counsel must also have authority to discuss the possibility of participating in the court's mediation program or private mediation between the parties.

SANCTIONS MAY BE IMPOSED FOR FAILURE TO COMPLY WITH THIS ORDER PURSUANT TO RULE 8 OF THE LOCAL RULES OF SUMMIT COUNTY.  FURTHER, FAILURE TO ATTEND A COURT APPEARANCE OR FAILURE TO COMPLY WITH THIS COURT ORDER OR ANY OTHER COURT ORDER SHALL RESULT IN SANCTIONS, INCLUDING BUT NOT LIMITED TO, DISMISSAL OR ADVERSE JUDGMENT.

**The Clerk of the Summit County Common Pleas Court shall serve a copy of this Order upon MUNIR TRUCKING & TRANSPORT, INC., by U.S. Mail, Certificate of Service, noting return of same.**

IT IS SO ORDERED.

_____

JUDGE KELLY L. McLAUGHLIN

CC:   ATTORNEY LORRIE E. FUCHS
      ATTORNEY BRADLEY A. WRIGHT
      ATTORNEY MORIAH CHEATHAM-WILLIAMS
      MUNIR TRUCKING & TRANSPORT, INC.

DYS

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **KEREN MCGIRR** | ) | **CASE NO. CV 2022 01 0143** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE KELLY MCLAUGHLIN** |
| | ) | |
| **VS.** | ) | **PLAINTIFF'S MOTION OPPOSING** |
| | ) | **DISMISSAL OF COMPLAINT BECAUSE** |
| **MUNIR TRUCKING AND TRANSPORT,** | ) | **GOOD CAUSE EXISTS TO EXTEND** |
| **INC., ET AL.** | ) | **TIME FOR PLAINTIFF TO OBTAIN** |
| | ) | **SERVICE OF THE COMPLAINT** |
| **DEFENDANTS** | ) | |
| | ) | |

      Counsel for Plaintiff respectfully opposes a dismissal of the Complaint because good cause exists warranting Plaintiff an extension to obtain service.

      In the within matter, three Defendants were originally joined in the suit, to-wit: Javvier Ro Yanes, Allstate Insurance Company and Munir Trucking and Transport, Inc. Service of Javvier Ro Yanes was completed on February 2, 2022, see court docket attached, as Exhibit A. Attorneys Bradley Wright and Moriah Cheatham Williams entered appearances on behalf of Javvier Ro Yanes on February 23, 2022, docket attached. Plaintiff subsequently dismissed Defendant, Allstate Insurance, who had also been property served with the Complaint on July 13, 2022.

      On March 21, 2022, Attorney Moriah Cheatham Williams contacted the undersigned by e-mail to represent that her and her law firm were willing to waive service on behalf of the Defendant, Munir Trucking and Transport, if the undersigned prepares a waiver of service. See Exhibit B attached.

      The undersigned prepared a waiver and sent the same to Attorney Cheatham Williams on March 30, 2022. Attached as Exhibit C. The undersigned followed up with an e-mail to Attorney Cheatham Williams regarding the waiver on April 14, 2022. See

Exhibit D.  Attorney Cheatham Williams responded on May 18, 2022, indicating she preferred a more detailed waiver and she provided a copy to the undersigned.  See Exhibit E.  The undersigned was informed by Attorney Cheatham Williams that the Waiver was filed on May 18, 2022 (Exhibit E).  Counsel for the Plaintiff was, as such, under the belief that the waiver had been filed up until of her receipt of the Notice of Dismissal from this Court on August 24, 2022.

When counsel for Plaintiff received the notice from the Court on August 24, 2022, Counsel reached out to Defendant's Counsel, Cheatham Williams, see Exhibit F attached.

The undersigned and Attorney Cheatham Williams have exchanged messages to talk since, but have not been able to personally discuss the issue because of their respective calendar of cases.

Clearly, Plaintiff's counsel believed service to Munir Trucking and Transport had been completed with the Waiver of Service.  No other attempts to serve Munir were made because Plaintiff's counsel believed service had been perfected on all Defendants.

This matter is set for a Zoom status on September 26, 2022, at 9 a.m.  Plaintiff requests that the Court hold off on dismissing the Complaint against Munir until the issue regarding the Waiver of Service is dealt with.  If need be, if it is determined that Munir is no longer willing to waive service then, and in that event, Counsel for Plaintiff requests a continuance to permit Counsel for Plaintiff to make other arrangements to serve Munir.  It is interesting to note that the court docket does not reflect whether service that was issued on Munir on January 18, 2022, was ever completed or not.

Plaintiff believes good cause exists to permit the undersigned time to perfect service if the waiver is not going to be signed.

Respectfully submitted,

_____
LORRIE E. FUCHS (#0034625)
ATTORNEY FOR PLAINTIFF
3974 Wales Ave., N.W.
Massillon, OH  44646
Phone:  330-830-4044
Fax:     330-830-4090
E-mail:  lefuchs@sssnet.com

## PROOF OF SERVICE

A copy of the foregoing was served upon Moriah Cheatham Williams, Counsel for Defendant, via e-mail to mcheathamwilliams@ralaw.com on the __22__ day of September, 2022.

_____
LORRIE E. FUCHS
Attorney for Plaintiff

**SANDRA KURT –Summit County Clerk of Courts**    Welcome (0034625) Logoff ()

**KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.**
**Case Type: Personal Injury**
**Case Number: CV-2022-01-0143**

Full Docket Available only to Attorney of Record in the E-filing Portal. Other Parties, please see public website.

Secondary Filing                Back To My Cases (MyCasesCaseConsole.aspx)

Parties Docket Judge/Magistrate Service

| Filing Date | By Attorney | Docket Text | Document |
|---|---|---|---|
| 8/24/2022 5:09:10 PM | MCGIRR, KEREN | SERVICE ON ALL DEFENDANTS HAS NOT BEEN PERFECTED. THE COURT WILL DISMISS THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE IF SERVICE IS NOT ACCOMPLISHED WITHIN 30 DAYS. KLM | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzv3000014E7) |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed ALLSTATE INSURANCE COMPANY | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed ALLSTATE INSURANCE COMPANY | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed ANDREW S LEDEBUR | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed BRADLEY A WRIGHT | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed JAVVIER RO YANES | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed KEREN MCGIRR | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed LORRIE E FUCHS | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed MORIAH CHEATHAM-WILLIAMS | Image Not Available |
| 7/14/2022 8:35:14 AM | MCGIRR, KEREN | Regular Mail Service - Mailed MUNIR TRUCKING & TRANSPORT, INC. | Image Not Available |
| 7/13/2022 11:28:24 AM | FUCHS, LORRIE | PLAINTIFF, KEREN MCGIRR NOTICE OF DISMISSAL TO PARTY DEFENDANT, ALLSTATE INSURANCE COMPANY WITHOUT PREJUDICE, PURSUANT TO CIV.R. 41(A). | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs900000729) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs90000065B) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs900000664) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED LEDEBUR, ANDREW S | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs900000666) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED WRIGHT, BRADLEY A | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs900000669) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED YANES, JAVVIER RO | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs90000066A) |

**PLAINTIFF'S EXHIBIT**
A

| Date/Time | Clerk | Description | Image |
|---|---|---|---|
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED MCGIRR, KEREN | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs9 0000066E) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED FUCHS, LORRIE E | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs9 00000670) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED CHEATHAM-WILLIAMS, MORIAH | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs9 00000675) |
| 7/13/2022 8:34:06 AM | MCGIRR, KEREN | NOTICE ISSUED MUNIR TRUCKING & TRANSPORT, INC. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs9 0000067B) |
| 6/27/2022 8:36:32 AM | MCGIRR, KEREN | PLAINTIFF IS GRANTED A TWENTY-ONE DAY EXTENSION TO RESPOND TO DEFENDANT'S ALLSTATE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT. KLM | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzs2 00000942) |
| 6/8/2022 3:54:40 PM | FUCHS, LORRIE | PLAINTIFF'S MOTION FOR A TWENTY-ONE DAY EXTENSION TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzr1 00000066) |
| 5/23/2022 9:01:16 AM | LEDEBUR, ANDREW | EXHIBIT B | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzq2 000000BE) |
| 5/23/2022 9:01:16 AM | LEDEBUR, ANDREW | EXHIBIT A | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzq2 000000C1) |
| 5/23/2022 9:01:16 AM | LEDEBUR, ANDREW | MOTION FOR SUMMARY JUDGMENT | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzq2 000000C6) |
| 4/1/2022 2:17:54 PM | LEDEBUR, ANDREW | ANSWER OF DEFENDANT WITH REQUEST FOR DEMAND FOR JUDGMENT AND NOTICE OF SERVICE OF INTERROGATORIES AN | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzn1 00000863) |
| 4/1/2022 2:17:54 PM | LEDEBUR, ANDREW | NOTICE OF APPEARANCE OF COUNSEL ATTORNEY ANDREW S. LEDUBUR AS COUNSEL FOR DEFENDANT, ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzn1 00000864) |
| 3/21/2022 1:22:27 PM | LEDEBUR, ANDREW | AUTOMATIC LEAVE | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzm1 00000604) |
| 3/21/2022 1:22:27 PM | LEDEBUR, ANDREW | NOTICE OF APPEARANCE OF ATTORNEY ANDREW S LEDEBUR AS COUNSEL FOR THE DEFENDANT ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzm1 00000606) |
| 2/23/2022 4:58:17 PM | CHEATHAM-WILLIAMS, MORIAH | DEFENDANT JAVVIER RO YANES' ANSWER TO PLAINTIFF'S COMPLAINT | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzk6 00000BED) |
| 2/23/2022 4:58:17 PM | CHEATHAM-WILLIAMS, MORIAH | NOTICE OF APPEARANCE OF ATTORNEY'S BRADLEY A. WRIGHT AND MORIAH K. CHEATHAM WILLIAMS AS COUNSEL FOR DEFENDANT JAVVIER RO YANES | View Image (DisplayImage2.aspx?gPDFOH=sumzzzzzk6 00000BF0) |
| 2/2/2022 6:51:03 AM | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served JAVVIER RO YANES | Image Not Available |
| 2/2/2022 6:51:03 AM | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served ALLSTATE INSURANCE COMPANY | Image Not Available |

| 2/2/2022 6:51:03 AM | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served ALLSTATE INSURANCE COMPANY | Image Not Available |
|---|---|---|---|
| 1/18/2022 3:36:37 PM | MCGIRR, KEREN | SUMMONS ISSUED BY CERTIFIED MAIL BY Certified Mail ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00001360) |
| 1/18/2022 3:36:37 PM | MCGIRR, KEREN | SUMMONS ISSUED BY CERTIFIED MAIL BY Certified Mail ALLSTATE INSURANCE COMPANY | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00001362) |
| 1/18/2022 3:36:37 PM | MCGIRR, KEREN | SUMMONS ISSUED BY CERTIFIED MAIL BY Certified Mail YANES, JAVVIER RO | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00001363) |
| 1/18/2022 3:36:37 PM | MCGIRR, KEREN | SUMMONS ISSUED BY CERTIFIED MAIL BY Certified Mail MUNIR TRUCKING & TRANSPORT, INC. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00001364) |
| 1/18/2022 1:35:02 PM | FUCHS, LORRIE | INSTRUCTIONS TO CLERK FOR SERVICE | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00000CE0) |
| 1/18/2022 1:35:02 PM | FUCHS, LORRIE | CIVIL COMPLAINT FILED | View Image (DisplayImage2.aspx? gPDFOH=sumzzzzi5 00000CE3) |

## Lorrie Fuchs

| | |
|---|---|
| **From:** | Lorrie Fuchs <lefuchs@sssnet.com> |
| **Sent:** | Thursday, March 24, 2022 2:50 PM |
| **To:** | 'Cheatham Williams, Moriah' |
| **Subject:** | RE: Keren McGirr v. Munir Trucking, et al |

Dear Moriah:  I will be forwarding the Waiver to you by next week.  Thank you for your cooperation.

*Lorrie E. Fuchs*
*Attorney at Law*
3974 Wales Avenue NW
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090

Please be advised that e-mail communication is  not and should not be considered the primary way to contact Attorney Fuchs.   Should you have any questions, please contact the office in order for Attorney Fuchs to answer your questions.

NOTICE:
This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged.  Unauthorized review, use, disclosure or distribution is strictly prohibited.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If you are not the intended recipient, please contact the sender by reply e-mail, and destroy all copies of the original message.  Unintended disclosure does not in any manner whatsoever waiver the attorney-client privilege.

**From:** Cheatham Williams, Moriah <MCheathamWilliams@ralaw.com>
**Sent:** Monday, March 21, 2022 3:00 PM
**To:** lefuchs@sssnet.com
**Subject:** Keren McGirr v. Munir Trucking, et al

Attorney Fuchs,

I left you a message regarding the service of the Summons and Complaint on Munir Trucking and Transport. We are willing to waive service if you can send us the forms to do so.

Also, I know you mentioned that you were following up with Keren regarding the status of her injuries. Are there any updates in that regard? Thank you.

Best,

Moriah Cheatham Williams
Associate
◈ ROETZEL
222 S. Main St.
Suite 400
Akron, OH 44308
Direct Phone No.:  330.849.6614



**PLAINTIFF'S EXHIBIT**
B

*Sandra Kurt, Summit County Clerk of Courts*

Cell Phone No.:  330.696.3736
Main Phone No.:  330.376.2700
Fax No.:  330.376.4577
Email:  mcheathamwilliams@ralaw.com
www.ralaw.com
Roetzel & Andress, A Legal Professional Association

*Both Moriah Cheatham-Williams and Roetzel & Andress intend that this message be used exclusively by the addressee(s).  This message may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Unauthorized disclosure or use of this information is strictly prohibited.  If you have received this communication in error, please permanently dispose of the original message and notify Moriah Cheatham-Williams immediately at 330.849.6614.  Thank you.*

*Sandra Kurt, Summit County Clerk of Courts*

## Lorrie Fuchs

| | |
|---|---|
| **From:** | Lorrie Fuchs <lefuchs@sssnet.com> |
| **Sent:** | Wednesday, March 30, 2022 2:47 PM |
| **To:** | 'mcheathamwilliams@ralaw.com' |
| **Subject:** | McGirr vs. Munir |
| **Attachments:** | Waiver.pdf |

Moriah:   Attached is the Waiver that I have drafted in the above matter.

*Lorrie E. Fuchs*
*Attorney at Law*
3974 Wales Avenue NW
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090

Please be advised that e-mail communication is  not and should not be considered the primary way to contact Attorney Fuchs.   Should you have any questions, please contact the office in order for Attorney Fuchs to answer your questions.

NOTICE:
This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged.  Unauthorized review, use, disclosure or distribution is strictly prohibited.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If you are not the intended recipient, please contact the sender by reply e-mail, and destroy all copies of the original message.  Unintended disclosure does not in any manner whatsoever waiver the attorney-client privilege.



PLAINTIFF'S
EXHIBIT
C

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **KEREN MCGIRR** | ) | **CASE NO. CV 2022 01 0143** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE KELLY MCLAUGHLIN** |
| | ) | |
| **VS.** | ) | **WAIVER OF SERVICE AND GENERAL** |
| | ) | **APPEARANCE** |
| **MUNIR TRUCKING AND TRANSPORT,** | ) | |
| **INC., ET AL.** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

The undersigned, Munir Trucking and Transport, Inc., ("Munir")  by and through counsel, does hereby waive service of summons in writing and "Munir" voluntarily enters its general appearance herein and does hereby submit itself to the full jurisdiction of the Court.

DATED AT:

March _____, 2022.

MORIAH CHEATHAM WILLIAMS
Counsel for Munir Trucking
222 S. Main St.
Suite 400
Akron, Ohio  44308

MUNIR TRUCKING AND TRANSPORT,
INC.
By:_____
Statutory Agent

## Lorrie Fuchs

| | |
|---|---|
| **From:** | Lorrie Fuchs <lefuchs@sssnet.com> |
| **Sent:** | Thursday, April 14, 2022 3:05 PM |
| **To:** | 'mcheathamwilliams@ralaw.com' |
| **Subject:** | McGirr vs. Munir |

Moriah:   I sent you the Waiver on March 30, just following up that you received the same and the status of the signing.

Thank you,

*Lorrie E. Fuchs*
*Attorney at Law*
3974 Wales Avenue NW
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090

Please be advised that e-mail communication is  not and should not be considered the primary way to contact Attorney Fuchs.   Should you have any questions, please contact the office in order for Attorney Fuchs to answer your questions.

NOTICE:
This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged.  Unauthorized review, use, disclosure or distribution is strictly prohibited.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If you are not the intended recipient, please contact the sender by reply e-mail, and destroy all copies of the original message.  Unintended disclosure does not in any manner whatsoever waiver the attorney-client privilege.



**PLAINTIFF'S EXHIBIT**
D

## Lorrie Fuchs

| | |
|---|---|
| **From:** | Cheatham Williams, Moriah <MCheathamWilliams@ralaw.com> |
| **Sent:** | Wednesday, May 18, 2022 10:36 AM |
| **To:** | lefuchs@sssnet.com |
| **Subject:** | RE: McGirr vs. Munir |
| **Attachments:** | Waiver of Service (Munir)(18327974_1).DOCX |

Hi Lorrie,

I know you're going to give me a call, but I figured I would shoot you a message quickly too. I looked at the original waiver you sent me and it was not a correct waiver of service under the civil rules. I did update the waiver to meet the requirements, and I just wanted to let you take a look at it before filing (I know I said we filed, but I thought better of having you look at it first). You can give me a call to discuss. I'll be available most of today via my cell.

Also, I wanted to touch base on Keren and her current status.

Thanks.

Best,

Moriah Cheatham Williams
Associate
⬤ ROETZEL
222 S. Main St.
Suite 400
Akron, OH 44308
Direct Phone No.: 330.849.6614          *call her cell*
Cell Phone No.: 330.696.3736
Main Phone No.: 330.376.2700
Fax No.: 330.376.4577
Email: mcheathamwilliams@ralaw.com
www.ralaw.com
Roetzel & Andress, A Legal Professional Association

*Both Moriah Cheatham-Williams and Roetzel & Andress intend that this message be used exclusively by the addressee(s). This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. Unauthorized disclosure or use of this information is strictly prohibited. If you have received this communication in error, please permanently dispose of the original message and notify Moriah Cheatham-Williams immediately at 330.849.6614. Thank you.*

---

**From:** Cheatham Williams, Moriah
**Sent:** Wednesday, May 18, 2022 9:51 AM
**To:** 'lefuchs@sssnet.com' <lefuchs@sssnet.com>
**Subject:** RE: McGirr vs. Munir

Lorrie,

I went ahead and filed the waiver today. I used a different form than the one that you sent me. Thanks.

Best,



**PLAINTIFF'S EXHIBIT**
E

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,                                    CASE NO.   CV 2022 01 0143

                                 Plaintiff,     JUDGE KELLY MCLAUGHLIN

vs.                                             **WAIVER OF THE SERVICE OF**
                                                **SUMMONS**
MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                                 Defendants.

To:    Lorrie E. Fuchs, Esq.

I have received your request to waive service of a Summons in this action along with a

copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed

copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a Summons and Complaint

in this case.

I understand that I, or the entity that I represent, will keep all defenses or objections to the

lawsuit, the Court's jurisdiction, and the venue of this action, but that I waive any objections to the

absence of a summons or of service.

I also understand that I, or the entity that I represent, must file and serve an answer or a

motion under Rule 12 within 60 days from May 18, 2022, the date when this request was sent (or

90 days if it was sent outside the United States). If I failed to do so, a default judgment could

be entered against me or the entity that I represent.

**DATE:** 5/18/2022

      /s/ Moriah Cheatham Williams, Esq.

**Signature of the attorney**

      Moriah Cheatham Williams, Esq.

**Printed name**

Roetzel and Andress, 222 S. Main Street, Akron, OH 44308

**Address**

      MCheathamWilliams@ralaw.com

**Email address**

    330.696.3736

**Telephone number**

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good Cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff, and file a copy with the court. By signing

and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

3

## Lorrie Fuchs

| | |
|---|---|
| **From:** | Lorrie Fuchs <lefuchs@sssnet.com> |
| **Sent:** | Thursday, September 8, 2022 12:38 PM |
| **To:** | 'mcheathamwilliams@ralaw.com' |
| **Subject:** | McGirr vs. McGirr |
| **Attachments:** | Waiver of Service of Summons.pdf |

Moriah:  Attached is the Waiver of Service of Summons that you indicated to me was filed on May 18, 2022.  The Waiver has not been filed and will need to be filed prior to the expiration date of the court's order filed on August 24 wherein service needs to be accomplished within 30 days.

Please advise.

Thank you,

*Lorrie E. Fuchs*
*Attorney at Law*
3974 Wales Avenue NW
Massillon, Ohio 44646
Phone: (330) 830-4044
Fax: (330) 830-4090

Please be advised that e-mail communication is  not and should not be considered the primary way to contact Attorney Fuchs.   Should you have any questions, please contact the office in order for Attorney Fuchs to answer your questions.

NOTICE:
This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged.  Unauthorized review, use, disclosure or distribution is strictly prohibited.  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If you are not the intended recipient, please contact the sender by reply e-mail, and destroy all copies of the original message.  Unintended disclosure does not in any manner whatsoever waiver the attorney-client privilege.



1

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,                                    CASE NO.   CV 2022 01 0143

                          Plaintiff,            JUDGE KELLY MCLAUGHLIN

vs.                                             **WAIVER OF THE SERVICE OF**
                                                **SUMMONS**
MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                          Defendants.

To:    Lorrie E. Fuchs, Esq.

I have received your request to waive service of a Summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a Summons and Complaint in this case.

I understand that I, or the entity that I represent, will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of this action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity that I represent, must file and serve an answer or a motion under Rule 12 within 60 days from May 18, 2022, the date when this request was sent (or 90 days if it was sent outside the United States). If I failed to do so, a default judgment could be entered against me or the entity that I represent.

DATE: 5/18/2022

_/s/ Moriah Cheatham Williams, Esq._

**Signature of the attorney**

Moriah Cheatham Williams, Esq.

**Printed name**

Roetzel and Andress, 222 S. Main Street, Akron, OH 44308

**Address**

MCheathamWilliams@ralaw.com

**Email address**

330.696.3736

**Telephone number**

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good Cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff, and file a copy with the court. By signing

2

and returning the waiver form, you are allowed more time to respond than if a summons had been served.

[Effective: July 1, 2020]

3

# IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **KEREN MCGIRR** | ) | **CASE NO. CV 2022 01 0143** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE KELLY MCLAUGHLIN** |
| | ) | |
| **VS.** | ) | **NOTICE OF SERVICE ON** |
| | ) | **DEFENDANT, MUNIR** |
| **MUNIR TRUCKING AND TRANSPORT,** | ) | **TRUCKING AND TRANSORT, INC.** |
| **INC., ET AL.** | ) | |
| | ) | |
| **DEFENDANTS** | ) | |
| | ) | |

Now comes counsel for the Plaintiff, and hereby notifies the Court that a Waiver of Service for Munir Trucking and Transport, Inc., has been filed this date. Attorney Moriah Cheatham Willis, will be representing Munir Trucking.

Plaintiff believes service has been perfected, so that the Motion filed today for an extension is no longer necessary for ruling.

Respectfully submitted,

LORRIE E. FUCHS (#0034625)
ATTORNEY FOR PLAINTIFF
3974 Wales Ave., N.W.
Massillon, OH 44646
Phone: 330-830-4044
Fax:    330-830-4090
E-mail: lefuchs@sssnet.com

## PROOF OF SERVICE

A copy of the foregoing was served upon Moriah Cheatham Williams, Counsel for Defendant, via e-mail to mcheathamwilliams@ralaw.com on the 22nd day of September, 2022.

LORRIE E. FUCHS
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,

                                Plaintiff,

vs.

MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                                Defendants.

CASE NO.    CV 2022 01 0143

JUDGE KELLY MCLAUGHLIN

**WAIVER OF THE SERVICE OF
SUMMONS**

To:    Lorrie E. Fuchs, Esq.

I have received your request to waive service of a Summons in this action along with a copy of the Complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a Summons and Complaint in this case.

I understand that I, or the entity that I represent, will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of this action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity that I represent, must file and serve an answer or a motion under Rule 12 within 60 days from September 22, 2022, the date when this request was sent (or 90 days if it was sent outside the United States). If I failed to do so, a default judgment could

be entered against me or the entity that I represent.

**DATE:** 9/22/2022

_____ /s/ Moriah Cheatham Williams, Esq.

**Signature of the attorney**

_____ Moriah Cheatham Williams, Esq.

**Printed name**

Roetzel and Andress, 222 S. Main Street, Akron, OH 44308

**Address**

_____ MCheathamWilliams@ralaw.com

**Email address**

_____ 330.696.3736

**Telephone number**

### DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4.7 of the Ohio Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is subject to the court's personal jurisdiction and who fails to return a signed waiver of service requested by a plaintiff may be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good Cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve

2

an answer or a motion under Rule 12 on the plaintiff, and file a copy with the court. By signing

and returning the waiver form, you are allowed more time to respond than if a summons had

been served.

        [Effective: July 1, 2020]

3

**IN THE COURT OF COMMON PLEAS**
**SUMMIT COUNTY, OHIO**

_____

**CASE NUMBER:**    CV-2022-01-0143

_____

KEREN MCGIRR vs MUNIR TRUCKING & TRANSPORT, INC.

JUDGE:  KELLY MCLAUGHLIN                              ORDER FILED:    09/26/2022

**NOTICE**
_____

TO:

MUNIR TRUCKING & TRANSPORT, INC.
c/o Munir A. Atala
7120 Village Way #812
Houston, TX   77087

**You are hereby notified that the following has been filed with the Summit County Clerk of Courts Office:**

_____

MEDIATION NOTICE.   CONFERENCE DATE SCHEDULED FOR MARCH 28, 2023 AT 10:30 A.M.

_____

September 26, 2022

Sandra Kurt, Clerk
Summit County Clerk of Courts

## IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO. CV-2022-01-0143 |
| | ) | |
| Plaintiff | ) | JUDGE KELLY L. McLAUGHLIN |
| -vs- | ) | |
| | ) | MEDIATOR:  MEDIATION DEPARTMENT |
| MUNIR TRUCKING & TRANSPORT, INC. | ) | |
| | ) | **MEDIATION NOTICE** |
| Defendant | ) | |
| | - - - | |

A mediation conference on the above-captioned case has been scheduled for **March 28, 2023 at 10:30 a.m.**

Unless an in-person mediation at the Courthouse is requested and approved by the Administrative Judge, all mediation conferences shall be conducted by video conference through the Zoom conferencing system.  At least three (3) days prior to the scheduled mediation conference, the Court's Mediation Department shall e-mail the Zoom sign-on/log-in information to all parties. **All parties, and those with settlement authority, shall appear via video for the scheduled mediation conference.**  If a party does not have computer access or the ability to appear via video through the Zoom conferencing system, they shall call the Mediation Department at 330-643-8004 at least three (3) days prior to the scheduled mediation conference.  The Mediation Department has a private room available for anyone who requires computer access to attend a mediation conference.

This conference is before the Court Mediator.  **It is mandatory to complete the following Mediation Case Summary form and return it to the Mediation Department <u>at least four (4) business days prior to the scheduled conference</u>.**

**For any questions or additional information, please contact
the Mediation Secretary (330) 643-8004
SUMMIT COUNTY COURT OF COMMON PLEAS
209 SOUTH HIGH STREET
AKRON, OH  44308
E-MAIL:  MEDIATION@CPCOURT.SUMMITOH.NET
FAX:  330-643-2417**

<u>**The Clerk of the Summit County Common Pleas Court shall serve a copy of this Order upon any Pro Se party by U.S. Mail, Certificate of Service, noting return of same.**</u>

CV-2022-01-0143    MCLAUGHLIN, KELLY    09/26/2022 09:30:55 AM    MEDN    Page 2 of 3

CC:  ATTORNEY LORRIE E. FUCHS
       ATTORNEY BRADLEY A. WRIGHT
       ATTORNEY MORIAH CHEATHAM-WILLIAMS
       ATTORNEY ANDREW S. LEDEBUR
       JUDGE KELLY L. McLAUGHLIN

**NOTE:**

    1.  **IF ANY OTHER PARTIES REQUIRE NOTIFICATION, OR ADDITIONAL PARTIES ARE JOINED AFTER RECEIPT OF THIS NOTICE, THE ATTORNEYS MUST ADVISE THE MEDIATION DEPT. AT (330) 643-8004.**

# MEDIATION CASE SUMMARY

CASE NO.:    CV-2022-01-0143
CAPTION:    KEREN MCGIRR vs. MUNIR TRUCKING & TRANSPORT, INC.
JUDGE:    KELLY L. McLAUGHLIN
DATE OF MEDIATION:  **March 28, 2023 at 10:30 a.m.**

SUMMARY OF MATERIAL FACTS:


SUMMARY OF LEGAL ISSUES:


STATUS OF DISCOVERY:


LIST SPECIAL DAMAGES AND SUMMARIZE INJURIES OR DAMAGES:


SETTLEMENT ATTEMPTS TO DATE (INCLUDING DEMAND AND OFFERS):


_____
NAME OF ATTORNEY


_____
ADDRESS, PHONE, FAX


ATTORNEY FOR _____


Expand form or include attachments as needed.  **(BRIEF SUMMARIES ONLY – DO NOT SEND VOLUMINOUS RECORDS.)**  Mail, deliver, fax (330-643-2417) or email (mediation@cpcourt.summitoh.net) to Mediator's Office, Summit County Common Pleas Court, 209 S. High Street, Akron, Ohio 44308 at least four (4) business days prior to the date of the mediation.

## IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO. CV-2022-01-0143 |
| | ) | |
| Plaintiff | ) | JUDGE KELLY L. McLAUGHLIN |
| -vs- | ) | |
| | ) | |
| MUNIR TRUCKING & TRANSPORT, INC. | ) | **O R D E R** |
| | ) | |
| | ) | |
| Defendant | ) | |

- - -

It is hereby ORDERED that the within case is referred to the Court Mediator.  The Mediation Administrator will coordinate scheduling of the mediation conference with counsel.

All counsel and parties are ordered to cooperate with the Mediation program.  Failure to do so may result in sanctions (See Summit County Local Rule 22).  Trial counsel is the attorney who will proceed at trial in this matter.

Trial counsel and parties shall be present during all mediation conferences unless excused by the Court Mediator for good cause.  Insurance representatives or other persons needed to resolve the case shall be present as well.  **Failure of either trial counsel and/or the party, including insurance representatives, to attend the mediation may result in sanctions being imposed, including adverse judgment for failure to prosecute or defend**.

Unless an in-person mediation at the Courthouse is requested and approved by the Administrative Judge, all mediation conferences shall be conducted by video conference through the RingCentral conferencing system.  At least three (3) days prior to the scheduled mediation conference, the Court's Mediation Department shall e-mail the RingCentral sign-on/log-in information to all parties.  **All parties, and those with settlement authority, shall appear via video for the scheduled mediation conference.**  If a party does not have computer access or the ability to appear via video through the RingCentral conferencing system, they shall call the Mediation Department at 330-643-8004 at least three (3) days prior to the scheduled mediation conference.  The Mediation Department has a private room available for anyone who requires computer access to attend a mediation conference.

All written or verbal communications of any kind made during the mediation process shall be regarded as confidential pursuant to Summit

County Local Rule 22 and shall not be admissible or used for any purpose, including impeachment, at any trial or hearing of this cause.

     IT IS SO ORDERED.

_____

     JUDGE KELLY L. McLAUGHLIN

CC:  ATTORNEY LORRIE E. FUCHS
      ATTORNEY BRADLEY A. WRIGHT
      ATTORNEY MORIAH CHEATHAM-WILLIAMS

PEZ

# IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| KEREN MCGIRR | ) | CASE NO. CV-2022-01-0143 |
| | ) | |
| Plaintiff | ) | JUDGE KELLY L. McLAUGHLIN |
| -vs- | ) | |
| | ) | |
| MUNIR TRUCKING & TRANSPORT, | ) | **O R D E R** |
| INC. | ) | |
| | ) | |
| Defendant | ) | |

- - -

This matter came before the court for a pretrial conference on September 26, 2022. By agreement of counsel, the court set the following Case Management Order:

**TRIAL DATE**:  **July 28, 2023 at 10:00 a.m.**

**FINAL PRETRIAL DATE:  June 29, 2023 at 8:45 a.m.** All clients with full settlement authority must be present at the final pretrial with trial counsel of record.  If an insurance company is involved, a representative with full settlement authority shall attend.

**MEDIATION** is scheduled for **March 28, 2022 at 10:30 a.m.**

**DISCOVERY** shall be completed by **February 17, 2023**.  Prior to bringing any discovery dispute to the court's attention, counsel shall make a concerted effort to resolve the matter by agreement.  If agreement cannot be reached without the court's involvement, counsel shall contact the court at (330) 643-2248 to arrange a status conference.  THE PARTIES SHALL COOPERATE AND COMMUNICATE IN THE REQUESTS AND PRODUCTION OF DISCOVERY.  SHOULD THERE BE DISCOVERY DISPUTES, THE PARTIES SHALL CONTACT THE COURT PRIOR TO FILING ANY MOTIONS TO COMPEL.  IN THE EVENT THAT ANY PARTY FILES A MOTION TO COMPEL DISCOVERY WITHOUT FIRST CONTACTING THE COURT, THE MOTION WILL BE STRICKEN, SUA SPONTE.

**EXPERTS**:  The party with the burden of proof as to the issue the expert addresses shall disclose a list of expert witnesses each intends to call at trial and provide reports on or before **March 17, 2023**.  Rebuttal disclosure and reports are due **April 28, 2023**.

**MOTIONS** that the parties wish to file, which are substantive or dispositive, must have written leave of court. The parties are to contact the court at (330) 643-2248 before filing any motion not explicitly authorized by the Civil Rules, Local Rules, or an order of this court.

**EVIDENCE AND/OR EXHIBITS** that the parties intend to offer at trial shall be marked for identification purposes ten (10) days prior to trial. A separate photocopy of reproducible exhibits shall be given to the court at the commencement of trial. This list is separate and apart from any list furnished earlier under Rules of Discovery. Failure to list an item will bar its use at trial.

**WITNESS LISTS** for trial shall be provided to opposing counsel by the final pretrial. Such list is separate and apart from any list furnished earlier under Rules of Discovery. Any witness not on the list shall not be permitted to testify at trial. However, the parties may call rebuttal witnesses whose testimony could not have been reasonably anticipated.

**Agreed Jury Instructions and Interrogatories** are to be provided to the court in Word format by email pzindle@cpcourt.summitoh.net ten (10) days prior to trial.

**Motions in Limine, Transcripts of Deposition Testimony** to be presented at trial (with objections marked), Stipulations and Trial Briefs shall be filed ten (10) days prior to trial. Courtesy copies shall be provided to the court.

The parties and their counsel are ordered to cooperate in any discovery yet to be completed or allowed.

Counsel and/or parties shall fully comply with this order, irrespective of the status of any settlement negotiations or any other considerations.

**FAILURE TO ATTEND A COURT APPEARANCE OR FAILURE TO COMPLY WITH THIS COURT ORDER OR ANY OTHER COURT ORDER SHALL RESULT IN SANCTIONS, INCLUDING BUT NOT LIMITED TO, DISMISSAL OR ADVERSE JUDGMENT.**

IT IS SO ORDERED.

_____

JUDGE KELLY L. McLAUGHLIN

CC:  ATTORNEY LORRIE E. FUCHS
      ATTORNEY BRADLEY A. WRIGHT
      ATTORNEY MORIAH CHEATHAM-WILLIAMS

PEZ

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEREN MCGIRR, | CASE NO.   CV 2022 01 0143 |
| Plaintiff, | JUDGE KELLY MCLAUGHLIN |
| vs. | **NOTICE OF FILING NOTICE OF REMOVAL** |
| MUNIR TRUCKING AND TRANSPORT, INC., et al., | |
| Defendants. | |

Please take notice that Defendants, Munir Trucking and Transport has removed the above-captioned action to the United States District Court for the Northern District of Ohio.  A copy of the Notice of Removal filed with the United States District Court on or about October 20, 2022, is attached hereto for filing with this Court.  Please take further notice that pursuant to 28 U.S.C. §1446(d), the filing of the Notice of Removal affects the removal of this action, and this Court shall proceed no further unless and until this action is remanded.

Respectfully submitted,

 /s/ Nicholas A. Adair
Bradley A. Wright (47090)
bwright@ralaw.com
Jessica L. Sanderson (90181)
jsloan@ralaw.com
Nicholas A. Adair (96807)
nadair@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEYS FOR DEFENDANTS
MUNIR TRUCKING AND TRANSPORT,
INC. AND JAVVIER RO YANES

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 20th day of October 2022.  Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

> Lorrie E. Fuchs, Esq.
> 3974 Wales Avenue, NW
> Massillon, OH  44646
> ATTORNEY FOR PLAINTIFF
> KEREN MCGIRR

_/s/ Nicholas A. Adair_
Bradley A. Wright
Jessica L. Sanderson
Nicholas A. Adair

17855377 _1  124058.0025

2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| KEREN MCGIRR, | CASE NO.   CV 2022 01 0143 |
| Plaintiff, | JUDGE KELLY MCLAUGHLIN |
| vs. | **NOTICE OF SUBSTITUTION OF COUNSEL** |
| MUNIR TRUCKING AND TRANSPORT, INC., et al., | |
| Defendants. | |

Please take notice that Jessica L. Sanderson, Esq. and Nicholas A. Adair, Esq., both of Roetzel & Andress, LPA, hereby substitute as counsel on behalf of Defendants, Munir Trucking and Transport, Inc. and Javvier Ro Yanes, in place of Moriah K. Cheatham Williams, Esq. of Roetzel & Andress, LPA. Defendants will be represented by Bradley A. Wright, Esq., Jessica Sanderson, Esq. and Nicholas A. Adair, Esq. of Roetzel & Andress, LPA.

Respectfully submitted,

/s/ Nicholas A. Adair
Bradley A. Wright (47090)
bwright@ralaw.com
Jessica L. Sanderson (90181)
jsloan@ralaw.com
Nicholas A. Adair (96807)
nadair@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577
ATTORNEYS FOR DEFENDANTS
MUNIR TRUCKING AND TRANSPORT,
INC. AND JAVVIER RO YANES

## PROOF OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 20th day of October 2022.  Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

Lorrie E. Fuchs, Esq.
3974 Wales Avenue, NW
Massillon, OH  44646
ATTORNEY FOR PLAINTIFF
KEREN MCGIRR

*/s/ Nicholas A. Adair*
Bradley A. Wright
Jessica L. Sanderson
Nicholas A. Adair

2

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

KEREN MCGIRR,

                        Plaintiff,

vs.

MUNIR TRUCKING AND TRANSPORT,
INC., et al.,

                        Defendants.

CASE NO.   CV 2022 01 0143

JUDGE KELLY MCLAUGHLIN

**NOTICE OF APPEARANCE OF COUNSEL**

       The Court and parties hereto will take notice that Bradley A. Wright, Esq., Jessica L. Sanderson, Esq., and Nicholas A. Adair, Esq. of Roetzel & Andress, LPA, hereby enter their appearance as counsel of record for Defendants, Munir Trucking And Transport, Inc. and Javvier Ro Yanes, in the above-mentioned matter.

       It is respectfully requested that service of all further pleadings, notices, filings, papers, etc. be made upon the undersigned as counsel of record for said Defendants.

                                 Respectfully submitted,

                                   */s/ Nicholas A. Adair*
                                   Bradley A. Wright (47090)
                                   bwright@ralaw.com
                                   Jessica L. Sanderson (90181)
                                   jsloan@ralaw.com
                                   Nicholas A. Adair (96807)
                                   nadair@ralaw.com
                                   Roetzel & Andress, LPA
                                   222 South Main Street
                                   Akron, OH  44308
                                   Telephone:  330.376.2700
                                   Facsimile:  330.376.4577
                                   ATTORNEYS FOR DEFENDANTS
                                   MUNIR TRUCKING AND TRANSPORT,
                                   INC. AND JAVVIER RO YANES

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 20th day of October 2022.  Notice of this filing will be sent to all parties registered to receive service through the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

Lorrie E. Fuchs, Esq.
3974 Wales Avenue, NW
Massillon, OH  44646
ATTORNEY FOR PLAINTIFF
KEREN MCGIRR

/s/ Nicholas A. Adair
Bradley A. Wright
Jessica L. Sanderson
Nicholas A. Adair

18985955 _1  124058.0025

2